FILED

2020 Aug-17  PM 05:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

KEITH EDMUND GAVIN,      )
)
   Petitioner,       )
)
v.                )   Case No.  4:16-cv-00273-KOB
)
JEFFERSON S. DUNN,     )
Commissioner of the Alabama   )
Department of Corrections,    )
)
   Respondent.      )

# VOLUME 19

# State Court – Collateral Appeal Transcript

LUTHER STRANGE
ALABAMA ATTORNEY GENERAL

AND

BETH JACKSON HUGHES
ALABAMA ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Alabama Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL  36130
(334) 242-7392

VOl. 1 of 22

| COURT OF CRIMINAL APPEALS NO. | CR-10-1313 |

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

**FROM**

CIRCUIT COURT OF _____ CHEROKEE _____ COUNTY, ALABAMA

CIRCUIT COURT NO   CC-98-61.60 & CC-98-62.60

CIRCUIT JUDGE _____ David A. Rains _____

Type of Conviction/ Order Appealed From:     Rule 32

Sentence Imposed:

Defendant Indigent:     ☑ YES     ☐ NO

## KEITH EDMUND GAVIN

**NAME OF APPELLANT**

Stephen C. Jackson             205-254-1037
(Appellant's Attorney)                (Telephone No.)

1901 Sixth Avenue North, Suite 2400
(Address)

Birmingham     Alabama     35203
(City)              (State)              (Zip Code)

**V.**

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df

(For Court of Criminal Appeals Use Only)

```
ACRO370            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000061.60
OPER: BEL                   CASE ACTION SUMMARY
PAGE:    1                   CIRCUIT   CRIMINAL              RUN DATE: 08/30/2011
================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                     JUDGE: DAR

STATE  OF  ALABAMA              VS        GAVIN KEITH EDMUND #Z-665
                                          HOLMAN PRISON
CASE: CC 1998 000061.60                   3700 HOLMAN UNIT 3U5
                                          ATMORE, AL  36503 0000

DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
================================================================================
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER: 0130000

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED:                     DATE     FILED: 05/26/2005
DATE    RELEASED:                     DATE   HEARING:
        BOND AMOUNT:        $.00         SURETIES:

DATE 1: 02/08/2010   DESC: HEAR         TIME: 0900 A
DATE 2:              DESC:              TIME: 0000

TRACKING NOS:                     /                      /

DF/ATY: JACKSON STEPHEN CLARK      TYPE: A                      TYPE:
        1901 6TH AVE N STE 2400
        BIRMINGHAM      AL 35203                  00000

PROSECUTOR: CASEY PAMELA LYNN


================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:                 GRAND JURY: 200002
COURT REPORTER:                SID NO:     000000000
DEF STATUS: PRISON            DEMAND:                         OPER: BEL
================================================================================
 TRANS DATE  |   ACTIONS, JUDGEMENTS, AND NOTES                        | OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 05/26/2005 | ASSIGNED TO: (DAR)                          (AR01) | BEL |
| 05/26/2005 | INITIAL STATUS SET TO: "P" - PRISON         (AR01) | BEL |
| 05/26/2005 | ATTORNEY FOR DEFENDANT: JACKSON STEPHEN CLAR(AR01) | BEL |
| 05/26/2005 | FILED ON: 05/26/2005                        (AR01) | BEL |
| 05/26/2005 |           9800018900                         (AR01) | BEL |
| 05/26/2005 | CHARGE 01: RULE 32-FELONY/#CNTS: 001        (AR01) | BEL |
| 05/26/2005 | MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER | BEL |
| 05/26/2005 | GRANTING MOTION | BEL |
| 05/26/2005 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN | BEL |
| 05/26/2005 | FORMA PAUPERIS | BEL |
| 05/26/2005 | PETITION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE | BEL |
| 05/26/2005 | 32 OF ALABAMA RULES OF CRIMINAL PROCEDURE | BEL |
| 06/01/2005 | CASE ACTION SUMMARY PRINTED                  (AR08) | BEL |
| 06/15/2005 | STATE'S MOTION FOR MORE DEFINITE STATEMENT FILED | BEL |
| 06/15/2005 | WITH JUDGE RAINS. | BEL |
| 06/20/2005 | ORDER -- A COPY OF DEFENDANT'S RULE 32 PETITION IS | BEL |
| 06/20/2005 | RETURNED TO DEF'S ATTORNEY FOR COMPLIANCE WITH | BEL |

```
ACRO370                 ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000061.60
OPER: BEL                     CASE ACTION SUMMARY
PAGE:    2                    CIRCUIT   CRIMINAL              RUN DATE: 08/30/2011
=================================================================================
IN THE CIRCUIT COURT OF CHEROKEE
                                                                      JUDGE: DAR
STATE  OF  ALABAMA                  VS        GAVIN KEITH EDMUND #Z-665
                                              HOLMAN PRISON
CASE: CC 1998 000061.60                       3700 HOLMAN UNIT 3U5
                                              ATMORE, AL  36503 0000

DOB: 03/30/1960         SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
=================================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                              OPE
=================================================================================
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 06/20/2005 | SAID RULE 32.6.  SHOULD THE DEF'S ATTORNEY FAIL TO | BEL |
| 06/20/2005 | REFILE DEF'S PETITION WITHIN 30 DAYS, THE PRESENT | BEL |
| 06/20/2005 | PETITION SHALL BE DISMISSED WITHOUT PREJUDICE. | BEL |
| 07/19/2005 | PETITION FOR RELIEF FROM CONVICTION/SENTENCE | BEL |
| 07/19/2005 | PURSUANT TO RULE 32, ALABAMA RULES OF CRIMINAL | BEL |
| 07/19/2005 | PROCEDURE REFILED.  COPY TO D.A. | BEL |
| 08/16/2005 | STATE'S MOTION FOR ADDITIONAL TIME | BEL |
| 08/17/2005 | NOTICE OF APPEARANCE BY JASPER B ROBERTS, ASST | BEL |
| 08/17/2005 | ATTORNEY GENERAL | BEL |
| 08/17/2005 | STATE OF ALABAMA'S MOTION FOR ENLARGEMENT OF TIME | BEL |
| 09/02/2005 | ORDER OF 8-30-05 GRANTING STATE'S MOTION FOR | BEL |
| 09/02/2005 | ENLARGEMENT OF TIME | BEL |
| 09/30/2005 | STATE'S ANSWER AND MOTION TO DISMISS GAVIN'S RULE | BEL |
| 09/30/2005 | 32 PETITION | BEL |
| 10/26/2005 | PETITIONER'S RESPONSE TO STATE'S MOTION TO DISMISS | BEL |
| 10/26/2005 | MOTION FOR DISCOVERY OF INSTITUTIONAL FILES, | BEL |
| 10/26/2005 | PROSECUTION FILES, RECORDS AND INFORMATION | BEL |
| 10/26/2005 | NECESSARY TO FAIR RULE 32 EVIDENTIARY HEARING | BEL |
| 10/26/2005 | ORDER SETTING HEARING 12-20-05 | BEL |
| 10/26/2005 | SET FOR: PET RELIEF FROM CO ON 12/20/2005 AT 0900A | RIF |
| 10/26/2005 | ORDER TO TRANSPORT. | RIF |
| 11/01/2005 | ORDER OF 11-1-05 SETTING HEARING ON MOTIONS | BEL |
| 11/03/2005 | STATE'S RESPONSE TO GAVIN'S MOTION FOR DISCOVERY | BEL |
| 12/05/2005 | ORDER TO TRANSPORT DEFENDANT | BEL |
| 12/12/2005 | STATE'S ADDITION TO ITS RESPONSE TO GAVIN'S MOTION | BEL |
| 12/12/2005 | FOR DISCOVERY | BEL |
| 12/15/2005 | LETTER AND STATEMENT/PRO HAC VICE APPLICATION FOR | BEL |
| 12/15/2005 | MELANIE WALKER | BEL |
| 12/15/2005 | MOTION TO ADMIT MELANIE WALKER PRO HAC VICE | BEL |
| 12/15/2005 | LETTER TO JUDGE FROM DEFENDANT'S ATTORNEY STATING | BEL |
| 12/15/2005 | DEFENDANT'S PRESENCE NOT REQUIRED AT HEARING | BEL |

```
ACRO370                  ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000061.60
OPER: BEL                       CASE ACTION SUMMARY
PAGE:    3                       CIRCUIT  CRIMINAL                  RUN DATE: 08/30/2011
=====================================================================================
IN THE CIRCUIT COURT OF CHEROKEE
                                                                          JUDGE: DAR
STATE  OF  ALABAMA                 VS        GAVIN KEITH EDMUND #Z-665
                                             HOLMAN PRISON
CASE: CC 1998 000061.60                      3700 HOLMAN UNIT 3U5
                                             ATMORE, AL  36503 0000
DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191   ALIAS NAMES:
```

| Date | Description | Oper |
|------|-------------|------|
| 12/16/2005 | ORDER OF 12-16-05 VACATING ORDER TO TRANSPORT | BEL |
| 12/20/2005 | MOTION TO ADMIT LEIGH FRAISER PRO HAC VICE | BEL |
| 12/20/2005 | VERIFIED APPLICATION FOR ADMISSION TO PRACTICE | BEL |
| 12/20/2005 | UNDER RULE VII FOR LEIGH FRAISER | BEL |
| 02/13/2006 | ORDER GRANTING APPLICATION FOR PRO HAC VICE ON | BEL |
| 02/13/2006 | MELANIE WALKER | BEL |
| 06/20/2006 | ORDER DATED JUNE 19, 2006 | TRC |
| 06/20/2006 | DISPOSITION JUDGE ID CHANGED FROM:     TO: DAR | BEL |
| 06/20/2006 | CHARGE 01: RULE 32-FELONY/#CNTS: 001       (AR10) | BEL |
| 06/20/2006 | CHARGE 01 DISPOSED BY: PET DENIED ON: 06/19/2006 | BEL |
| 08/10/2006 | LETTER OF 8-10-06 TO JUDGE FROM ASST ATTY GENERAL | BEL |
| 08/18/2006 | AMENDED PETITION FOR RELIEF FROM JUDGMENT | DWA |
| 08/18/2006 | PURSUANT TO RULE 32 OF ALABAMA RULES OF CRIMINAL | BEL |
| 08/18/2006 | PROCEDURE | BEL |
| 08/25/2006 | CHARGE 01: RULE 32-FELONY/#CNTS: 001       (AR10) | BEL |
| 09/14/2006 | STATE'S ANSWER AND MOTION TO PARTIALLY DISMISS | BEL |
| 09/14/2006 | GAVIN'S AMENDED RULE 32 PETITION | BEL |
| 11/06/2006 | PETITIONER KEITH GAVIN'S OPPOSITION TO STATE'S | BEL |
| 11/06/2006 | MOTION TO PARTIALLY DISMISS HIS AMENDED RULE 32 | BEL |
| 11/06/2006 | PETITION | BEL |
| 01/04/2007 | ORDER OF 1-4-07 | BEL |
| 01/30/2007 | PETITIONER KEITH GAVIN'S MOTION FOR CLARIFICATION | BEL |
| 01/30/2007 | OF THE COURT'S JANUARY 4, 2007 ORDER | BEL |
| 02/06/2007 | ORDER OF 2-5-07 | BEL |
| 02/07/2007 | STATE'S RESPONSE TO THE COURT'S 1-4-07 ORDER | DWA |
| 04/24/2007 | PETITIONER'S MOTION FOR DISCOVERY OF MANUALS | BEL |
| 04/24/2007 | REGARDING POLICE INVESTIGATIONS/OTHER INFORMATION | BEL |
| 05/11/2007 | STATE'S RESPONSE TO GAVIN'S MOTION FOR DISCOVERY | DWA |
| 05/11/2007 | OF MANUALS REGARDING POLICE INVESTIGATIONS AND | DWA |
| 05/11/2007 | OTHER INFORMATION. | DWA |
| 05/17/2007 | PETITIONER KEITH GAVIN'S UNOPPOSED MOTION TO | BEL |
| 05/17/2007 | EXTEND TIME TO SUBMIT EVIDENCE IN SUPPORT OF HIS | BEL |

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000061.60
OPER: BEL                    CASE ACTION SUMMARY
PAGE:    4                    CIRCUIT   CRIMINAL              RUN DATE: 08/30/2011
===================================================================================
IN THE CIRCUIT COURT OF CHEROKEE
                                                                        JUDGE: DAR
STATE  OF  ALABAMA                   VS       GAVIN KEITH EDMUND #Z-665
                                              HOLMAN PRISON
CASE: CC 1998 000061.60                        3700 HOLMAN UNIT 3U5
                                              ATMORE, AL  36503 0000

DOB: 03/30/1960        SEX: M  RACE: B  HT: 5 08  WT: 145    HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
===================================================================================
```

| Date | Description | |
|------|-------------|---|
| 05/17/2007 | AMENDED RULE 32 PETITION | BEL |
| 05/29/2007 | REPLY IN SUPPORT OF PETITIONER'S MOTION FOR | BEL |
| 05/29/2007 | DISCOVERY OF MANUALS REGARDING POLICE | BEL |
| 05/29/2007 | INVESTIGATIONS AND OTHER INFORMATION | BEL |
| 06/15/2007 | ORDER OF 6-15-07 | BEL |
| 07/13/2007 | ORDER DATED 7-10-07 | BEL |
| 08/01/2007 | PARTY ADDED  W001  TONY BURCH          (AW21) | BEL |
| 08/01/2007 | PARTY ADDED  W002  LARRY WILSON        (AW21) | BEL |
| 08/01/2007 | PARTY ADDED  W003  DANNY SMITH         (AW21) | BEL |
| 08/07/2007 | UNOPPOSED MOTION TO ADMIT MATTHEW R LYON PRO HAC | BEL |
| 08/07/2007 | VICE AND VERIFIED APPLICATION FOR ADMISSION TO | BEL |
| 08/07/2007 | PRACTICE UNDER RULE VII OF RULES GOVERNING | BEL |
| 08/07/2007 | ADMISSION TO ALABAMA STATE BAR FOR PRO BONO | BEL |
| 08/07/2007 | COUNSEL | BEL |
| 08/08/2007 | ORDER GRANTING APPLICATION FOR PRO HAC VICE ON | BEL |
| 08/08/2007 | MATTHEW R LYON | BEL |
| 08/24/2007 | MOTION FOR COMMISSION TO AUTHORIZE SUBPOENA | BEL |
| 08/24/2007 | FOR DEPOSITION OF OUT-OF-STATE WITNESS | BEL |
| 08/28/2007 | STATE'S MOTION FOR OPPOSING COUNSEL TO BEGIN | BEL |
| 08/28/2007 | SERVING THE STATE WITH ALL COURT FILINGS AND | BEL |
| 08/28/2007 | OBJECTION TO GAVIN'S MOTION FOR AN OUT-OF-STATE | BEL |
| 08/28/2007 | SUBPOENA | BEL |
| 08/28/2007 | PETITIONER KEITH GAVIN'S UNOPPOSED MOTION TO | BEL |
| 08/28/2007 | EXTEND TIME TO SUBMIT EVIDENCE IN SUPPORT OF | BEL |
| 08/28/2007 | HIS AMENDED RULE 32 PETITION | BEL |
| 08/30/2007 | GAVIN'S RESPONSE TO STATE'S OBJECTION FOR AN OUT- | TRC |
| 08/30/2007 | OF-STATE SUBPOENA (FILED AUGUST 30, 2007) | TRC |
| 08/30/2007 | PETITIONER GAVIN'S RESPONSE TO STATE'S MOTION | BEL |
| 08/30/2007 | FOR OPPOSING COUNSEL TO BEGIN SERVING THE STATE | BEL |
| 08/30/2007 | WITH ALL COURT FILINGS AND OBJECTION TO GAVIN'S | BEL |
| 08/30/2007 | MOTION FOR OUT-OF-STATE SUBPOENA | BEL |
| 09/10/2007 | ORDER EXTENDING TIME TO FILE WRITTEN SUBMISSIONS | BEL |

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 1998 000061.60
OPER: BEL                     CASE ACTION SUMMARY
PAGE:   5                     CIRCUIT   CRIMINAL                  RUN DATE: 08/30/2011
============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                        JUDGE: DAR

STATE  OF  ALABAMA                      VS        GAVIN KEITH EDMUND #Z-665
                                                  HOLMAN PRISON
CASE: CC 1998 000061.60                           3700 HOLMAN UNIT 3U5
                                                  ATMORE, AL  36503 0000

DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
============================================================================
```

| Date | Action | |
|------|--------|---|
| 09/10/2007 | IN SUPPORT OF AMENDED RULE 32 PETITION | BEL |
| 09/21/2007 | COMMISSION TO AUTHORIZE SUBPOENA FOR DEPOSITION OF | TRC |
| 09/21/2007 | OUT-OF-STATE WITNESS TOM ARAMBASICH | TRC |
| 09/21/2007 | ORDER OF 9-21-07 | BEL |
| 10/09/2007 | BRIEF AND WRITTEN EVIDENTIARY SUBMISSIONS IN | DWA |
| 10/09/2007 | SUPPORT OF AMENDED PETITION FOR RELIEF FROM | DWA |
| 10/09/2007 | JUDGMENT PURSUANT TO RULE 32 OF THE ARCP. | DWA |
| 10/09/2007 | EXHIBITS TO BRIEF | BEL |
| 10/10/2007 | APPENDIX A TO EXHIBIT II | BEL |
| 12/07/2007 | STATE'S MOTION FOR ADDITIONAL TIME TO RESPOND TO | BEL |
| 12/07/2007 | GAVIN'S EVIDENTIARY SUBMISSIONS AND ARGUMENTS | BEL |
| 12/07/2007 | ORDER GRANTING STATE'S MOTION FOR ADDITIONAL TIME | BEL |
| 01/14/2008 | STATE'S MOTION FOR ACCESS TO GAVIN | BEL |
| 01/25/2008 | PETITIONER KEITH GAVIN'S OPPOSITION TO STATE'S | BEL |
| 01/25/2008 | MOTION FOR ACCESS TO GAVIN | BEL |
| 03/25/2008 | NOTICE OF APPEARANCE BY PAMELA CASEY, ASSISTANT | BEL |
| 03/25/2008 | ATTORNEY GENERAL | BEL |
| 03/25/2008 | STATE'S MOTION FOR COURT TO HOLD/SET A DATE FOR | BEL |
| 03/25/2008 | EVIDENTIARY HEARING OR IN ALTERNATIVE FOR | BEL |
| 03/25/2008 | ADDITIONAL TIME TO FILE EVIDENTIARY SUBMISSIONS | BEL |
| 06/09/2008 | STATE'S BRIEF | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE KEITH | BEL |
| 06/13/2008 | GAVIN'S UN-NOTARIZED STATEMENT | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT O | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT P | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT Q | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT R | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | BEL |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000061.60
OPER: BEL                    CASE ACTION SUMMARY
PAGE:   6                     CIRCUIT  CRIMINAL              RUN DATE: 08/30/2011
===============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                      JUDGE: DAR

STATE  OF  ALABAMA               VS        GAVIN KEITH EDMUND #Z-665
                                           HOLMAN PRISON
CASE: CC 1998 000061.60                    3700 HOLMAN UNIT 3U5
                                           ATMORE, AL  36503 0000

DOB: 03/30/1960        SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191   ALIAS NAMES:
===============================================================================
```

| Date | Entry | |
|------|-------|---|
| 06/13/2008 | PETITIONER'S EXHIBIT S | BEL |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT T | BEL |
| 06/13/2008 | STATE'S OBJECTION AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT I.I. | BEL |
| 06/13/2008 | STATE'S OBJECTION AND MOTION TO STRIKE | BEL |
| 06/13/2008 | PETITIONER'S EXHIBIT J.J. | BEL |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | BEL |
| 06/13/2008 | VOLUME 1 OF 5 | BEL |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | BEL |
| 06/13/2008 | VOLUME 1 OF 5 | BEL |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | BEL |
| 06/13/2008 | VOLUME 2 OF 5 | BEL |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | BEL |
| 06/13/2008 | VOLUME 3 OF 5 | BEL |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | BEL |
| 06/13/2008 | VOLUME 4 OF 5 | BEL |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | BEL |
| 06/13/2008 | VOLUME 5 OF 5 | BEL |
| 06/18/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE KEITH | BEL |
| 06/18/2008 | GAVIN'S UN-NOTARIZED STATEMENT | BEL |
| 06/27/2008 | PETITIONER KEITH GAVIN'S MOTION FOR AN ORDER | BEL |
| 06/27/2008 | SCHEDULING PETITIONER'S RESPONSE TO RESPONDENT'S | BEL |
| 06/27/2008 | FILING AND GRANTING LEAVE TO FILE A REPLY | BEL |
| 09/15/2008 | PETITIONER KEITH GAVIN'S REPLY TO THE STATE'S | BEL |
| 09/15/2008 | BRIEF OF JUNE 9, 2008 | BEL |
| 09/15/2008 | PETITIONER KEITH GAVIN'S RESPONSE TO THE STATE'S | BEL |
| 09/15/2008 | OBJECTION AND MOTIONS TO STRIKE EXHIBITS O, P, Q, | BEL |
| 09/15/2008 | R AND S TO PETITIONER'S BRIEF AND EVIDENTIARY | BEL |
| 09/15/2008 | SUBMISSIONS (THE "FAMILY AFFIDAVITS") | BEL |
| 09/15/2008 | PETITIONER KEITH GAVIN'S RESPONSE TO THE STATE'S | BEL |
| 09/15/2008 | OBJECTION AND MOTIONS TO STRIKE EXHIBITS T, II | BEL |

```
ACRO370           ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000061.60
OPER: BEL                  CASE ACTION SUMMARY
PAGE:   7                   CIRCUIT  CRIMINAL             RUN DATE: 08/30/2011
===============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                    JUDGE: DAR

STATE OF ALABAMA                 VS        GAVIN KEITH EDMUND #Z-665
                                           HOLMAN PRISON
CASE: CC 1998 000061.60                    3700 HOLMAN UNIT 3U5
                                           ATMORE, AL 36503 0000

DOB: 03/30/1960         SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
===============================================================================
```

| Date | Description | |
|------|-------------|---|
| 09/15/2008 | AND JJ TO PETITIONER'S BRIEF AND EVIDENTIARY | BEL |
| 09/15/2008 | SUBMISSIONS (THE EXPERT DECLARATIONS) | BEL |
| 09/15/2008 | VOLUME 1 OF 3, VOLUME 2 OF 3 AND VOLUME 3 OF 3 | BEL |
| 01/15/2009 | NOTICE OF WITHDRAWAL OF JASPER ROBERTS AND NOTICE | BEL |
| 01/15/2009 | OF APPEARANCE BY J CLAYTON CRENSHAW | BEL |
| 03/24/2009 | ORDER OF 3-24-09 | BEL |
| 08/05/2009 | ORDER OF 8-5-09 | BEL |
| 09/29/2009 | ORDER OF 9-29-09 SETTING HEARING 2-8/9/10-10 | BEL |
| 12/18/2009 | PETITIONER KEITH GAVIN'S MOTION TO ADMIT THE | BEL |
| 12/18/2009 | TESTIMONY OF DR CRAIG HANEY BY DEPOSITION | BEL |
| 12/28/2009 | PETITIONER KEITH GAVIN'S MOTION IN LIMINE TO | BEL |
| 12/28/2009 | PRECLUDE TESTIMONY BY DR GLEN KING | BEL |
| 12/30/2009 | STATE'S OBJECTION TO PETITIONER'S MOTION TO ADMIT | BEL |
| 12/30/2009 | THE TESTIMONY OF DR CRAIG HANEY BY DEPOSITION | BEL |
| 01/04/2010 | SET FOR: PET RELIEF FROM CO ON 02/08/2010 AT 0900A | BEL |
| 01/04/2010 | PETITIONER KEITH GAVIN'S REPLY IN SUPPORT OF HIS | BEL |
| 01/04/2010 | MOTION TO ADMIT THE TESTIMONY OF DR CRAIG HANEY | BEL |
| 01/04/2010 | BY DEPOSITION | BEL |
| 01/12/2010 | ORDER OF 1-12-10 | BEL |
| 01/25/2010 | NOTICE SENT: 01/25/2010 GAVIN KEITH EDMUND #Z-665 | GIM |
| 01/25/2010 | NOTICE SENT: 01/25/2010 JACKSON STEPHEN CLARK | GIM |
| 01/25/2010 | LETTER OF 1-11-10 | BEL |
| 01/25/2010 | LETTER OF 1-25-10 | BEL |
| 01/28/2010 | LETTER OF 1-28-10 | BEL |
| 01/29/2010 | LETTER AND PROPOSED ORDER | BEL |
| 02/02/2010 | PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY IN | BEL |
| 02/02/2010 | SUPPORT OF AMENDED PETITION | BEL |
| 02/03/2010 | VERIFIED APPLICATION FOR ADMISSION TO PRACTICE | BEL |
| 02/03/2010 | UNDER RULE VII OF THE RULES GOVERNING ADMISSION | BEL |
| 02/03/2010 | TO ALABAMA STATE BAR FOR CAROLINE SCHIFF | BEL |
| 02/26/2010 | PETITIONER KEITH GAVIN'S MOTION TO RECONSIDER | BEL |
| 02/26/2010 | PRODUCTION OF KENNETH WEBB'S NOTES AND TAPES | BEL |

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM     CASE: CC 1998 000061.60
OPER: BEL               CASE ACTION SUMMARY
PAGE:   8                CIRCUIT  CRIMINAL              RUN DATE: 08/30/2011
================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                    JUDGE: DAR

STATE  OF  ALABAMA              VS        GAVIN KEITH EDMUND #Z-665
                                         HOLMAN PRISON
CASE: CC 1998 000061.60                    3700 HOLMAN UNIT 3U5
                                         ATMORE, AL  36503 0000

DOB: 03/30/1960        SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
```

| Date | Description | Oper |
|------|-------------|------|
| 02/26/2010 | FROM THE INTERVIEW OF KEITH GAVIN | BEL |
| 04/02/2010 | PETITIONER'S MOTION FOR LEAVE TO AMEND HIS FIRST | BEL |
| 04/02/2010 | AMENDED RULE 32 PETITION AND TO FILE A SECOND | BEL |
| 04/02/2010 | AMENDED PETITION | BEL |
| 04/02/2010 | SECOND AMENDED PETITION FOR RELIEF FROM JUDGMENT | BEL |
| 04/02/2010 | PURSUANT TO RULE 32 | BEL |
| 04/19/2010 | STATE'S OBJECTION TO GAVIN'S MOTION FOR LEAVE TO | BEL |
| 04/19/2010 | AMEND HIS FIRST AMENDED RULE 32 PETITION AND TO | BEL |
| 04/19/2010 | FILE A SECOND AMENDED PETITION AND STATE'S | BEL |
| 04/19/2010 | MOTION TO STRIKE THE SECOND AMENDED PETITION | BEL |
| 04/21/2010 | PETITIONER KEITH GAVIN'S REPLY TO THE STATE'S | DWA |
| 04/21/2010 | OBJECTION TO HIS MOTION FOR LEAVE TO AMEND HIS | DWA |
| 04/21/2010 | FIRST AMENDED RULE 32 PETITION AND TO FILE A | DWA |
| 04/21/2010 | SECOND AMENDED PETITION AND STATE'S MOTION TO | DWA |
| 04/21/2010 | STRIKE THE SECOND AMENDED PETITION. | DWA |
| 04/21/2010 | LETTER OF 4-21-10 | BEL |
| 07/01/2010 | PETITIONER GAVIN'S POST HEARING BRIEF IN SUPPORT | BEL |
| 07/01/2010 | OF SECOND AMENDED PETITION PURSUANT TO RULE 32 | BEL |
| 07/02/2010 | PETITIONER GAVIN'S MOTION FOR LEAVE TO FILE | BEL |
| 07/02/2010 | AFFIDAVIT OF S. J. JOHNSON | BEL |
| 07/09/2010 | MOTION FOR ENLARGEMENT OF TIME | BEL |
| 07/27/2010 | ORDER - TRANSMITTAL | AJA |
| 07/27/2010 | ORDER E-FILED - ORDER - ORDER GRANTING ENLARGEMENT | AJA |
| 08/13/2010 | LETTER OF 8-13-10 | BEL |
| 08/17/2010 | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 08/17/2010 | ORDER - TRANSMITTAL | AJA |
| 12/02/2010 | PETITIONER GAVIN'S MOTION TO CONSIDER SUPPLEMENTAL | BEL |
| 12/02/2010 | AUTHORITY IN SUPPORT OF POST-HEARING BRIEF IN | BEL |
| 12/02/2010 | SUPPORT OF SECOND AMENDED PETITION FOR RELIEF FROM | BEL |
| 12/02/2010 | JUDGMENT PURSUANT TO RULE 32 OF THE ARCP | BEL |
| 12/02/2010 | PETITIONER GAVIN'S MOTION FOR CLARIFICATION OF | BEL |
| 12/02/2010 | RULING ON HIS MOTION FOR LEAVE TO AMEND HIS FIRST | BEL |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000061.60
OPER: BEL                   CASE ACTION SUMMARY
PAGE:    9                  CIRCUIT   CRIMINAL              RUN DATE: 08/30/2011
=================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                      JUDGE: DAR

STATE  OF  ALABAMA              VS        GAVIN KEITH EDMUND #Z-665
                                          HOLMAN PRISON
CASE: CC 1998 000061.60                   3700 HOLMAN UNIT 3U5
                                          ATMORE, AL  36503 0000

DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191   ALIAS NAMES:
```

| Date | Action | Oper |
|------|--------|------|
| 12/02/2010 | AMENDED RULE 32 PETITION AND TO FILE A 2ND AMENDED | BEL |
| 12/02/2010 | PETITION | BEL |
| 04/18/2011 | ORDER E-FILED - ORDER OF APRIL 18, 2011 - ORDER OF | AJA |
| 04/18/2011 | ORDER - TRANSMITTAL | AJA |
| 04/18/2011 | CHARGE 01: RULE 32-FELONY/#CNTS: 001        (AR10) | BEL |
| 04/18/2011 | CHARGE 01 DISPOSED BY: PET DENIED ON: 04/18/2011 | BEL |
| 05/25/2011 | NOTICE OF APPEAL | BEL |
| 05/25/2011 | DOCKETING STATEMENT | BEL |
| 05/25/2011 | ATTACHMENT TO DOCKETING STATEMENT | BEL |
| 05/25/2011 | COURT REPORTER'S TRANSCRIPT ORDER | BEL |
| 05/27/2011 | NOTICE OF APPEAL TO COURT OF CRIMINAL APPEALS | BEL |
| 05/27/2011 | BY TRIAL COURT CLERK | BEL |
| 06/03/2011 | NOTICE FROM COURT OF CRIMINAL APPEALS | BEL |
| 06/03/2011 | NOTICE FROM COURT OF CRIMINAL APPEALS | BEL |
| 06/08/2011 | LETTER OF 6-3-11 FROM COURT REPORTER LISA HALL | BEL |
| 07/26/2011 | REQUEST FOR EXTENSION OF TIME BY TRIAL COURT CLERK | BEL |
| 08/05/2011 | ORDER FROM COURT OF CRIMINAL APPEALS | BEL |
| 08/05/2011 | ORDER FROM COURT OF CRIMINAL APPEALS GRANTING | BEL |
| 08/05/2011 | EXTENSION OF TIME | BEL |
| 08/30/2011 | CASE ACTION SUMMARY PRINTED        (AR08) | BEL |

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000062.60
OPER: BEL                    CASE ACTION SUMMARY
PAGE:   1                    CIRCUIT  CRIMINAL              RUN DATE: 08/30/2011
===============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                   JUDGE: DAR

STATE OF ALABAMA              VS        GAVIN KEITH EDMUND #Z-665
                                       HOLMAN PRISON
CASE: CC 1998 000062.60                3700 HOLMAN UNIT 3U5
                                       TUSCALOOSA, AL 35403 0000

DOB: 03/30/1960        SEX: M RACE: B HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
===============================================================================
CHARGE01: RULE 32-FELONY      CODE01: RULE  LIT: MURDER ATTEMPT TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER: 0130000

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED:                     DATE    FILED: 05/26/2005
DATE    RELEASED:                     DATE  HEARING:
     BOND AMOUNT:        $.00          SURETIES:

DATE 1: 02/08/2010  DESC: HEAR         TIME: 0900 A
DATE 2:             DESC:              TIME: 0000

TRACKING NOS:                  /                      /

DF/ATY: JACKSON STEPHEN CLARK       TYPE: A                        TYPE:
        1901 6TH AVE N STE 2400
        BIRMINGHAM      AL 35203                      00000

PROSECUTOR: CASEY PAMELA LYNN


===============================================================================
OTH CSE:   000000000000 CHK/TICKET NO:              GRAND JURY: 200003
COURT REPORTER:                 SID NO:    000000000
DEF STATUS: PRISON              DEMAND:                        OPER: BEL
===============================================================================
  TRANS DATE |   ACTIONS, JUDGEMENTS, AND NOTES              | OPE
---------------------------------------------------------------------------
  05/26/2005 | ASSIGNED TO: (DAR) DAVID A RAINS        (AR01) | BEL
  05/26/2005 | CHARGE 01: MURDER ATTEMPTED/#CNTS: 001  (AR01) | BEL
  05/26/2005 | INITIAL STATUS SET TO: "P" - PRISON     (AR01) | BEL
  05/26/2005 |            9800019000                   (AR01) | BEL
  05/26/2005 | ATTORNEY FOR DEFENDANT: JACKSON STEPHEN CLAR(AR01)| BEL
  05/26/2005 | FILED ON: 05/26/2005                    (AR01) | BEL
  05/26/2005 | MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER  | BEL
  05/26/2005 | GRANTING MOTION                                | BEL
  05/26/2005 | DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN| BEL
  05/26/2005 | FORMA PAUPERIS                                 | BEL
  05/26/2005 | PETITION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE| BEL
  05/26/2005 | 32 OF ALABAMA RULES OF CRIMINAL PROCEDURE      | BEL
  06/01/2005 | CASE ACTION SUMMARY PRINTED             (AR08) | BEL
  06/15/2005 | STATE'S MOTION FOR MORE DEFINITE STATEMENT FILED| BEL
  06/15/2005 | WITH JUDGE RAINS.  SEE CC-98-61                | BEL
  06/20/2005 | ORDER -- A COPY OF DEFENDANT'S RULE 32 PETITION IS| BEL
  06/20/2005 | RETURNED TO DEF'S ATTORNEY FOR COMPLIANCE WITH | BEL
```

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000062.60
OPER: BEL                    CASE ACTION SUMMARY
PAGE:   2                    CIRCUIT  CRIMINAL              RUN DATE: 08/30/2011
================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                    JUDGE: DAR

STATE  OF  ALABAMA               VS       GAVIN KEITH EDMUND #Z-665
                                          HOLMAN PRISON
CASE: CC 1998 000062.60                   3700 HOLMAN UNIT 3U5
                                          TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960         SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
================================================================================
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                          OPE
================================================================================
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 06/20/2005 | SAID RULE 32.6.  SHOULD THE DEF'S ATTORNEY FAIL TO | BEL |
| 06/20/2005 | REFILE DEF'S PETITION WITHIN 30 DAYS, THE PRESENT | BEL |
| 06/20/2005 | PETITION SHALL BE DISMISSED WITHOUT PREJUDICE. | BEL |
| 07/19/2005 | PETITION FOR RELIEF FROM CONVICTION/SENTENCE | BEL |
| 07/19/2005 | PURSUANT TO RULE 32, ALABAMA RULES OF CRIMINAL | BEL |
| 07/19/2005 | PROCEDURE REFILED.  COPY TO D.A. | BEL |
| 08/16/2005 | STATE'S MOTION FOR ADDITIONAL TIME | BEL |
| 08/17/2005 | NOTICE OF APPEARANCE BY JASPER B ROBERTS, ASST | BEL |
| 08/17/2005 | ATTORNEY GENERAL.  SEE CC-98-61.60 | BEL |
| 08/17/2005 | STATE OF ALABAMA'S MOTION FOR ENLARGEMENT OF TIME | BEL |
| 08/17/2005 | SEE CC-98-61.60 | BEL |
| 09/02/2005 | ORDER OF 8-30-05 GRANTING STATE'S MOTION FOR | BEL |
| 09/02/2005 | ENLARGEMENT OF TIME | BEL |
| 09/30/2005 | STATE'S ANSWER AND MOTION TO DISMISS GAVIN'S RULE | BEL |
| 09/30/2005 | 32 PETITION.  SEE CC-98-61.60 | BEL |
| 10/26/2005 | PETITIONER'S RESPONSE TO STATE'S MOTION TO | BEL |
| 10/26/2005 | DISMISS SEE CC-98-61.60 | TRC |
| 10/26/2005 | MOTION FOR DISCOVERY OF INSTITUTIONAL FILES, | TRC |
| 10/26/2005 | PROSECUTION FILES, RECORDS AND INFORMATION | BEL |
| 10/26/2005 | NECESSARY TO FAIR RULE 32 EVIDENTIARY HEARING. SEE | BEL |
| 10/26/2005 | CC-98-61.60 | BEL |
| 10/26/2005 | ORDER SETTING HEARING 12-20-05 | BEL |
| 10/26/2005 | SET FOR: PET RELIEF FROM CO ON 12/20/2005 AT 0900A | RIF |
| 10/26/2005 | ORDER TO TRANSPORT. | RIF |
| 11/01/2005 | ORDER OF 11-1-05 SETTING HEARING ON MOTIONS | BEL |
| 11/03/2005 | STATE'S RESPONSE TO GAVIN'S MOTION FOR DISCOVERY | BEL |
| 11/03/2005 | SEE CC-98-61 | BEL |
| 12/05/2005 | ORDER TO TRANSPORT DEFENDANT | BEL |
| 12/12/2005 | STATE'S ADDITION TO ITS RESPONSE TO GAVIN'S MOTION | BEL |
| 12/12/2005 | FOR DISCOVERY.  SEE CC-98-61.60 | BEL |
| 12/15/2005 | MOTION TO ADMIT MELANIE WALKER PRO HAC VICE | BEL |

```
ACRO370            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000062.60
OPER: BEL                    CASE ACTION SUMMARY
PAGE:    3                   CIRCUIT  CRIMINAL                RUN DATE: 08/30/2011
=================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                      JUDGE: DAR

STATE  OF  ALABAMA               VS        GAVIN KEITH EDMUND #Z-665
                                           HOLMAN PRISON
CASE: CC 1998 000062.60                    3700 HOLMAN UNIT 3U5
                                           TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
```

| Date | Description | Oper |
|------|-------------|------|
| 12/15/2005 | LETTER AND STATEMENT/PRO HAC VICE APPLICATION FOR | BEL |
| 12/15/2005 | MELANIE WALKER | BEL |
| 12/15/2005 | LETTER TO JUDGE FROM DEFENDANT'S ATTORNEY STATING | BEL |
| 12/15/2005 | DEFENDANT'S PRESENCE NOT REQUIRED AT HEARING | BEL |
| 12/16/2005 | ORDER OF 12-16-05 VACATING ORDER TO TRANSPORT | BEL |
| 12/20/2005 | VERIFIED APPLICATION FOR ADMISSION TO PRACTICE | BEL |
| 12/20/2005 | UNDER RULE VII FOR LEIGH FRAISER | BEL |
| 12/20/2005 | MOTION TO ADMIT LEIGH FRAIZER PRO HAC VICE | BEL |
| 02/13/2006 | ORDER GRANTING APPLICATION FOR PRO HAC VICE ON | BEL |
| 02/13/2006 | MELANIE WALKER | BEL |
| 06/20/2006 | ORDER DATED JUNE 19, 2006 | TRC |
| 07/17/2006 | DISPOSITION JUDGE ID CHANGED FROM:      TO: DAR | BEL |
| 07/17/2006 | CHARGE 01: MURDER ATTEMPTED/#CNTS: 001      (AR10) | BEL |
| 07/17/2006 | CHARGE 01 DISPOSED BY: PET DENIED ON: 06/19/2006 | BEL |
| 08/10/2006 | LETTER OF 8-10-06 TO JUDGE FROM ASST ATTY GENERAL | BEL |
| 08/18/2006 | AMENDED PETITION FOR RELIEF FROM JUDGMENT | TRC |
| 08/18/2006 | PURSUANT TO RULE 32 OF ALABAMA RULES OF | TRC |
| 08/18/2006 | CRIMINAL PROCEDURE | TRC |
| 09/14/2006 | STATE'S ANSWER AND MOTION TO PARTIALLY DISMISS | BEL |
| 09/14/2006 | GAVIN'S AMENDED RULE 32 PETITION.  SEE CC-98-61 | BEL |
| 11/06/2006 | PETITIONER KEITH GAVIN'S OPPOSITION TO STATE'S | BEL |
| 11/06/2006 | MOTION TO PARTIALLY DISMISS HIS AMENDED RULE 32 | BEL |
| 11/06/2006 | PETITION.  SEE CC-98-61 | BEL |
| 01/04/2007 | ORDER OF 1-4-07 | BEL |
| 01/30/2007 | PETITIONER KEITH GAVIN'S MOTION FOR CLARIFICATION | BEL |
| 01/30/2007 | OF THE COURT'S JANUARY 4, 2007 ORDER.  SEE | BEL |
| 01/30/2007 | CC-98-61 | BEL |
| 02/06/2007 | ORDER OF 2-5-07 | BEL |
| 02/07/2007 | STATE'S RESPONSE TO THE COURT'S 1-4-07 ORDER | TRC |
| 04/24/2007 | PETITIONER'S MOTION FOR DISCOVERY OF MANUALS | BEL |
| 04/24/2007 | REGARDING POLICE INVESTIGATIONS/OTHER INFORMATION | BEL |
| 04/24/2007 | SEE CC-98-61 | BEL |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 1998 000062.60
OPER: BEL                     CASE ACTION SUMMARY
PAGE:   4                     CIRCUIT  CRIMINAL             RUN DATE: 08/30/2011
=================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                  JUDGE: DAR

STATE  OF  ALABAMA            VS        GAVIN KEITH EDMUND #Z-665
                                        HOLMAN PRISON
CASE: CC 1998 000062.60                 3700 HOLMAN UNIT 3U5
                                        TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
```

| Date | Description | |
|---|---|---|
| 05/11/2007 | STATE'S RESPONSE TO GAVIN'S MOTION FOR DISCOVERY | DWA |
| 05/11/2007 | OF MANUALS REGARDING POLICE INVESTIGATIONS AND | DWA |
| 05/11/2007 | OTHER INFORMATION. | DWA |
| 05/17/2007 | PETITIONER KEITH GAVIN'S UNOPPOSED MOTION TO | BEL |
| 05/17/2007 | EXTEND TIME TO SUBMIT EVIDENCE IN SUPPORT OF HIS | BEL |
| 05/17/2007 | AMENDED RULE 32 PETITION.  SEE CC-98-62.60 | BEL |
| 05/29/2007 | REPLY IN SUPPORT OF PETITIONER'S MOTION FOR | BEL |
| 05/29/2007 | DISCOVERY OF MANUALS REGARDING POLICE | BEL |
| 05/29/2007 | INVESTIGATIONS AND OTHER INFORMATION.  SEE | BEL |
| 05/29/2007 | CC-98-61.60 | BEL |
| 06/15/2007 | ORDER OF 6-15-07 | BEL |
| 07/13/2007 | ORDER DATED 7-10-07 | BEL |
| 08/07/2007 | UNOPPOSED MOTION TO ADMIT MATTHEW R LYON PRO HAC | TRC |
| 08/07/2007 | VICE AND VERIFIED APPLICATION FOR ADMISSION TO | TRC |
| 08/07/2007 | PRACTICE UNDER RULE VII OF RULES GOVERNING | TRC |
| 08/07/2007 | ADMISSION TO ALABAMA STATE BAR FOR PRO BONO | TRC |
| 08/07/2007 | COUNSEL | TRC |
| 08/08/2007 | ORDER GRANTING APPLICATION FOR PRO HAC VICE ON | BEL |
| 08/08/2007 | MATTHEW R LYON | BEL |
| 08/24/2007 | MOTION FOR COMMISSION TO AUTHORIZE SUBPOENA | BEL |
| 08/24/2007 | FOR DEPOSITION OF OUT-OF-STATE WITNESS.  SEE | BEL |
| 08/24/2007 | CC-98-61 | BEL |
| 08/28/2007 | STATE'S MOTION FOR OPPOSING COUNSEL TO BEGIN | TRC |
| 08/28/2007 | SERVING THE STATE WITH ALL COURT FILINGS AND | TRC |
| 08/28/2007 | OBJECTION TO GAVIN'S MOTION FOR AN OUT-OF-STATE | TRC |
| 08/28/2007 | SUBPOENA | TRC |
| 08/28/2007 | STATES OBJECTION TO GAVIN'S MOTION FOR AN OUT-OF | TRC |
| 08/28/2007 | STATE SUBPOENA | TRC |
| 08/28/2007 | PETITIONER KEITH GAVIN'S UNOPPOSED MOTION TO | BEL |
| 08/28/2007 | EXTEND TIME TO SUBMIT EVIDENCE IN SUPPORT OF | BEL |
| 08/28/2007 | HIS AMENDED RULE 32 PETITION.  SEE CC-98-61 | BEL |
| 08/30/2007 | GAVIN'S RESPONSE TO STATES OBEJCTION FOR AN | TRC |

```
ACRO370            ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000062.60
OPER: BEL                   CASE ACTION SUMMARY
PAGE:    5                 CIRCUIT   CRIMINAL           RUN DATE: 08/30/2011
============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                    JUDGE: DAR

STATE  OF  ALABAMA                   VS       GAVIN KEITH EDMUND #Z-665
                                              HOLMAN PRISON
CASE: CC 1998 000062.60                       3700 HOLMAN UNIT 3U5
                                              TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960         SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
============================================================================
```

| Date | Description | By |
|------|-------------|-----|
| 08/30/2007 | OUT-OF-STATE SUBPOENA | TRC |
| 08/30/2007 | PETITIONER GAVIN'S RESPONSE TO STATE'S MOTION | BEL |
| 08/30/2007 | FOR OPPOSING COUNSEL TO BEGIN SERVING THE STATE | BEL |
| 08/30/2007 | WITH ALL COURT FILINGS AND OBJECTION TO GAVIN'S | BEL |
| 08/30/2007 | MOTION FOR OUT-OF-STATE SUBPOENA.  SEE CC-98-61 | BEL |
| 09/10/2007 | ORDER EXTENDING TIME TO FILE WRITTEN SUBMISSIONS | BEL |
| 09/10/2007 | IN SUPPORT OF AMENDED RULE 32 PETITION.  SEE | BEL |
| 09/10/2007 | CC-98-61 | BEL |
| 09/21/2007 | COMMISSION TO AUTHORIZE SUBPOENA FOR DEPOSITION OF | TRC |
| 09/21/2007 | OUT OF STAT WITNESS TOM ARAMBASICH | TRC |
| 09/21/2007 | ORDER OF 9-21-07 | BEL |
| 10/09/2007 | BRIEF AND WRITTEN EVIDENTIARY SUBMISSIONS IN | TRC |
| 10/09/2007 | SUPPORT OF AMENDED PETITION FOR RELIEF FROM | TRC |
| 10/09/2007 | JUDGMENT PURSUANT OT RULE 32 OF THE ARCP. | TRC |
| 10/09/2007 | EXHIBITS TO BRIEF | TRC |
| 10/10/2007 | APPENDIX A TO EXHIBIT II | TRC |
| 12/07/2007 | STATE'S MOTION FOR ADDITIONAL TIME TO RESPOND TO | BEL |
| 12/07/2007 | GAVIN'S EVIDENTIARY SUBMISSIONS AND ARGUMENTS | BEL |
| 12/07/2007 | SEE CC-98-61 | BEL |
| 12/07/2007 | ORDER GRANTING STATE'S MOTION FOR ADDITIONAL TIME | BEL |
| 12/07/2007 | SEE CC-98-61 | BEL |
| 01/14/2008 | STATE'S MOTION FOR ACCESS TO GAVIN | BEL |
| 01/25/2008 | PETITIONER KEITH GAVIN'S OPPOSITION TO STATE'S | BEL |
| 01/25/2008 | MOTION FOR ACCESS TO GAVIN.  SEE CC-98-61 | BEL |
| 03/25/2008 | NOTICE OF APPEARANCE BY PAMELA CASEY, ASSISTANT | BEL |
| 03/25/2008 | ATTORNEY GENERAL.  SEE CC-98-61 | BEL |
| 03/25/2008 | STATE'S MOTION FOR COURT TO HOLD/SET A DATE FOR | BEL |
| 03/25/2008 | EVIDENTIARY HEARING OR IN ALTERNATIVE FOR | BEL |
| 03/25/2008 | ADDITIONAL TIME TO FILE EVIDENTIARY SUBMISSIONS | BEL |
| 03/25/2008 | SEE CC-98-61 | BEL |
| 03/25/2008 | CHARGE 01: MURDER ATTEMPTED/#CNTS: 001       (AR10) | BEL |
| 06/09/2008 | STATE'S BRIEF | BEL |

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000062.60
OPER: BEL                   CASE ACTION SUMMARY
PAGE:  6                    CIRCUIT   CRIMINAL                 RUN DATE: 08/30/2011
==============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                   JUDGE: DAR

STATE  OF  ALABAMA                 VS        GAVIN KEITH EDMUND #Z-665
                                             HOLMAN PRISON
CASE: CC 1998 000062.60                      3700 HOLMAN UNIT 3U5
                                             TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960          SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191   ALIAS NAMES:
==============================================================================
```

| Date | Description | |
|------|-------------|------|
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE KETIH | TRC |
| 06/13/2008 | GAVIN'S UN-NOTARIZED STATEMENT | TRC |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT O | TRC |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT P | TRC |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT Q | TRC |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT R | TRC |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT S | TRC |
| 06/13/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT T | TRC |
| 06/13/2008 | STATE'S OBJECTION AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT I.I. | TRC |
| 06/13/2008 | STATE'S OBJECTION AND MOTION TO STRIKE | TRC |
| 06/13/2008 | PETITIONER'S EXHIBIT J.J. | TRC |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | TRC |
| 06/13/2008 | VOLUME 1 OF 5 | TRC |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | TRC |
| 06/13/2008 | VOLUME 1 OF 5 | TRC |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | TRC |
| 06/13/2008 | VOLUME 2 OF 5 | TRC |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | TRC |
| 06/13/2008 | VOLUME 3 OF 5 | TRC |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | TRC |
| 06/13/2008 | VOLUME 4 OF 5 | TRC |
| 06/13/2008 | EXHIBITS TO STATE'S EVIDENTIARY SUBMISSIONS | TRC |
| 06/13/2008 | VOLUME 5 OF 5 | TRC |
| 06/18/2008 | STATE'S OBJECTION TO AND MOTION TO STRIKE KEITH | BEL |
| 06/18/2008 | GAVIN'S UN-NOTARIZED STATEMENT | BEL |

```
ACRO370           ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000062.60
OPER: BEL                   CASE ACTION SUMMARY
PAGE:   7                   CIRCUIT   CRIMINAL              RUN DATE: 08/30/2011
=================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                  JUDGE: DAR
```

STATE  OF  ALABAMA                VS       GAVIN KEITH EDMUND #Z-665
                                           HOLMAN PRISON
CASE: CC 1998 000062.60                    3700 HOLMAN UNIT 3U5
                                           TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960         SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:

| Date | Description | Oper |
|------|-------------|------|
| 06/27/2008 | PETITIONER KEITH GAVIN'S MOTION FOR AN ORDER | BEL |
| 06/27/2008 | SCHEDULING PETITIONER'S RESPONSE TO RESPONDENT'S | BEL |
| 06/27/2008 | FILING AND GRANTING LEAVE TO FILE A REPLY | BEL |
| 09/15/2008 | PETITIONER KEITH GAVIN'S REPLY TO THE STATE'S | BEL |
| 09/15/2008 | BRIEF OF JUNE 9, 2008.  SEE CC-98-61.60 | BEL |
| 09/15/2008 | PETITIONER KEITH GAVIN'S RESPONSE TO THE STATE'S | BEL |
| 09/15/2008 | OBJECTION AND MOTIONS TO STRIKE EXHIBITS O, P, Q, | BEL |
| 09/15/2008 | R AND S TO PETITIONER'S BRIEF AND EVIDENTIARY | BEL |
| 09/15/2008 | SUBMISSIONS (THE "FAMILY AFFIDAVITS").  SEE | BEL |
| 09/15/2008 | CC-98-61.60 | BEL |
| 09/15/2008 | PETITIONER KEITH GAVIN'S RESPONSE | BEL |
| 09/15/2008 | TO THE STATE'S OBJECTION AND MOTIONS TO STRIKE | BEL |
| 09/15/2008 | EXHIBITS T, II AND JJ TO PETITIONER'S BRIEF AND | BEL |
| 09/15/2008 | EVIDENTIARY SUBMISSIONS (THE EXPERT DECLARATIONS) | BEL |
| 09/15/2008 | VOLUME 1 OF 3, VOLUME 2 OF 3 AND VOLUME 3 OF 3 | BEL |
| 09/15/2008 | SEE CC-98-61.60 | BEL |
| 01/15/2009 | NOTICE OF WITHDRAWAL OF JASPER ROBERTS AND NOTICE | BEL |
| 01/15/2009 | OF APPEARANCE BY J CLAYTON CRENSHAW | BEL |
| 03/24/2009 | ORDER OF 3-24-09 | BEL |
| 08/05/2009 | ORDER OF 8-5-09 | BEL |
| 09/29/2009 | ORDER OF 9-29-09 SETTING HEARING 2-8/9/10-10 | BEL |
| 12/18/2009 | PETITIONER KEITH GAVIN'S MOTION TO ADMIT THE | BEL |
| 12/18/2009 | TESTIMONY OF DR CRAIG HANEY BY DEPOSITION | BEL |
| 12/28/2009 | PETITIONER KEITH GAVIN'S MOTION IN LIMINE TO | BEL |
| 12/28/2009 | PRECLUDE TESTIMONY BY DR GLEN KING.  SEE | BEL |
| 12/28/2009 | CC-98-61 | BEL |
| 12/30/2009 | STATE'S OBJECTION TO PETITIONER'S MOTION | TRC |
| 12/30/2009 | TO ADMIT THE TESTIMONY OF DR. CRAIG HANEY BY | TRC |
| 12/30/2009 | DEPOSITION | TRC |
| 01/04/2010 | SET FOR: PET RELIEF FROM CO ON 02/08/2010 AT 0900A | BEL |
| 01/04/2010 | PETITIONER KEITH GAVIN'S REPLY IN SUPPORT OF HIS | BEL |
| 01/04/2010 | MOTION TO ADMIT THE TESTIMONY OF DR CRAIG HANEY | BEL |

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1998 000062.60
OPER: BEL                 CASE ACTION SUMMARY           RUN DATE: 08/30/2011
PAGE:    8                CIRCUIT  CRIMINAL
==============================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                  JUDGE: DAR

STATE  OF  ALABAMA              VS        GAVIN KEITH EDMUND #Z-665
                                          HOLMAN PRISON
CASE: CC 1998 000062.60                   3700 HOLMAN UNIT 3U5
                                          TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960        SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
==============================================================================
```

| Date | Description | Init. |
|------|-------------|-------|
| 01/04/2010 | BY DEPOSITION.  SEE CC-98-62.60 | BEL |
| 01/12/2010 | ORDER OF 1-12-10 | BEL |
| 01/25/2010 | NOTICE SENT: 01/25/2010 GAVIN KEITH EDMUND #Z-665 | GIM |
| 01/25/2010 | NOTICE SENT: 01/25/2010 JACKSON STEPHEN CLARK | GIM |
| 01/25/2010 | LETTER OF 1-11-10 | BEL |
| 01/25/2010 | LETTER OF 1-25-10 | BEL |
| 01/28/2010 | LETTER OF 1-28-10 | BEL |
| 01/29/2010 | LETTER AND PROPOSED ORDER | BEL |
| 02/02/2010 | PETITIONER'S NOTICE OF SUPPLEMENTAL AUTHORITY IN | BEL |
| 02/02/2010 | SUPPORT OF AMENDED PETITION | BEL |
| 02/03/2010 | VERIFIED APPLICATION FOR ADMISSION TO PRACTICE | BEL |
| 02/03/2010 | UNDER RULE VII OF THE RULES GOVERNING ADMISSION | BEL |
| 02/03/2010 | TO ALABAMA STATE BAR/CAROLINE SCHIFF | BEL |
| 02/26/2010 | PETITIONER KEITH GAVIN'S MOTION TO RECONSIDER | TRC |
| 02/26/2010 | PRODUCTION OF KENNETH WEBB'S NOTES AND TAPES | TRC |
| 02/26/2010 | FROM THE INTERVIEW OF KEITH GAVIN | TRC |
| 04/02/2010 | PETITIONER'S MOTION FOR LEAVE TO AMEND HIS FIRST | BEL |
| 04/02/2010 | AMENDED RULE 32 PETITION AND TO FILE A SECOND | BEL |
| 04/02/2010 | AMENDED PETITION | BEL |
| 04/02/2010 | SECOND AMENDED PETITION FOR RELIEF FROM JUDGMENT | BEL |
| 04/02/2010 | PURSUANT TO RULE 32 | BEL |
| 04/19/2010 | STATE'S OBJECTION TO GAVIN'S MOTION FOR LEAVE TO | BEL |
| 04/19/2010 | AMEND HIS FIRST AMENDED RULE 32 PETITION AND TO | BEL |
| 04/19/2010 | FILE A SECOND AMENDED PETITION AND STATE'S | BEL |
| 04/19/2010 | MOTION TO STRIKE THE SECOND AMENDED PETITION | BEL |
| 04/21/2010 | PETITIONER KEITH GAVIN'S REPLY TO THE STATE'S | TRC |
| 04/21/2010 | OBJECTION TO HIS MOTION FOR LEAVE TO AMEND HIS | TRC |
| 04/21/2010 | FIRST AMENDED RULE 32 PETITION AND TO FILE A | TRC |
| 04/21/2010 | SECOND AMENDED PETITION AND STATE'S MOTION TO | TRC |
| 04/21/2010 | STRIKE THE SECOND AMENDED PETITION. | TRC |
| 04/21/2010 | LETTER OF 4-21-10 | BEL |
| 07/01/2010 | PETITIONER GAVIN'S POST HEARING BRIEF IN SUPPORT | BEL |

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1998 000062.60
OPER: BEL                   CASE ACTION SUMMARY
PAGE:   9                   CIRCUIT  CRIMINAL                RUN DATE: 08/30/2011
=================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                    JUDGE: DAR

STATE  OF  ALABAMA              VS        GAVIN KEITH EDMUND #Z-665
                                         HOLMAN PRISON
CASE: CC 1998 000062.60                  3700 HOLMAN UNIT 3U5
                                         TUSCALOOSA, AL  35403 0000

DOB: 03/30/1960        SEX: M  RACE: B  HT: 5 08  WT: 145  HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
```

| Date | Description | |
|------|-------------|---|
| 07/01/2010 | OF SECOND AMENDED PETITION PURSUANT TO RULE 32 | BEL |
| 07/02/2010 | PETITIONER GAVIN'S MOTION FOR LEAVE TO FILE | BEL |
| 07/02/2010 | AFFIDAVIT OF S. J. JOHNSON | BEL |
| 07/09/2010 | MOTION FOR ENLARGEMENT OF TIME.  SEE CC-98-61 | BEL |
| 07/27/2010 | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 08/13/2010 | LETTER OF 8-13-10 | BEL |
| 08/17/2010 | ORDER E-FILED - ORDER - ORDER E-FILED - RENDERED & | AJA |
| 08/17/2010 | ORDER - TRANSMITTAL | AJA |
| 12/02/2010 | PETITIONER GAVIN'S MOTION TO CONSIDER SUPPLEMENTAL | TRC |
| 12/02/2010 | AUTHRITY IN SUPPORT OF POST-HEARING BRIEF IN | TRC |
| 12/02/2010 | IN SUPPORT OF SECOND AMENDED PETITION FOR RELIEF | TRC |
| 12/02/2010 | FROM JUDGEMNT PURSUANT TO RULE 32 OF THE ARCP | TRC |
| 12/02/2010 | PETITIONER GAVIN'S MOTION FOR CLARIFICATION OF | TRC |
| 12/02/2010 | RULING ON HIS MOTION FOR LEAVE TO AMEND HIS FIRST | TRC |
| 12/02/2010 | AMENDED RULE 32 PETITION AND TO FILE A 2ND AMENDED | TRC |
| 12/02/2010 | PETITION | TRC |
| 04/18/2011 | ORDER E-FILED - ORDER OF APRIL 18, 2011 - ORDER OF | AJA |
| 04/18/2011 | ORDER - TRANSMITTAL | AJA |
| 04/18/2011 | CHARGE 01: MURDER ATTEMPTED/#CNTS: 001     (AR10) | BEL |
| 04/18/2011 | CHARGE 01 DISPOSED BY: PET DENIED ON: 04/18/2011 | BEL |
| 05/25/2011 | NOTICE OF APPEAL | BEL |
| 05/25/2011 | DOCKETING STATEMENT | BEL |
| 05/25/2011 | ATTACHMENT TO DOCKETING STATEMENT | BEL |
| 05/25/2011 | COURT REPORTER'S TRANSCRIPT ORDER | BEL |
| 05/27/2011 | NOTICE OF APPEAL TO COURT OF CRIMINAL APPEALS | BEL |
| 05/27/2011 | BY TRIAL COURT CLERK | BEL |
| 06/03/2011 | NOTICE FROM COURT OF CRIMINAL APPEALS | BEL |
| 06/03/2011 | NOTICE FROM COURT OF CRIMINAL APPEALS | BEL |
| 06/08/2011 | LETTER OF 6-3-11 FROM COURT REPORTER LISA HALL | BEL |
| 07/26/2011 | REQUEST FOR EXTENSION OF TIME BY TRIAL COURT CLERK | BEL |
| 08/05/2011 | ORDER FROM COURT OF CRIMINAL APPEALS | BEL |
| 08/05/2011 | ORDER FROM COURT OF CRIMINAL APPEALS GRANTING | BEL |

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 1998 000062.60
OPER: BEL                        CASE ACTION SUMMARY
PAGE:   10                       CIRCUIT   CRIMINAL              RUN DATE: 08/30/2011
=====================================================================================
IN THE CIRCUIT COURT OF CHEROKEE                                         JUDGE: DAR
STATE OF ALABAMA                   VS        GAVIN KEITH EDMUND #Z-665
                                             HOLMAN PRISON
CASE: CC 1998 000062.60                      3700 HOLMAN UNIT 3U5
                                             TUSCALOOSA, AL  35403 0000
DOB: 03/30/1960           SEX: M  RACE: B  HT: 5 08  WT: 145   HR: BLK EYES: BRO
SSN: 343547191  ALIAS NAMES:
=====================================================================================
  08/05/2011 | EXTENSION OF TIME                                              BEL
  08/30/2011 | CASE ACTION SUMMARY PRINTED               (AR08)              BEL
```

IN THE NINTH JUDICIAL CIRCUIT COURT OF ALABAMA
CHEROKEE COUNTY CIRCUIT COURT

KEITH GAVIN,                     *
                                 *
            Petitioner,          *
                                 *
     v.                          *        Nos. CC-98-61 and CC-98-62
                                 *
STATE OF ALABAMA,                *
                                 *
            Respondent.          *

---

## PETITION FOR RELIEF FROM JUDGMENT
## PURSUANT TO RULE 32 OF THE
## ALABAMA RULES OF CRIMINAL PROCEDURE

---

Petitioner KEITH GAVIN, now incarcerated on death row at Holman Sate Prison in

Atmore, Alabama, petitions this court pursuant to Rule 32 of the Alabama Rules of Criminal

Procedure for relief from his unconstitutionally obtained conviction and death sentence.  Mr.

Gavin seeks a ruling from this Court which would invalidate his conviction and death sentence.

Mr. Gavin submits the following in support of his petition.

### PROCEDURAL HISTORY

1.      On November 6, 1999, Keith Gavin was convicted of two counts of capital

murder.  On January 5, 2000,  he was sentenced to death.

2.      Mr. Gavin timely appealed his conviction and sentence.  On September 26, 2003,

the Alabama Court of Criminal Appeals affirmed his conviction and sentence of death.  Gavin v.

State, 891 So. 2d 97 (Ala. Crim. App. 2003), reh'g denied, November 14, 2003.

**FILED**

MAY 2 6 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

3.      Mr. Gavin petitioned the Alabama Supreme Court for a writ of *certiorari*, which was denied on May 28, 2004.  Gavin v. State, 891 So. 2d 998 (Ala. 2004).

4.      Mr. Gavin petitioned the United States Supreme Court for a writ of *certiorari*, which was denied on January 24, 2005.  Gavin v. Alabama, 125 S. Ct. 1054 (2005).

5.      This petition is timely filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

## GROUNDS SUPPORTING THE PETITION FOR RELIEF

I.     MR. GAVIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 6 OF THE ALABAMA CONSTITUTION, AND ALABAMA LAW

6.      Trial counsel did not render reasonably effective legal representation during Mr. Gavin's capital murder trial and thereby denied Mr. Gavin his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Section 6 of the Alabama Constitution, and Alabama law.  Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000); Strickland v. Washington, 466 U.S. 668 (1984).

7.      A criminal defendant is entitled to effective legal representation.  Strickland, 466 U.S. 668; Gideon v. Wainwright, 372 U.S. 335 (1963).  Indeed, the adversarial system of justice depends on effective defense counsel.  United States v. Cronic, 466 U.S. 648 (1984).  Mr. Gavin's counsel was ineffective at all stages of the criminal proceedings against him and did not subject the prosecution's case to meaningful adversarial testing.  Counsel's performance fell below "an objective standard of reasonableness" and failed "to make the adversarial testing process work."  Strickland, 466 U.S. at 690.  None of trial counsel's errors can be construed as

part of a sound trial strategy. Trial counsel's deficient performance "undermine[d] confidence in the outcome" of Mr. Gavin's case. Strickland, 466 U.S. at 694; see also Williams, 529 U.S. at 390-91.

8.      The Sixth Amendment guarantees Mr. Gavin the right to effective assistance of counsel during the penalty phase. Strickland v. Washington, 466 U.S. at 686-87 (1984). Because the trial court and the jury must consider "any aspect of the defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death," Lockett v. Ohio, 438 U.S. 586, 604 (1978), trial counsel must investigate and present such information. Brownlee v. Haley, 306 F.3d 1043, 1067 (11th Cir. 2002).

9.      To effectively prepare for a capital trial, counsel must investigate every possible avenue of defense, investigate and challenge all assertions by the State, and subject the State's case to rigorous examination and testing. Strickland, 466 U.S. at 688; Wiggins, 539 U.S. at 487-88 (trial counsel ineffective where failure to adequately investigate precluded making informed strategic decision).

10.     In this case, trial counsel did not ①adequately investigate the case, ②adequately challenge the State's investigation and presentation of the case, ③obtain the necessary expert assistance needed, or ④obtain the necessary and proper rulings from the trial court through motions and arguments. Had trial counsel provided effective representation, there is a reasonable probability that the outcome of Mr. Gavin's trial would have been different.

11.     Trial counsel failed to adequately investigate the physical evidence in this case. Counsel did not move to inspect the physical evidence until seven months after the incident. By

that time, key pieces of exculpatory evidence were no longer available for inspection.  Trial counsel made no attempt to secure the van that contained exculpatory evidence.  Trial counsel made no attempt to have the van that contained exculpatory evidence examined by an expert.

12.     Trial counsel failed to adequately investigate the background, criminal history, and other impeachment evidence of the state's key witness, DeWayne Meeks.

13.     Trial counsel failed to conduct an adequate investigation of impeachment evidence of members of the Fort Payne Police Department.

14.     Counsel was ineffective in failing to adequately investigate the highly prejudicial and inflammatory "official statement of facts" that was introduced at trial regarding Mr. Gavin's prior conviction from Illinois.  Although the court ordered the State to turn over the document in advance of trial, the State failed to do so.  Counsel never brought the State's failure to comply to the attention of the court.  The statement was not turned over until two days before the penalty phase.  At that point defense merely argued that it could not challenge the statement because it had no access to the official record in Illinois.  As soon as counsel was alerted to the existence of this document, counsel should have begun to investigate the facts regarding Mr. Gavin's prior conviction.  Instead, this irrelevant and highly prejudicial document was submitted to the jury with no effective challenge.  The introduction of this evidence unconstitutionally biased the jury against Mr. Gavin.

15.     Trial counsel was ineffective in failing to move for a change of venue despite extensive prejudicial publicity surrounding the case.  At a pre-trial conference, counsel notified the court that based on extensive prejudicial publicity, he saw the need to submit a motion for a change of venue.  No such motion was ever made.  The jury pool in Cherokee County was

saturated with potential jurors who had read, heard, and discussed the facts surrounding Mr.

Gavin's case. Sheppard v. Maxwell, 384 U.S. 333, 362-63 (1966); Ex parte Monsanto Co., 794

So.2d 350, 354 (Ala. 2001) (citation omitted).

16.     Trial counsel was ineffective in its failure to conduct an adequate voir dire,

thereby depriving Mr. Gavin of a fair and impartial jury.

17.     Trial counsel was ineffective in failing to submit a motion to prohibit the seating

of jurors that were not life-qualified. See Morgan v. Illinois, 504 U.S. 719, 727 (1992).

Although Mr. Gavin was entitled to a jury that did not consist of members who were biased in

favor of the death penalty, trial counsel failed to file and obtain a decision that comports with this

requirement. As a result of counsel's ineffectiveness, several members of the venire who were

not life-qualified were seated on the jury that convicted Mr. Gavin.

18.     Trial counsel was ineffective in failing to conduct an adequate voir dire with

respect to race. See Turner v. Murray, 476 U.S. 28 (1986). The population of Cherokee County

is 93% white. This capital murder case involved a black defendant accused of killing a white

man. Counsel posed one superficial question to the entire venire regarding racial prejudice.

Counsel failed to ask any meaningful or probing questions regarding racial prejudice and failed

to request individual voir dire in order to examine this matter with care.

19.     Trial counsel was ineffective in its failure to introduce completed juror

questionnaires into the record. In order to aid counsel with jury selection, veniremembers filled

out a lengthy questionnaire. Trial counsel did not introduce the completed juror questionnaires

into the trial record, and therefore deprived Mr. Gavin of his right to review jury selection for

violations of his constitutional rights.

20.     Trial counsel was ineffective in its failure to challenge the method of selecting the grand jury foreperson and the racial composition of Mr. Gavin's grand jury, jury venire and petite jury.

21.     Trial counsel was ineffective in failing to adequately move to suppress identification evidence obtained in violation of Mr. Gavin's constitutional rights. The State's case relied heavily upon an out-of-court identification by Danny Smith. This identification was used to establish that the person that was driving the van with the victim's body inside, was the same person that was arrested in the woods. The identification was made while Mr. Gavin was sitting in handcuffs in the back of a police car. As such, it was an impermissibly suggestive identification procedure that tainted and rendered unreliable Mr. Smith's subsequent in-court identification. Considering the monumental importance and striking unreliability of this piece of evidence, counsel was ineffective in failing to request a pre-trial suppression hearing to challenge the admissibility of this identification testimony. While there was some argument on a motion to suppress midway through the witness's testimony, counsel failed to request an evidentiary hearing or other factual inquiry about the circumstances of the identification procedure. Counsel failed to expose the unreliable nature and subsequent inadmissibility of an identification that was the linchpin of the State's case.

22.     Trial counsel was ineffective in failing to move to suppress a statement allegedly made by Mr. Gavin that was obtained in violation of his constitutional rights.

23.     Trial counsel was ineffective in failing to move to suppress physical evidence that was obtained in violation of Mr. Gavin's constitutional rights.

24.     Trial counsel was ineffective in its failure to challenge the State's investigation of the case and presentation of the evidence. There were a few key pieces of evidence in the State's case. Each of these key pieces of evidence was flimsy and could have been substantially undermined through cross-examination. Defense counsel failed to conduct rigorous or coherent cross-examinations.

25.     The State's central witness was Mr. Gavin's cousin, DeWayne Meeks. Trial counsel had an arsenal of information that should have been used to impeach Mr. Meeks's credibility. Nevertheless, counsel failed to conduct a rigorous or impeaching cross-examination. Since the crux of the defense case was that Mr. Meeks was the actual murderer, counsel's failure in this regard severely prejudiced Mr. Gavin's defense.

26.     Trial counsel was ineffective in failing to adequately cross-examine DeWayne Meeks about the lack of opportunity Mr. Gavin would have had to steal Meeks' state-issued gun from Meeks' home, which was a critical component of the State's case.

27.     Trial counsel was ineffective in its failure to question the investigating police officers about the details of the search they conducted in the wooded area where Mr. Gavin was arrested. Multiple police officers searched this area for evidence. Nevertheless, the gun did not appear until seven days after Mr. Gavin was arrested. Trial counsel should have exposed the fact that the investigating officers would have found the gun much sooner if it had, in fact, been there at the time of Mr. Gavin's arrest.

28.     Trial counsel was ineffective in failing to adequately cross-examine Barbara Genovese. Ms. Genovese testified that she heard Mr. Gavin make a comment implying that he, and not DeWayne Meeks, was the murderer. At the time that Ms. Genovese gave this testimony,

Mr. Gavin had a lawsuit against her. Trial counsel failed to use the existence of this lawsuit to expose Ms. Genovese's bias against Mr. Gavin.

29.    Trial counsel was ineffective in failing to adequately cross-examine the identification witnesses, Larry Twilley and Danny Smith. Neither identification witness had an opportunity to get a good look at the actual murderer. Neither of the identification witnesses ever provided a detailed physical description of Mr. Gavin that would distinguish him from DeWayne Meeks, the other black man at the scene of the crime. Neither Mr. Meeks nor Mr. Gavin was ever placed in a line-up or photographic array. Both identification witnesses are white and live in Cherokee or Dekalb County. The population of Cherokee County is 93% white. The population of Dekalb County is 93% white. These identification witnesses saw a black man commit a crime and then, when presented with Mr. Gavin, a black handcuffed suspect (in the case of Danny Smith), and a black defendant (in the case of Mr. Twilley), they leaped to the conclusion that he was the murderer. Trial counsel was ineffective in failing to bring out the inability of these witnesses to make a cross-racial identification.

30.    Trial counsel was ineffective in failing to formulate a coherent theory of defense. Counsel suggested to the jury that someone else, possibly DeWayne Meeks, could have killed Mr. Clayton. Mr. Meeks was the only other person who could possibly have killed Mr. Clayton. Counsel's defense strategy could not make sense in the absence of rigorous, accusatory, impeaching cross-examination of Mr. Meeks. Counsel failed to conduct such rigorous cross-examination.

31.     Trial counsel was ineffective in failing to adequately object to several incidences of prosecutorial misconduct.  Failure to object to these statements exposed the jury to outside sources and denied Mr. Gavin's right to a fair jury determination.

32.     Damningly, counsel failed to object to several improper comments made by the prosecutor concerning Mr. Gavin's failure to testify.  Considering the fact that counsel's defense strategy was incoherent in the absence of his testimony, this failure to object was particularly devastating to Mr. Gavin's defense.

33.     Counsel failed to adequately object to inflammatory statements made by the State during opening and closing statements.  Further exacerbating this failure to object, defense counsel failed to present an adequate opening or closing statement.

34.     Trial counsel was ineffective in its failure to challenge the jury instructions. Counsel did not request that the jury be instructed on any lesser included offenses.  The defense strategy set forth at trial certainly could have been consistent with a finding of felony murder.  If the jury believed that Mr. Meeks committed the murder, but that Mr. Gavin was present and somehow involved with the alleged underlying robbery, they may have returned a verdict of felony murder.

35.     Counsel was ineffective during the penalty phase of the trial. It is constitutionally required that the trial court and jury consider "as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604 (1978).  This includes *any* evidence about the defendant's history and life that may be considered by the jury or judge as a mitigating factor. Woodson v. North Carolina, 428 U.S. 280 (1976).  Thus, Mr. Gavin was

entitled to have all aspects of his background, family life, medical history, school records, and any other life experience that may be considered mitigating evidence presented to the jury and judge at the penalty phase of his capital trial. Trial counsel failed to meet this requirement.

36.     Counsel was ineffective in its failure to adequately investigate mitigating evidence from Mr. Gavin's relatives and other witnesses.

37.     Counsel failed to procure necessary records documenting the mitigating circumstances in Mr. Gavin's life, including school records, health records, employment records, correctional records, and religious records of Mr. Gavin, his parents, and his siblings.

38.     If counsel had conducted an adequate investigation of Mr. Gavin's background, counsel would have unearthed a wealth of mitigating evidence that would have convinced the jury to return a verdict of life.

39.     Instead, counsel failed to present a single piece of evidence regarding mitigating circumstances in Mr. Gavin's background.

40.     Counsel called Mr. Gavin's mother as a witness at the penalty phase, but failed to ask her a single question about the mitigating circumstances in Mr. Gavin's background.

41.     Counsel was ineffective in failing to adequately speak with Mr. Gavin's mother and prepare her to testify about mitigating evidence.  During Mr. Gavin's mother's testimony, trial counsel admitted, "I know that when you and I spoke yesterday, I didn't really have an opportunity to prep you for your testimony today. . . ."  (R. 1258.)

42.     Counsel called a Jehovah's Witness minister who first met Mr. Gavin after his arrest.  Counsel failed to ask the minister  any questions about the mitigating circumstances in Mr. Gavin's background.

43.     Counsel failed to present any evidence regarding Mr. Gavin's good behavior while he was incarcerated in Illinois.  See Skipper v. South Carolina, 476 U.S. 1 (1986).

44.     Counsel failed to present any expert testimony relating to mitigating circumstances.

45.     Counsel failed to adequately challenge the State's aggravated circumstances and the evidence admitted in support of it.  Had counsel adequately argued these claims, the jury likely would have given Mr. Gavin a lesser sentence.

46.     Counsel failed to adequately invoke Mr. Gavin's rights guaranteed under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article I section 11 of the Alabama Constitution that Mr. Gavin could only be sentenced to death upon a binding, as opposed to merely advisory, jury verdict of his peers.

_Jury Instruction?_

47.     Counsel failed to adequately invoke Mr. Gavin's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article I section 11 of the Alabama Constitution that Mr. Gavin could only be sentenced to death upon a binding, as opposed to merely advisory, unanimous jury verdict of his peers.

48.     Counsel was also ineffective at the new trial stage and on appeal for failing to adequately litigate claims and for failing to raise claims that would have required courts to grant Mr. Gavin a new trial.

49.     Mr. Gavin's trial and appellate counsel's ineffectiveness violated his rights to counsel, to due process, and a fair trial under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Alabama Constitution, and Alabama law. See Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000); Strickland v. Washington, 466 U.S. 668 (1984).

II.     THE STATE FAILED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS UNDER BRADY V. MARYLAND IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

50.     A defendant is entitled to exculpatory evidence in a criminal proceeding, Brady v. Maryland, 373 U.S. 83 (1963), including statements, impeachment evidence, and physical evidence. United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972); Ex parte Womack, 541 So. 2d 47 (Ala. 1988). In the context of a capital proceeding, the State is under a heightened obligation to provide discovery to the defendant, as the possibility of a death sentence is a special circumstance that places an increased obligation on the State. Ex parte Monk, 557 So. 2d 832 (Ala. 1989).

51.     The State withheld exculpatory information favorable to the defense regarding the credentials of the state medical examiner, Mr. Pustilnik. At the time of the trial, Mr. Pustilnik was under investigation by the Department of Forensic Sciences for substandard work. The State also withheld exculpatory information favorable to the defense regarding its investigation of, and relationship with, DeWayne Meeks.

52.     The State's failure to provide Mr. Gavin with exculpatory and impeachment evidence in violation of his rights to due process and a fair trial protected by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

III.   MR. GAVIN'S FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT
       RIGHTS WERE VIOLATED BY JURORS' FAILURES TO TRUTHFULLY
       DISCLOSE INFORMATION ON VOIR DIRE AND BY THE JURORS'
       CONSIDERATION OF EXTRANEOUS EVIDENCE DURING DELIBERATIONS

53.    Mr. Gavin's right to due process and a fair and impartial jury was violated due to

the failure of several jurors to respond truthfully to multiple questions on voir dire. See Morgan

v. Illinois, 504 U.S. 719, 727 (1992); McDonough Power Equipment, Inc. v. Greenwood, 464

U.S. 548, 554 (1984); Ex parte Ledbetter, 404 So. 2d 731, 733 (Ala. 1981); see also Rosales-

Lopez v. United States, 451 U.S. 182, 188 (1981); Irvin v. Dowd, 366 U.S. 717, 722 (1961);

United States v. Perkins, 748 F.2d 1519, 1534 (11th Cir. 1984); O'Leary v. State, 438 So. 2d

1375, 1375 (Ala. Crim. App. 1983).

54.    Jurors, in order to remain impartial, must be guarded in their deliberations from

outside influences that may unlawfully affect the verdict. The introduction of extraneous

information into the deliberations in Mr. Gavin's case violated his rights to due process and a fair

trial. Turner v. Louisiana, 379 U.S. 466, 472-73 (1965); Remmer v. United States, 347 U.S. 227,

229 (1954) ("[T]he integrity of jury proceedings must not be jeopardized by unauthorized

invasions."); Ex parte Reed, 547 So. 2d 596, 597 (Ala. 1989); Ex parte Troha, 462 So. 2d 953,

954 (Ala. 1984); Miles v. State, 75 So. 2d 479, 672 (Ala. 1954).

*[handwritten in right margin: What is this? On the refiled motion this & any this reference to Biblical figures was improper]*

IV.    MR. GAVIN'S FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT
       RIGHTS WERE VIOLATED WHEN HE WAS SENTENCED TO DEATH
       PURSUANT TO A STATUTORY SCHEME THAT IS UNCONSTITUTIONAL ON
       ITS FACE AND AS APPLIED TO THE CIRCUMSTANCES OF MR. GAVIN'S CASE.

55.    Mr. Gavin's sentence of death is unconstitutional because it was rendered

pursuant to a judgment entered under the Alabama Death Penalty Statute, Ala. Code sec. 13A-5-

39 et seq., which is unconstitutional on its face insofar as it does not afford a capital defendant

the constitutional protection that he only be sentenced to death pursuant to a binding, unanimous jury verdict that the defendant shall be sentenced to death.

56.     The advisory jury empaneled in Mr. Gavin's case did not unanimously conclude that the defendant should be sentenced to death.  Two of the duly empaneled jurors concluded that Mr. Gavin should not be sentenced to death.  The Alabama Death Penalty Statue is therefore unconstitutional as applied to Mr. Gavin insofar has he has been sentenced to death pursuant to a statutory scheme which permits a defendant to be so sentenced even in the absence of a unanimous determination by a jury that the defendant shall be sentenced to death.

V.     MR. GAVIN'S CONVICTION AND SENTENCE WERE  IN VIOLATION OF HIS
       RIGHTS UNDER THE UNITED STATES AND ALABAMA CONSTITUTIONS FOR
       ALL OF THE REASONS ALLEGED IN MR. GAVIN'S PRE-TRIAL MOTIONS,
       MOTIONS FOR JUDGMENT OF ACQUITTAL, MOTIONS IN ARREST OF
       JUDGMENT, MOTIONS FOR NEW TRIAL, POINTS RAISED IN HIS APPEAL TO
       THE ALABAMA COURT OF APPEALS, POINTS RAISED IN HIS PETITION FOR
       WRIT OF CERTIORARI TO THE ALABAMA SUPREME COURT, AND POINTS
       RAISED IN HIS PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES
       SUPREME COURT

57.     In setting forth the allegations above, Mr. Gavin does not intend to waive or otherwise abandon any of his claims that his conviction or sentence were obtained in violation of his rights under the constitutions of the United States or the State of Alabama insofar as those claims were previously raised in earlier proceedings.  Mr. Gavin specifically intends to re-raise those claims, and thereby preserve all such claims for future consideration by federal courts pursuant to 28 U.S.C sec 2254.

FOR THESE REASONS, and such other reasons as may appear to the Court upon further pleading and a full evidentiary hearing, Mr. Gavin respectfully requests this Court to grant the following relief:

(A) conduct a full evidentiary hearing at which Mr. Gavin may offer proof concerning allegations of constitutional violations at his trial;

(B) provide Mr. Gavin with sufficient funds to present witnesses, experts, and other evidence in support of the allegations in this petition;

(C) after a full and complete hearing, order that Mr. Gavin be relieved of his unconstitutionally obtained capital conviction and death sentence; and

(D) allow any such other, further, or alternative relief as may seem just, equitable, and proper.

Respectfully submitted,

KEITH GAVIN

By: _____
    One of his attorneys

Stephen C. Jackson                    Prentice H. Marshall, Jr.
C. Andrew Kitchen                     Melanie Walker
Maynard, Cooper & Gale P.C.           Sidley Austin Brown & Wood LLP
2400 AmSouth/Harbert Plaza            10 S. Dearborn Street
1901 Sixth Avenue North               Chicago, IL  60603
Birmingham, AL 35203                  (312) 853-7000  phone
(205) 254-1000  phone                 (312) 853-7036  facsimile
(205) 254-1999  facsimile

VERIFICATION: I affirm under penalty of perjury that, upon information and belief, the foregoing is true and correct. Signed on May 26 , 2005.

_____
COUNSEL

**FILED**

MAY 2 6 2005

_Carolyn M. Smith_
CIRCUIT CLERK, CHEROKEE COUNTY, AL

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 2 6, 2005, I served a copy of the attached petition by first-class

mail on:

Troy King
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

COUNSEL

**FILED**

**MAY 2 6 2005**

*Carolyn M. Smith*
GIRCUIT CLERK, CHEROKEE COUNTY, AL

16

IN THE NINTH JUDICIAL CIRCUIT COURT OF ALABAMA
CHEROKEE COUNTY CIRCUIT COURT

KEITH GAVIN,                          *
                                      *
            Petitioner,               *
                                      *
      v.                              *        Nos. CC-98-61 and CC-98-62
                                      *
STATE OF ALABAMA,                     *
                                      *
            Respondent.               *

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Keith Gavin, petitioner in the above-styled action respectfully moves this Court for leave to

proceed in Rule 32 proceedings *in forma pauperis*, without prepayment of costs or fees.  Petitioner

has been incarcerated since 1999, and is indigent.  See Declaration in Support of Motion to Proceed

*In Forma Pauperis* (attached); Certificate of Institution (attached).

Respectfully submitted,

KEITH GAVIN

By: _____

One of his attorneys

Stephen C. Jackson                    Prentice H. Marshall, Jr.
C. Andrew Kitchen                     Melanie Walker
Maynard, Cooper & Gale P.C.           Sidley Austin Brown & Wood LLP
2400 AmSouth/Harbert Plaza            10 S. Dearborn Street
1901 Sixth Avenue North               Chicago, IL  60603
Birmingham, AL 35203                  (312) 853-7000  phone
(205) 254-1000  phone                 (312) 853-7036  facsimile
(205) 254-1999  facsimile

# FILED

MAY 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

VERIFICATION: I affirm under penalty of perjury that, upon information and belief, the foregoing is true and correct. Signed on May 26 , 2005.

_____
COUNSEL

**FILED**

MAY 2 6 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

## CERTIFICATE OF SERVICE

I certify that on May _24_, 2005, I served a copy of the attached petition by first-class

mail on:

> Troy King
> Office of the Attorney General
> 11 South Union Street
> Montgomery, Alabama 36130

_____
OF COUNSEL

**FILED**

MAY 2 6 2005

3

IN THE NINTH JUDICIAL CIRCUIT, CHEROKEE COUNTY, ALABAMA

KEITH EDMUND GAVIN,                    )
                                       )
Petitioner,                            )
                                       )
          vs.                          )
                                       )          Case No. CC-98-61 and
STATE OF ALABAMA,                      )              CC-98-62
                                       )
          Respondent.                  )
                                       )

## DECLARATION IN SUPPORT OF
## REQUEST TO PROCEED *IN FORMA PAUPERIS*

I, Keith Edmund Gavin, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief. I swear that the statements below are true.

1.    I am presently incarcerated at Holman State Prison, in Atmore, Alabama, under sentence of death.

2.    I am not presently employed. I have not been employed since I have been incarcerated.

3.    I have not received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends or other source.

4.    The sum total of any cash or savings in my prison account is reflected on the attached account statement.

5.    I currently own no real estate, stocks, bonds, notes, automobiles, or other valuable property.

6.    There are no persons who depend on me for support at this time.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___April 14, 2005___

_Keith Gavin_
Keith Edmund Gavin, Z-665

Subscribed to and sworn to before me this

the _14_ day of _April_, 2005

_Clara Williams_
Notary Public

My commission expires on: _7/17/08___

## CERTIFICATE FROM INSTITUTION

I hereby certify that Keith Edmund Gavin, Z-665, has the sum of $0.12 on account to his credit at Holman Prison, in Atmore, Alabama, where he is confined. I further certify that the amount on account to his credit at Holman Prison for the previous twelve (12) months is as follows:

| Month | Amount |
|-------|--------|
| April 2005 | $0.12 |
| March 2005 | $10.43 |
| February 2005 | $0.27 |
| January 2005 | $26.96 |
| December 2004 | $10.57 |
| November 2004 | $0.00 |
| October 2004 | $8.13 |
| September 2004 | $3.53 |
| August 2004 | $2.76 |
| July 2004 | $0.01 |
| June 2004 | $9.33 |
| May 2004 | $1.94 |

This 15 day of April, 2005.

_C. Bra_____
AUTHORIZED OFFICER OF INSTITUTION

Sworn and subscribed before me this 15 day of April, 2005.

_Clae E. Williams_
Notary Public
My commission expires: 7/17/05

## IN THE NINTH JUDICIAL CIRCUIT COURT OF ALABAMA
## CHEROKEE COUNTY CIRCUIT COURT

KEITH GAVIN,                          *
                                      *
            Petitioner,               *
                                      *
    v.                                *          Nos. CC-98-61 and CC-98-62
                                      *
STATE OF ALABAMA,                     *
                                      *
            Respondent.               *

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Keith Gavin, petitioner in the above-styled action respectfully moves this Court for leave to

proceed in Rule 32 proceedings *in forma pauperis*, without prepayment of costs or fees. Petitioner

has been incarcerated since 1999, and is indigent. See Declaration in Support of Motion to Proceed

*In Forma Pauperis* (attached); Certificate of Institution (attached).

                              Respectfully submitted,

                              KEITH GAVIN

                              By: _____
                                  One of his attorneys

Stephen C. Jackson                    Prentice H. Marshall, Jr.
C. Andrew Kitchen                     Melanie Walker
Maynard, Cooper & Gale P.C.           Sidley Austin Brown & Wood LLP
2400 AmSouth/Harbert Plaza            10 S. Dearborn Street
1901 Sixth Avenue North               Chicago, IL 60603
Birmingham, AL 35203                  (312) 853-7000 phone
(205) 254-1000 phone                  (312) 853-7036 facsimile
(205) 254-1999 facsimile

ORDER: This Court hereby grants the Defendants'
Motion To Proceed In Forma Pauperis.

_____ Judge

5-26-05

**FILED**

MAY 2 6 2005

Cook, and ink
CIRCUIT CLERK, CHEROKEE COUNTY, AL

filed
5-26-05
gor

IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

KEITH GAVIN,                          *
     Petitioner,

                         *

Vs.                                   Case Nos. CC-98-61 and 62

                         *

STATE OF ALABAMA,                     *
     Respondent.

### STATE'S MOTION FOR MORE DEFINITE STATEMENT

     Comes now the State of Alabama, by and through its assistant district attorney, and requests that the subject petition be returned to the petitioner pursuant to Rule 32.6:

1. That Rule 32.6, <u>Alabama Criminal Rules of Procedure</u> dictate that petitions for relief pursuant to Rule 32 "should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court *shall* return the petition to the petitioner to be amended to comply with the form." (emphasis added); <u>Burton v. State</u>, 641 So. 2d 315 (Ala. Crim. App. 1993);

2. That the State received a copy of the Petition from the Court's judicial assistant on Monday, June 13, 2005 and has not yet been properly served.

     WHEREFORE THE PREMISES CONSIDERED, the State requests that the Petitioner's petition be returned to the petitioner for compliance with Rule 32.6 and that the amended petition be properly served upon the District Attorney's Office.

     Respectfully submitted this 15th day of June, 2005.

                               Robert F. Johnston, Jr.
                               Assistant District Attorney
                               Ninth Judicial Circuit

### CERTIFICATE OF SERVICE

     I hereby certify that I have had a copy of the foregoing served upon counsel for the Petitioner via U.S. Mail to Stephen C. Jackson, Maynard, Cooper & Gale P.C., 2400 AmSouth/Harbert Plaza, Birmingham, AL 35203. Done this 15th day of June, 2005.

cc:  Prentice H. Marshall, Jr.
      Attorney for the Defendant

| STATE OF ALABAMA, | * | IN THE CIRCUIT COURT FOR |
|---|---|---|
| PLAINTIFF | * | |
| VS. | * | CHEROKEE COUNTY |
| KEITH EDEMOND GAVIN, | * | |
| DEFENDANT | * | CASE NO:   CC-98-61 |
| | | CC-98-62 |

## O R D E R

Pursuant to Rule 32.6 ARCrP, a copy of the Defendant's Rule 32 Petition is returned to the Defendant's attorney herewith for compliance with said Rule 32.6. Should the Defendant's attorney fail to refile the Defendant's Petition within 30 days, the present Petition shall be dismissed without prejudice.

Done this ___ day of June, 2005.

_____
DAVID A. RAINS, CIRCUIT JUDGE

F I L E D

CIRCUIT CLERK, CHEROKEE COUNTY, AL.

| Copies to: | Attorney for: |
|---|---|
| Mr. Robert F. Johnston | State of Alabama |
| Mr. Scott C. Lloyd | |
| | |
| Mr. Stephen C. Jackson | Keith Edmond Gavin |
| Mr. C. Andrew Kitchen | |
| 2400 AmSouth/Harbert Plaza | |
| 1901 Sixth Avenue North | |
| Birmingham, AL  35203 | |
| | |
| Mr. Prentice H. Marshall, Jr. | Keith Edmond Gavin |
| Ms. Melanie Walker | |
| 10 South Dearborn Street | |
| Chicago, IL  60603 | |

46

**Case Number**

CC-98-61. 60
CC-98-62 . 60
**ID   YR   NUMBER**

**PETITION FOR RELIEF FROM CONVICTION OR SENTENCE**
**(Pursuant to Rule 32, Alabama Rules of Criminal Procedure)**

**IN THE NINTH JUDICIAL CIRCUIT COURT OF ALABAMA**
**CHEROKEE COUNTY CIRCUIT COURT**

**KEITH GAVIN, Petitioner        v.        STATE OF ALABAMA, Respondent.**

Prison Number: Z-665

Place of Confinement:  Homan Correctional Facility, Atmore, Alabama   334-368   3

County of Conviction:  Cherokee

     1.     Name and location (city and county) of court which entered the judgment of conviction or sentence under attack: *City of Fort Payne, County of Cherokee.*

     2.     Date of judgment of conviction: *November 6, 1999.  Sentence entered January 5, 2000.*

     3.     Length of sentence: *Death for capital murder and life in prison for attempted murder.*

     4.     Nature of offense involved (all counts): *(1) One count of murder that was made capital because it was committed during the course of a robbery in the first degree, see § 13A-5-40(a)(2), Ala. Code 1975; (2) one count of murder that was made capital because Mr. Gavin had been convicted of another murder within 20 years of the present murder, see § 13A-5-40(a)(13), Ala. Code 1975; and (3) one count of attempted murder.*

     5.     What was your plea? *Not guilty.*

     6.     Kind of trial: *Jury.*

     7.     Did you testify at the trial? *No.*

     8.     Did you appeal from the judgment of conviction? *Yes.*

     9.     If you did appeal, answer the following:

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

(a) As to the state court to which you first appealed, give the following information:

    **(1)** Name of court: *Court of Criminal Appeals of Alabama.*

    **(2)** Result: *Conviction and sentence of death affirmed.*

    **(3)** Date of result: *September 26, 2003, rehearing denied November 14, 2003.*

    10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state, or federal? *Yes.*

    11.    If your answer to Question 10 was "yes," then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court: *Alabama Supreme Court.*

    (2) Nature of proceeding: *Petition for a writ of certiorari.*

    (3) Grounds raised: *See attached page.*

    (4) Did you receive an evidentiary hearing on your petition, application, or motion? *No.*

    (5) Result: *Denied.*

    (6) Date of result: *May 28, 2004.*

(b) As to any second petition, application, or motion, give the same information:

    **(1)**    Name of court: *United States Supreme Court.*

    **(2)**    Nature of proceeding: *Petition for a writ of* certiorari.

    **(3)**    Grounds raised: *See attached page.*

    **(4)**    Did you receive an evidentiary hearing on your petition, application, or motion? *No.*

    **(5)**    Result: *Denied.*

    **(6)**    Date of result: *January 24, 2005.*

    **(c)**    As to any third petition, application, or motion, give the same information: *N/A.*

    **(d)**    Did you appeal to any appellate court the result of the action taken on any petition, application, or motion? *No.*

# FILED

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not: *Appellate review not available.*

12.     Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include *all* facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

## GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

__X__ A. *The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.* See attached page.

_____ B. *The court was without jurisdiction to render the judgment or to impose the sentence.*

_____ C. *The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.*

_____ D. *Petitioner is being held in custody after his sentence has expired.*

_____ E. *Newly discovered material facts exist which require that the conviction or sentence be vacated by the court.*

_____ F. *The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.*

13.     IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

*"Successive Petitions.* The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence? *No.*

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence: *N/A.*

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds for relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) FOR RELIEF."

**FILED**

**JUL 1 9 2005**

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?  *No.*

15.   Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)  At preliminary hearing:  *J. Kevin Grimes, Esq., P. O. Drawer 603, Centre, Alabama, 35960.*

(b)  At arraignment and plea:  *H. Bayne Smith, Esq., 105 Seaboard Avenue, Piedmont, Alabama, 36272 and John H. Ufford, II, Esq., P. O. Box 396, Crossville, Alabama, 35962.*

(c)  At trial:  *H. Bayne Smith, Esq., 105 Seaboard Avenue, Piedmont, Alabama, 36272 and John H. Ufford, II, Esq., P. O. Box 396, Crossville, Alabama, 35962.*

(d)  At sentencing:  *H. Bayne Smith, Esq., 105 Seaboard Avenue, Piedmont, Alabama, 36272 and John H. Ufford, II, Esq., P. O. Box 396, Crossville, Alabama, 35962.*

(e)  On appeal:  *Stephen P. Bussman, P.O. Box 680925, Fort Payne, Alabama, 35968 and Steven G. Noles, P. O. Box 680883, Fort Payne, Alabama, 35968.*

(f)  I n any post-conviction proceeding:  *Stephen P. Bussman, P.O. Box 680925, Fort Payne, Alabama, 35968..*

(g)  On appeal from adverse ruling in a post-conviction proceeding:  *N/A.*

16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  *Yes.*

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  *No.*

(a)  If so, give name and location of court which imposed sentence to be served in the future:  *N/A.*

(b)  And give date and length of sentence to be served in the future:  *N/A.*

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  *N/A.*

18.   What date is this petition being mailed?  *July 19, 2005.*

# FILED

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.


## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on ___July 19, 2005___.

(Date)

_____

Signature of Petitioner's Attorney

SWORN AND SUBSCRIBED before me on this the 19th day of July, 20 05.

_____

Notary Public

Name and address of attorney representing petitioner in this proceeding (if any):

Stephen C. Jackson
C. Andrew Kitchen
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000 (telephone)
(205) 254-1999 (facsimile)

Prentice H. Marshall, Jr.
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (telephone)
(312) 853-7036 (facsimile)

**FILED**

JUL 1 9 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

5

## ADDENDUM TO QUESTION 11(a)(3)

### Grounds raised in support of petition
### to the Alabama Supreme Court for a writ of *certiorari:*

1.      The trial court committed reversible error by failing to dismiss the capital indictments or vacate the convictions thereon because capital indictments are returned in an arbitrary and capricious or discriminatory manner in the Ninth Judicial District.

2.      The trial court erred to reversal by failing to charge the jury on lesser included offenses, including non-capital murder.

3.      The trial court committed reversible error by refusing to dismiss appointed counsel and offering the defendant the option of proceeding *pro se.*

4.      The sentence of death by electrocution unnecessarily exposes defendant to a constitutionally impermissible likelihood of cruel and unusual punishment.

5.      The conviction of the defendant of capital murder based on his prior Illinois conviction violates his constitutional rights to equal protection of the laws, due process of law, and freedom from cruel and unusual punishments.

6.      The trial court committed reversible error by failing to hold that the defendant's constitutional rights were violated by the methods of convening the grand and petit juries.

7.      The trial court committed reversible error by failing to require the state to provide race neutral reasons for its peremptory jury challenges.

8.      The defendant is entitled to a new trial because the court erroneously admitted evidence over timely and well taken objections.

9.      The trial court committed reversible error by permitting testimony concerning the bloodhound tracking of the defendant without adequate predicate.

**FILED**

JUL 1 9 2005

*Carolyn M. Swink*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCl 785294v.1

10.     The trial court committed reversible error by allowing the introduction of evidence seized pursuant to the unlawful arrest of defendant.

11.     The trial court committed reversible error in denying the defendant's repeated motions for replacement of counsel.

12.     The defendant was denied a fair and impartial trial because of extensive pretrial publicity.

13.     The trial court erred to reversal in failing to order a new trial in light of the state's suppression of exculpatory evidence.

14.     The trial court committed reversible error by denying a mistrial when the State made thinly-veiled references to the defendant's failure to testify.

15.     The trial court committed reversible error in not holding that there was insufficient evidence to support the conviction of the defendant at the guilt phase of the trial.

16.     The court committed reversible error when it improperly weighed aggravating and mitigating circumstances in sentencing the defendant to death.

17.     The sentence of death was imposed pursuant to passion, prejudice, or some arbitrary factor.

18.     The sentence of death is inappropriate in making its mandated independent weighing of aggravating and mitigating circumstances.

19.     The sentence of death is excessive or disproportionate to the penalty imposed in similar cases.

20.     The Alabama Supreme Court must overrule its distinction of <u>Ring v. Arizona</u> in its decision in <u>ex parte Waldrop</u> and vacate the defendant's sentence for determination by a jury pursuant to <u>Ring</u>.

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

## ADDENDUM TO QUESTION 11(b)(3)

### Grounds raised in support of petition
### to the United States Supreme Court for a writ of *certiorari:*

1.      When capital indictments in the Ninth Judicial Circuit of Alabama were returned against 100% of capital-eligible African-Americans, but only against 53% of such whites, the Courts below committed reversible error by failing to dismiss such discriminatory or arbitrary and capricious capital indictments.

2.      The balancing of factual and other considerations necessary, under Alabama law, for determining whether to impose the death penalty, is required to be made by a jury under the Sixth Amendment by the holding in Ring v. Arizona, 536 U.S. 584 (2002) and its progeny.

3.      An "Official Statement of Facts" from the Petitioner's prior Illinois case, alleging gruesome and repugnant details, but not subject to cross-examination or any Confrontation Clause exception, was improperly admitted against Petitioner in his sentencing.

4.      The Courts below committed reversible error by refusing to permit the Defendant the option of proceeding *pro se* and forcibly imposing appointed counsel on him for trial.

5.      The sentence of death by electrocution unnecessarily exposes Petitioner to a constitutionally impermissible likelihood of cruel and unusual punishment.

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

## ADDENDUM TO QUESTION 12.A.

*The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.*

I.      MR. GAVIN WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 6 OF THE ALABAMA CONSTITUTION, AND ALABAMA LAW

Trial counsel did not render reasonably effective legal representation during Mr.

Gavin's capital murder trial and thereby denied Mr. Gavin his rights under the Fifth, Sixth,

Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Section 6 of the

Alabama Constitution, and Alabama law. Wiggins v. Smith, 539 U.S. 510 (2003); Williams v.

Taylor, 529 U.S. 362 (2000); Strickland v. Washington, 466 U.S. 668 (1984).

A criminal defendant is entitled to effective legal representation. Strickland, 466

U.S. 668; Gideon v. Wainwright, 372 U.S. 335 (1963). Indeed, the adversarial system of justice

depends on effective defense counsel. United States v. Cronic, 466 U.S. 648 (1984). Mr.

Gavin's counsel was ineffective at all stages of the criminal proceedings against him and did not

subject the prosecution's case to meaningful adversarial testing. Counsel's performance fell

below "an objective standard of reasonableness" and failed "to make the adversarial testing

process work." Strickland, 466 U.S. at 690. None of trial counsel's errors can be construed as

part of a sound trial strategy. Trial counsel's deficient performance "undermine[d] confidence in

the outcome" of Mr. Gavin's case. Strickland, 466 U.S. at 694; see also Williams, 529 U.S. at

390-91.

The Sixth Amendment guarantees Mr. Gavin the right to effective assistance of

counsel during the penalty phase. Strickland v. Washington, 466 U.S. at 686-87 (1984).

Because the trial court and the jury must consider "any aspect of the defendant's character or

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

record and any of the circumstances of the offense that the defendant proffers as a basis for a

sentence less than death," Lockett v. Ohio, 438 U.S. 586, 604 (1978), trial counsel must

investigate and present such information.  Brownlee v. Haley, 306 F.3d 1043, 1067 (11th Cir.

2002).

To effectively prepare for a capital trial, counsel must investigate every possible

avenue of defense, investigate and challenge all assertions by the State, and subject the State's

case to rigorous examination and testing.  Strickland, 466 U.S. at 688; Wiggins, 539 U.S. at 487-

88 (trial counsel ineffective where failure to adequately investigate precluded making informed

strategic decision).

In this case, trial counsel did not adequately investigate the case, adequately

challenge the State's investigation and presentation of the case, obtain the necessary expert

assistance needed, or obtain the necessary and proper rulings from the trial court through

motions and arguments.  Had trial counsel provided effective representation, there is a

reasonable probability that the outcome of Mr. Gavin's trial would have been different.

Trial counsel failed to adequately investigate the physical evidence in this case.

Counsel did not move to inspect the physical evidence until seven months after the incident.  By

that time, key pieces of exculpatory evidence were no longer available for inspection.  Trial

counsel made no attempt to secure the van that contained exculpatory evidence.  Trial counsel

made no attempt to have the van that contained exculpatory evidence examined by an expert.

Trial counsel failed to adequately investigate the background, criminal history,

and other impeachment evidence of the state's key witness, DeWayne Meeks.

Trial counsel failed to conduct an adequate investigation of impeachment

evidence of members of the Fort Payne Police Department.

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

Counsel was ineffective in failing to adequately investigate the highly prejudicial and inflammatory "official statement of facts" that was introduced at trial regarding Mr. Gavin's prior conviction from Illinois. Although the court ordered the State to turn over the document in advance of trial, the State failed to do so. Counsel never brought the State's failure to comply to the attention of the court. The statement was not turned over until two days before the penalty phase. At that point defense merely argued that it could not challenge the statement because it had no access to the official record in Illinois. As soon as counsel was alerted to the existence of this document, counsel should have begun to investigate the facts regarding Mr. Gavin's prior conviction. Instead, this irrelevant and highly prejudicial document was submitted to the jury with no effective challenge. The introduction of this evidence unconstitutionally biased the jury against Mr. Gavin.

The "Official Statement of Facts" was inadmissible hearsay. It was authored by an Illinois assistant prosecutor—Mr. Mr. Gavin's adversary—and was not verified under oath. The author was not called to testify at trial by the State and was not subject to subpoena by the defendant. Its admission therefore violated Mr. Gavin's Sixth Amendment right to confront his accusers. Counsel was ineffective in failing to assert a violation of Mr. Gavin's rights under the Sixth Amendment.

Trial counsel was ineffective in failing to move for a change of venue despite extensive prejudicial publicity surrounding the case. At a pre-trial conference, counsel notified the court that based on extensive prejudicial publicity, he saw the need to submit a motion for a change of venue. No such motion was ever made. The jury pool in Cherokee County was saturated with potential jurors who had read, heard, and discussed the facts surrounding Mr.

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

Gavin's case. <u>Sheppard v. Maxwell</u>, 384 U.S. 333, 362-63 (1966); <u>Ex parte Monsanto Co.</u>, 794 So.2d 350, 354 (Ala. 2001) (citation omitted).

Trial counsel was ineffective in its failure to conduct an adequate voir dire, thereby depriving Mr. Gavin of a fair and impartial jury.

Trial counsel was ineffective in failing to submit a motion to prohibit the seating of jurors that were not life-qualified. <u>See Morgan v. Illinois</u>, 504 U.S. 719, 727 (1992). Although Mr. Gavin was entitled to a jury that did not consist of members who were biased in favor of the death penalty, trial counsel failed to file and obtain a decision that comports with this requirement. As a result of counsel's ineffectiveness, several members of the venire who were not life-qualified were seated on the jury that convicted Mr. Gavin.

Trial counsel was ineffective in failing to conduct an adequate voir dire with respect to race. <u>See Turner v. Murray</u>, 476 U.S. 28 (1986). The population of Cherokee County is 93% white. This capital murder case involved a black defendant accused of killing a white man. Counsel posed one superficial question to the entire venire regarding racial prejudice. Counsel failed to ask any meaningful or probing questions regarding racial prejudice and failed to request individual voir dire in order to examine this matter with care.

Trial counsel was ineffective in its failure to introduce completed juror questionnaires into the record. In order to aid counsel with jury selection, venire members filled out a lengthy questionnaire. Trial counsel did not introduce the completed juror questionnaires into the trial record, and therefore deprived Mr. Gavin of his right to review jury selection for violations of his constitutional rights.

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

Trial counsel was ineffective in its failure to challenge the method of selecting the grand jury foreperson and the racial composition of Mr. Gavin's grand jury, jury venire and petite jury.

Trial counsel was ineffective in failing to adequately move to suppress identification evidence obtained in violation of Mr. Gavin's constitutional rights. The State's case relied heavily upon an out-of-court identification by Danny Smith. This identification was used to establish that the person that was driving the van with the victim's body inside, was the same person that was arrested in the woods. The identification was made while Mr. Gavin was sitting in handcuffs in the back of a police car. As such, it was an impermissibly suggestive identification procedure that tainted and rendered unreliable Mr. Smith's subsequent in-court identification. Considering the monumental importance and striking unreliability of this piece of evidence, counsel was ineffective in failing to request a pre-trial suppression hearing to challenge the admissibility of this identification testimony. While there was some argument on a motion to suppress midway through the witness's testimony, counsel failed to request an evidentiary hearing or other factual inquiry about the circumstances of the identification procedure. Counsel failed to expose the unreliable nature and subsequent inadmissibility of an identification that was the linchpin of the State's case.

Trial counsel was ineffective in failing to move to suppress a statement allegedly made by Mr. Gavin that was obtained in violation of his constitutional rights.

Trial counsel was ineffective in failing to move to suppress physical evidence that was obtained in violation of Mr. Gavin's constitutional rights.

Trial counsel was ineffective in its failure to challenge the State's investigation of the case and presentation of the evidence. There were a few key pieces of evidence in the State's

FILED

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

case. Each of these key pieces of evidence was flimsy and could have been substantially undermined through cross-examination. Defense counsel failed to conduct rigorous or coherent cross-examinations.

The State's central witness was Mr. Gavin's cousin, DeWayne Meeks. Trial counsel had an arsenal of information that should have been used to impeach Mr. Meeks's credibility. Nevertheless, counsel failed to conduct a rigorous or impeaching cross-examination. Since the crux of the defense case was that Mr. Meeks was the actual murderer, counsel's failure in this regard severely prejudiced Mr. Gavin's defense.

Trial counsel was ineffective in failing to adequately cross-examine DeWayne Meeks about the lack of opportunity Mr. Gavin would have had to steal Meeks' state-issued gun from Meeks' home, which was a critical component of the State's case.

Trial counsel was ineffective in failing adequately to cross-examine DeWayne Meeks about obvious inconsistencies in his testimony concerning his and the defendant's activities and travel from Chicago, their arrival in Chattanooga, and their subsequent travel to Fort Payne and Centre, Alabama.

Trial counsel was ineffective in its failure to question the investigating police officers about the details of the search they conducted in the wooded area where Mr. Gavin was arrested. Multiple police officers searched this area for evidence. Nevertheless, the gun did not appear until seven days after Mr. Gavin was arrested. Trial counsel should have exposed the fact that the investigating officers would have found the gun much sooner if it had, in fact, been there at the time of Mr. Gavin's arrest.

Trial counsel was ineffective in failing to adequately cross-examine Barbara Genovese. Ms. Genovese testified that she heard Mr. Gavin make a comment implying that he,

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

and not DeWayne Meeks, was the murderer.  At the time that Ms. Genovese gave this testimony, Mr. Gavin had a lawsuit against her.  Trial counsel failed to use the existence of this lawsuit to expose Ms. Genovese's bias against Mr. Gavin.

Trial counsel was ineffective in failing to adequately cross-examine the identification witnesses, Larry Twilley and Danny Smith.  Neither identification witness had an opportunity to get a good look at the actual murderer.  Neither of the identification witnesses ever provided a detailed physical description of Mr. Gavin that would distinguish him from DeWayne Meeks, the other black man at the scene of the crime.  Neither Mr. Meeks nor Mr. Gavin was ever placed in a line-up or photographic array.  Both identification witnesses are white and live in Cherokee or Dekalb County.  The population of Cherokee County is 93% white.  The population of Dekalb County is 93% white.  These identification witnesses saw a black man commit a crime and then, when presented with Mr. Gavin, a black handcuffed suspect (in the case of Danny Smith), and a black defendant (in the case of Mr. Twilley), they leaped to the conclusion that he was the murderer.  Trial counsel was ineffective in failing to bring out the inability of these witnesses to make a cross-racial identification.

Trial counsel was ineffective in failing to formulate a coherent theory of defense. Counsel suggested to the jury that someone else, possibly DeWayne Meeks, could have killed Mr. Clayton.  Mr. Meeks was the only other person who could possibly have killed Mr. Clayton. Counsel's defense strategy could not make sense in the absence of rigorous, accusatory, impeaching cross-examination of Mr. Meeks.  Counsel failed to conduct such rigorous cross-examination.

**FILED**

JUL 1 9 2005



CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

Trial counsel was ineffective in failing to adequately object to several incidences of prosecutorial misconduct.  Failure to object to these statements exposed the jury to outside sources and denied Mr. Gavin's right to a fair jury determination.

Damningly, counsel failed to object to several improper comments made by the prosecutor concerning Mr. Gavin's failure to testify.  Considering the fact that counsel's defense strategy was incoherent in the absence of his testimony, this failure to object was particularly devastating to Mr. Gavin's defense.

Counsel failed to adequately object to inflammatory statements made by the State during opening and closing statements.  Further exacerbating this failure to object, defense counsel failed to present an adequate opening or closing statement.

Trial counsel was ineffective in its failure to challenge the jury instructions. Counsel did not request that the jury be instructed on any lesser included offenses.  The defense strategy set forth at trial certainly could have been consistent with a finding of felony murder.  If the jury believed that Mr. Meeks committed the murder, but that Mr. Gavin was present and somehow involved with the alleged underlying robbery, they may have returned a verdict of felony murder.

Counsel was ineffective during the penalty phase of the trial. It is constitutionally required that the trial court and jury consider "as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604 (1978).  This includes *any* evidence about the defendant's history and life that may be considered by the jury or judge as a mitigating factor.  Woodson v. North Carolina, 428 U.S. 280 (1976).  Thus, Mr. Gavin was entitled to have all aspects of his background, family life, medical history, school records, and

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

any other life experience that may be considered mitigating evidence presented to the jury and judge at the penalty phase of his capital trial. Trial counsel failed to meet this requirement.

Counsel was ineffective in its failure to adequately investigate mitigating evidence from Mr. Gavin's relatives and other witnesses.

Counsel failed to procure necessary records documenting the mitigating circumstances in Mr. Gavin's life, including school records, health records, employment records, correctional records, and religious records of Mr. Gavin, his parents, and his siblings.

If counsel had conducted an adequate investigation of Mr. Gavin's background, counsel would have unearthed a wealth of mitigating evidence that would have convinced the jury to return a verdict of life.

Instead, counsel failed to present a single piece of evidence regarding mitigating circumstances in Mr. Gavin's background.

Counsel called Mr. Gavin's mother as a witness at the penalty phase, but failed to ask her a single question about the mitigating circumstances in Mr. Gavin's background.

Counsel was ineffective in failing to adequately speak with Mr. Gavin's mother and prepare her to testify about mitigating evidence.  During Mr. Gavin's mother's testimony, trial counsel admitted, "I know that when you and I spoke yesterday, I didn't really have an opportunity to prep you for your testimony today. . . ." (R. 1258.)

Counsel called a Jehovah's Witness minister who first met Mr. Gavin after his arrest.  Counsel failed to ask the minister any questions about the mitigating circumstances in Mr. Gavin's background.

Counsel failed to present any evidence regarding Mr. Gavin's good behavior while he was incarcerated in Illinois. See Skipper v. South Carolina, 476 U.S. 1 (1986).

**FILED**

**JUL 1 9 2005**

17

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

Counsel failed to present any expert testimony relating to mitigating circumstances.

Counsel failed to adequately challenge the State's aggravated circumstances and the evidence admitted in support of it. Had counsel adequately argued these claims, the jury likely would have given Mr. Gavin a lesser sentence.

Counsel failed to adequately invoke Mr. Gavin's rights guaranteed under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article I section 11 of the Alabama Constitution that Mr. Gavin could only be sentenced to death upon a binding, as opposed to merely advisory, jury verdict of his peers.

Counsel failed to adequately invoke Mr. Gavin's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article I section 11 of the Alabama Constitution that Mr. Gavin could only be sentenced to death upon a binding, as opposed to merely advisory, unanimous jury verdict of his peers.

Counsel was also ineffective at the new trial stage and on appeal for failing to adequately litigate claims and for failing to raise claims that would have required courts to grant Mr. Gavin a new trial.

Mr. Gavin's trial and appellate counsel's ineffectiveness violated his rights to counsel, to due process, and a fair trial under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, the Alabama Constitution, and Alabama law. See Wiggins v. Smith, 539 U.S. 510 (2003); Williams v. Taylor, 529 U.S. 362 (2000); Strickland v. Washington, 466 U.S. 668 (1984).

**FILED**

JUL 1 9 2005



*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

18

II.     THE STATE FAILED TO COMPLY WITH ITS DISCOVERY OBLIGATIONS
        UNDER BRADY V. MARYLAND IN VIOLATION OF THE FIFTH, SIXTH,
        EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
        CONSTITUTION.

        A defendant is entitled to exculpatory evidence in a criminal proceeding, Brady v.

Maryland, 373 U.S. 83 (1963), including statements, impeachment evidence, and physical

evidence.  United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150

(1972); Ex parte Womack, 541 So. 2d 47 (Ala. 1988).  In the context of a capital proceeding, the

State is under a heightened obligation to provide discovery to the defendant, as the possibility of

a death sentence is a special circumstance that places an increased obligation on the State.  Ex

parte Monk, 557 So. 2d 832 (Ala. 1989).

        The State withheld exculpatory information favorable to the defense regarding the

credentials of the state medical examiner, Mr. Pustilnik.  At the time of the trial, Mr. Pustilnik

was under investigation by the Department of Forensic Sciences for substandard work  The State

also withheld exculpatory information favorable to the defense regarding its investigation of, and

relationship with, DeWayne Meeks.

        The State's failure to provide Mr. Gavin with exculpatory and impeachment

evidence in violation of his rights to due process and a fair trial protected by the Fifth, Sixth,

Eighth, and Fourteenth Amendments to the United States Constitution.


III.    MR. GAVIN'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE
        VIOLATED WHEN THE TRIAL COURT REFUSED TO ALLOW MR. GAVIN TO
        PROCEED PRO SE.

        Early in the pre-trial proceedings in this matter, Mr. Gavin recognized that

appointed counsel was unwilling to zealously represent him.  Mr. Gavin expressed to the Court

dissatisfaction with his appointed counsel, based on counsel's failing to adequately represent

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

him.  Before trial commenced, Mr. Gavin asked the trial counsel to dismiss his counsel and

permit Mr. Gavin to proceed pro se.  That request was refused.

A defendant in a criminal case has a right, grounded in the Sixth and Fourteenth

Amendments, to proceed pro se.  Faretta v. California, 422 U.S. 806 (1975).

IV.   MR. GAVIN'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE
      VIOLATED WHEN THE STATE USED ITS PEREMPTORY CHALLENGES IN A
      RACIALLY DISCRIMINATORY MANNER.

The racial composition of Cherokee County is about five percent (5%) African-

American.  The racial composition of Mr. Gavin's petit jury venire similarly consisted of

approximately five percent (5%) African-Americans.  However, the State used fifteen percent

(15%) -- between two and three times the expected percentage -- of its peremptory challenges

against African-Americans.

The State did not provide a racially-neutral explanation for using two-to-three

times the expected number of its peremptory challenges to exclude African-Americans.  It gave

no explanation at all.  Mr. Gavin's right to a jury of his peers was violated.  Batson v. Kentucky,

476 U.S. 79 (1986).

V.    MR. GAVIN'S FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENT
      RIGHTS WERE VIOLATED BY JURORS' FAILURES TO TRUTHFULLY
      DISCLOSE INFORMATION ON VOIR DIRE AND BY THE JURORS'
      CONSIDERATION OF EXTRANEOUS EVIDENCE DURING DELIBERATIONS.

Mr. Gavin's right to due process and a fair and impartial jury was violated due to

the failure of several jurors to respond truthfully to multiple questions on voir dire.  See Morgan

v. Illinois, 504 U.S. 719, 727 (1992); McDonough Power Equipment, Inc. v. Greenwood, 464

U.S. 548, 554 (1984);  Ex parte Ledbetter, 404 So. 2d 731, 733 (Ala. 1981); see also Rosales-

**FILED**

JUL 1 9 2005

DC1 785294v.1

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

Lopez v. United States, 451 U.S. 182, 188 (1981); Irvin v. Dowd, 366 U.S. 717, 722 (1961);

United States v. Perkins, 748 F.2d 1519, 1534 (11th Cir. 1984); O'Leary v. State, 438 So. 2d

1375, 1375 (Ala. Crim. App. 1983).

      Jurors, in order to remain impartial, must be guarded in their deliberations from

outside influences that may unlawfully affect the verdict.  The introduction of extraneous

information into the deliberations in Mr. Gavin's case violated his rights to due process and a fair

trial.  Turner v. Louisiana, 379 U.S. 466, 472-73 (1965); Remmer v. United States, 347 U.S. 227,

229 (1954) ("[T]he integrity of jury proceedings must not be jeopardized by unauthorized

invasions."); Ex parte Reed, 547 So. 2d 596, 597 (Ala. 1989); Ex parte Troha, 462 So. 2d 953,

954 (Ala. 1984); Miles v. State, 75 So. 2d 479, 672 (Ala. 1954).

      Among other things, religion permeated the sentencing hearing.  The prosecutor

made numerous improper arguments during his closing arguments during the sentencing phase

comparing and contrasting Mr. Gavin to Biblical figures.  Mr. Gavin's trial counsel was

ineffective in failing to object to these references and was ineffective in his preparation of a

mitigation witness who made numerous references to the Bible.  The juror's reliance on religion

during deliberations was fundamentally unfair, and violated Mr. Gavin's Sixth and Eight

Amendment rights.  See Romine v. Head, 253 F.3d 1349 (11th Cir. 2001); see also Jones v.

Kemp, 706 F. Supp. 1534 (N.D. Ga. 1989); Ex parte Troha, 462 So. 2d 953 (Ala. 1984).

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DCI 785294v.1

VI.   THE CONVICTION OF THE DEFENDANT OF CAPITAL MURDER BASED ON HIS
PRIOR ILLINOIS CONVICTION VIOLATES HIS CONSTITUTIONAL RIGHTS TO
EQUAL PROTECTION OF THE LAWS, DUE PROCESS OF LAW, FREEDOM
FROM CRUEL AND UNUSUAL PUNISHMENTS, AND FREEDOM FROM
DOUBLE JEOPARDY.

Mr. Gavin was convicted of murder that was made capital because Mr. Gavin had

been convicted of another murder within 20 years of the present murder pursuant to § 13A-5-

40(a)(13), Ala. Code 1975.  During the guilt/innocence phase of Mr. Gavin's trial, the

prosecution referred to Mr. Gavin as "the convicted murder from Chicago" numerous times.  Mr.

Gavin's trial counsel was ineffective in failing to move *in limine* prior to the trial to preclude the

prosecution from making such highly prejudicial statements and for failing to object to such

statements at trial.  Moreover, this statutory scheme is inherently unconstitutional and violates

Mr. Gavin's rights to equal protection of the laws, due process of law, freedom from cruel and

unusual punishments, and freedom from double jeopardy.


VII.   MR. GAVIN'S FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT
RIGHTS WERE VIOLATED WHEN HE WAS SENTENCED TO DEATH
PURSUANT TO A STATUTORY SCHEME THAT IS UNCONSTITUTIONAL ON
ITS FACE AND AS APPLIED TO THE CIRCUMSTANCES OF MR. GAVIN'S CASE.

Mr. Gavin's sentence of death is unconstitutional because it was rendered

pursuant to a judgment entered under the Alabama Death Penalty Statute, Ala. Code sec. 13A-5-

39 et seq., which is unconstitutional on its face insofar as it does not afford a capital defendant

the constitutional protection that he only be sentenced to death pursuant to a binding, unanimous

jury verdict that the defendant shall be sentenced to death.

The advisory jury empanelled in Mr. Gavin's case did not unanimously conclude

that the defendant should be sentenced to death.  Two of the duly empanelled jurors concluded

that Mr. Gavin should not be sentenced to death.  The Alabama Death Penalty Statute is therefore

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

unconstitutional as applied to Mr. Gavin insofar has he has been sentenced to death pursuant to a statutory scheme which permits a defendant to be so sentenced even in the absence of a unanimous determination by a jury that the defendant shall be sentenced to death.


VIII.    MR. GAVIN'S CONFRONTATION CLAUSE RIGHTS UNDER THE SIXTH AND
           FOURTEENTH AMENDMENTS WERE VIOLATED WHEN THE STATE WAS
           ALLOWED TO USE THE "OFFICIAL STATEMENT OF FACTS" AS EVIDENCE

          The State offered an "Official Statement Facts" describing the author's view of the facts surrounding Mr. Gavin's prior conviction.  Despite its title, the document is not "official."  The author, an Illinois assistant prosecutor, functioned as Mr. Gavin's adversary.  The "Official Statement of Facts" was not verified under oath.  The author did not testify and thus was not subjected to cross-examination.

          An accused has a constitutionally guaranteed right to confront—that is, cross-examine—his accusers.  Mr. Gavin was not afforded that right when the "Official Statement of Facts" was admitted in evidence against him, untested by cross-examination. Crawford v. Washington, ___ U.S. ___, 124 S.Ct. 1354 (2004).


IX.     MR. GAVIN'S CONVICTION AND SENTENCE WERE  IN VIOLATION OF HIS
           RIGHTS UNDER THE UNITED STATES AND ALABAMA CONSTITUTIONS FOR
           ALL OF THE REASONS ALLEGED IN MR. GAVIN'S PRE-TRIAL MOTIONS,
           MOTIONS FOR JUDGMENT OF ACQUITTAL, MOTIONS IN ARREST OF
           JUDGMENT, MOTIONS FOR NEW TRIAL, POINTS RAISED IN HIS APPEAL TO
           THE ALABAMA COURT OF APPEALS, POINTS RAISED IN HIS PETITION FOR
           WRIT OF CERTIORARI TO THE ALABAMA SUPREME COURT, AND POINTS
           RAISED IN HIS PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES
           SUPREME COURT.

          In setting forth the allegations above, Mr. Gavin does not intend to waive or otherwise abandon any of his claims that his conviction or sentence were obtained in violation of his rights under the constitutions of the United States or the State of Alabama insofar as those

23

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

DC1 785294v.1

claims were previously raised in earlier proceedings.  Mr. Gavin specifically intends to re-raise

those claims, and thereby preserve all such claims for future consideration by federal courts

pursuant to 28 U.S.C. sec 2254.

DC1 785294v.1

## CERTIFICATE OF SERVICE

I certify that on July 19, 2005, I served a copy of the attached petition by first-class mail

on:

        Robert F. Johnston, Jr.
        Assistant District Attorney
        Ninth Judicial Circuit
        300 Grand Avenue South
        Suite 505
        Ft. Payne, AL 35967

_____
OF COUNSEL

**FILED**

JUL 1 9 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

KEITH GAVIN,                    )
                               )
          Petitioner,          )
                               )
v.                             )    CC-98-61.60
                               )    CC-98-62.60
STATE OF ALABAMA,              )
                               )
          Respondent.          )

### NOTICE OF APPEARANCE

COMES NOW the undersigned Assistant Attorney General, Jasper B. Roberts, Jr., and enters his notice of appearance in the above-styled cause, on behalf of the Respondent.

                         Respectfully submitted,

                         Troy King
                         ATTORNEY GENERAL


                         Jasper B. Roberts, Jr.
                         ASSISTANT ATTORNEY GENERAL

**FILED**

AUG 1 7 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of August 2005, I did serve a copy of the foregoing Notice upon counsel for the petitioner as follows:

Stephen C. Jackson
C. Andrew Kitchen
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Prentice H. Marshall, Jr.
Melanie Walker
10 South Dearborn Street
Chicago, IL 60603


Jasper B. Roberts, Jr.
ASSISTANT ATTORNEY GENERAL


**FILED**

AUG 1 7 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 353-4014, *353-4848

**IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA**

KEITH GAVIN,                          )
                                      )
       Petitioner,                )
                                      )
v.                                    )   CC-98-61.60
                                      )   CC-98-62.60
STATE OF ALABAMA,                     )
                                      )
       Respondent.                )

### STATE OF ALABAMA'S MOTION
### FOR ENLARGEMENT OF TIME

Comes now the Respondent in the above-styled cause, by and through the Attorney General for the State of Alabama, and moves this Honorable Court for an enlargement of 46 days from August 18, 2005, within which to file its answer in this case. As grounds in support of this motion, the State of Alabama offers the following:

1. This is a capital murder case in which the death penalty was imposed.

2. Counsel for the State is involved in numerous other death penalty cases in state courts.

3. The Attorney General's Office, counsel for the State, first learned that Gavin filed a petition for relief from judgment pursuant to Rule 32 on August 15th, 2005.

4. The interests of justice and fairness and th

**FILED**

AUG 1 7 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

Court's function will best be served by granting the requested enlargement in order for the State to thoroughly research and answer the claims raised in the petitioner's Rule 32 petition. Likewise, the petitioner will not be prejudiced if the request for enlargement is granted.

WHEREFORE, for the foregoing reasons, the State of Alabama moves this Court for an enlargement of 46 days within which to file its answer, thus making the State's answer due on or before October 3rd, 2005.

Respectfully submitted,

Troy King
ATTORNEY GENERAL

Jasper B. Roberts, Jr.
ASSISTANT ATTORNEY GENERAL

**FILED**

AUG 1 7 2005

CIRCUIT CLERK, CHEROKEE COUNTY, AL

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of August 2005, I did serve a copy of the foregoing Notice upon counsel for the petitioner as follows:

Stephen C. Jackson
C. Andrew Kitchen
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Prentice H. Marshall, Jr.
Melanie Walker
10 South Dearborn Street
Chicago, IL 60603

Jasper B. Roberts, Jr.
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL 36130
(334) 353-4014, *353-4848

## IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

KEITH GAVIN,                              *
     Petitioner,

                                 *

Vs.                                                  Case Nos. CC-98-61 and 62

                                 *

STATE OF ALABAMA,
     Respondent.                          *

### STATE'S MOTION FOR ADDITIONAL TIME

Comes now the State of Alabama, by and through its assistant district attorney, and requests addition time for "prosecutor's response" pursuant to Rule 32.7 based upon the following grounds:

1. That Rule 32.7(a), <u>Alabama Criminal Rules of Procedure</u> provides that responses to petitions for relief pursuant to Rule 32 are due within thirty (30) days after the service of the petition, "or within the time otherwise specified by the court[.]";

2. That the State received a copy of the latest Petition filed July 19, 2005. The undersigned learned today that the Attorney General's Office will represent the State of Alabama in Rule 32 petitions in capital cases wherein the death penalty has been imposed;

3. Assistant Attorney General Jasper Roberts has been assigned the case and the undersigned has suggested that Mr. Roberts file a formal "Entry of Appearance" for the State to avoid further confusion;

4. That an extension of time to allow Mr. Roberts the opportunity to file a response pursuant to Rule 32.7 is necessary;

WHEREFORE THE PREMISES CONSIDERED, the State requests that the Court grant additional time for the Attorney General's Office to file an "Entry of Appearance" and to respond to the recently filed petition.

Respectfully submitted this 12th day of August, 2005.

                               Robert F. Johnston, Jr.
                               Assistant District Attorney
                               Ninth Judicial Circuit

**FILED**

AUG 1 2 2005

~~CIRCUIT CLERK~~
~~DEKALB COUNTY~~

**FILED**

AUG 1 6 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

## CERTIFICATE OF SERVICE

I hereby certify that I have had a copy of the foregoing served upon counsel for the Petitioner via U.S. Mail to:

Stephen C. Jackson,                    Prentice H. Marshall, Jr.
C. Andrew Kitchen                      Melanie Walker
Maynard, Cooper & Gale P.C.,           Sidley Austin Brown & Wood L.L.P.
2400 AmSouth/Harbert Plaza,            10 S. Dearborn Street
Birmingham, AL  35203.                 Chicago, IL  60603

                    Jasper Roberts
                    Office of the Attorney General
                    Capital Litigation Division
                    Alabama State House
                    11 South Union Street
                    Montgomery, AL  36130-0152

Done this 12th day of August, 2005.

**FILED**

AUG 1 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL.



DEPUTY DISTRICT ATTORNEYS

BEN M. BAXLEY
Fort Payne, Alabama

SCOTT C. LLOYD
Centre, Alabama

ASSISTANT DISTRICT ATTORNEY

ROBERT F. JOHNSTON, JR.
Fort Payne, Alabama

INVESTIGATORS

DANNY SMITH
Centre, Alabama

DARRELL COLLINS
Fort Payne, Alabama

## Michael E. O'Dell

**DISTRICT ATTORNEY**

NINTH JUDICIAL CIRCUIT OF ALABAMA

**300 GRAND AVENUE SOUTH, SUITE 505**
**FORT PAYNE, ALABAMA 35967**
256/845-8550
Facsimile 256/845-8553

August 12, 2005

Jasper Roberts
Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL 36130-0152

Re: ***Keith Gavin vs. State of Alabama***
**CC-98-61.60 and CC-98-62.60**

Dear Mr. Roberts,

This summer I was contacted by the office of Judge David Rains and given notice that Keith Gavin filed a Rule 32 petition. The filing date of this petition was May 26, 2005 and indicated that the petition was mailed first class to the attorney general. My office received a letter from judicial assistant Dorthy Jackson dated June 10, 2005 requesting that we respond to this petition. I filed a motion pursuant to Rule 32.6 for the petition to adhere to the Rule 32 form which was granted.

I learned today that the Attorney General's Office is assigned the task of responding to Rule 32 petitions in capital cases involving the death penalty. The State has until August 18, 2005 to respond to the most recent petition. I am filing a request for additional time today and notifying the Court that you have been assigned this case and will be representing the State in Mr. Gavin's Rule 32 case.

I suggest that you file a formal "Entry of Appearance" for the State so that any pleadings or notices may come to you and avoid confusion. Please find enclosed the pleadings that I have received or filed in the case thus far with respect to the Rule 32 petition. Thank you in advance for your service to our citizens. I will be glad to offer any assistance that you need.

If I can provide further information about the trial of this cause, please feel free to contact me at the above number.  I am

Sincerely yours,

Robert F. Johnston, Jr.
Assistant District Attorney

Enclosures

| State of Alabama, | * | |
| PLAINTIFF | * | |
| | * | **IN THE CIRCUIT COURT OF** |
| vs. | * | **CHEROKEE COUNTY, ALABAMA** |
| | * | **CASE NOS. – CC-1998-061.60** |
| Keith Gavin, | * | CC-1998-060.60 |
| DEFENDANT | * | |
| | * | |
| | * | |

## O R D E R

The State of Alabama has filed a timely request to enlarge the time to respond to the Defendant's Rule 32 Petition.  For good cause shown, this Court hereby grants the State's request and directs that the State's response shall be filed on or before October 3, 2006.

DONE this day, August ___30___, 2005.

David A. Rains, Circuit Judge

COPY TO:

Jasper B. Roberts, Jr.
Mike O'Dell

Stephen C. Jackson
C. Andrew Kitchen
Prentice H. Marshall, Jr.

Attorney for -

Plaintiff – State of Alabama

Defendants – ~Keith Gavin

**FILED**

SEP 0 2 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

## IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

KEITH GAVIN,                          )
                                      )
          Petitioner,                 )
                                      )
v.                                    )   CC-98-61.60
                                      )   CC-98-62.60
STATE OF ALABAMA,                     )
                                      )
          Respondent.                 )

## STATE'S ANSWER AND MOTION TO DISMISS GAVIN'S RULE 32 PETITION

Comes now the State of Alabama, Respondent in the above styled cause, and moves this Honorable Court to dismiss the Rule 32 petition filed on behalf of the petitioner, Keith Gavin. As grounds for its motion, the State says the following:

### RESPONSE TO PROCEDURAL HISTORY

The State does not dispute the statement of the procedural history contained in Gavin's current Rule 32 petition.

### STATEMENT OF THE FACTS

The State adopts by reference the statement of facts contained in the Alabama Court of Criminal Appeals' opinion on direct appeal in Gavin v. State, 891 So. 2d 907, 926-30 (Ala. Crim. App. 2003).

FILED

SEP 3 0 2005

_Carolyn M._
CIRCUIT CLERK, CHEROKEE COUNTY, AL

## LEGAL PRINCIPLES CONCERNING RULE 32

Rule 32.3, Ala. R. Crim. P, provides:

> The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.  The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by preponderance of the evidence.

Further, Rule 32.6(b), Ala. R. Crim. P., states:

> The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

To be entitled to an evidentiary hearing, a petition must be meritorious on its face.

> A petition for [postconviction relief] is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts), Thomas v. State, [274 Ala. 531, 150 So. 2d 387 (1963)]; Ex parte Phillips, 276 Ala. 282, 161 So. 2d 485 (1964); Stephens v. State, 420 So. 2d 826 (Ala. Crim. App. 1982), sufficient to show that the petitioner is entitled to relief if those facts are true.

2

Ex parte Clisby, 501 So. 2d 483, 486 (Ala. 1986).

Thus, Gavin is not automatically entitled to an evidentiary hearing on any of the allegations presented in his petition.  In fact, Rule 32.7(d) provides for the summary disposition of a petition for post-conviction relief as follows:

> If the court determines that the petition is not
> sufficiently specific, or is precluded, or fails
> to state a claim, or that no material issue of
> fact or law exist which would entitle the
> petitioner to relief under this rule and that no
> purpose would be served by any further
> proceedings, the court may either dismiss the
> petition or grant leave to file an amended
> petition.

Ala. R. Crim. P. 32.7(d).  Further, "a judge who presided over the trial or other proceeding and observed the conduct of the attorney at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed."  Ex parte Hill, 591 So. 2d 462, 463 (Ala. 1991).  "If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition

without further proceedings so long as he states the reasons for the denial in a written order." Sheats v. State, 566 So. 2d 1094, 1095 (Ala. Crim. App. 1989).

**I.**  **Gavin's Claim That He Was Denied Effective Assistance Of Counsel Is Due To Be Summarily Dismissed.**

To prevail on his ineffective assistance of counsel claims, Gavin must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). First, he must identify the specific acts or omissions that he alleges were not the result of reasonable professional judgment on counsel's part and show that these acts or omissions fall "outside the wide range of professionally competent assistance." Id. at 690.  If he meets this burden, he must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. See also Ex parte Lucas, 865 So. 2d 418, 421 (Ala. 2002) (upholding the trial court's denial of a Rule 32 petition on the basis that "'when a simple reading of a Rule 32 petition

shows that, assuming the allegations of the petition to be true, it is obviously without merit ..., the trial court may summarily dismiss the petition without requiring any response from the State'") (internal citation omitted).

In a Rule 32 proceeding, the petitioner has the burden of pleading "a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis for those grounds." Ala. R. Crim. P. 32.6(b), 32.3.  Thus, the petitioner must include in his petition a full disclosure of the facts entitling him to relief under Strickland.  If the petitioner fails to specifically plead both the deficient performance prong and the prejudice prong of Strickland, summary dismissal is appropriate under Rule 32.7(d) of the Alabama Rules of Criminal Procedure. See Bracknell v. State, 883 So. 2d 724, 727-28 (Ala. Crim. App. 2003).  If the petitioner fails to establish either of the two Strickland prongs, the court is not required to review the other. McWilliams v. State, 897 So. 2d 437, 441-42 (Ala. Crim. App. 2004).

In paragraphs six (6) through forty-nine (49) of his Rule 32 petition, pages nine (9) through eighteen (18) of his amended petition,[1] Gavin alleges numerous instances of ineffective assistance of counsel.  In accordance with the above principles, each of Gavin's claims is discussed below.

## A.   Gavin's introductory paragraphs are due to be dismissed for lack of specificity.

Paragraphs Six (6) through nine (9) of Gavin's Rule 32 petition, pages nine (9) and ten (10) of his amended petition, are introductory in nature and fail to allege any cause of action whatsoever.  Because these paragraphs fail to allege any ground that would entitle Gavin to relief, they are due to be dismissed under Rule 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure.

## B.   Gavin's claim that his counsel did not adequately investigate, challenge the State's investigation, or challenge the State's presentation of its case is due to be summarily dismissed.

---

[1] Because Gavin failed to number the paragraphs in his amended Rule 32 petition, the State must refer to both the original petition and the amended petition.

In paragraph ten (10) of his Rule 32 petition, page ten (10) of the amended petition, Gavin alleges that:

> In this case, trial counsel did not (1)adequately investigate the case, (2)adequately challenge the State's investigation and presentation of the case, (3)obtain the necessary expert assistance needed, or (4)obtain the necessary and proper rulings from the trial court through motions and arguments. Had trial counsel provided effective representations, there is a reasonable probability that the outcome of Mr. Gavin's trial would have been different.

(Pet. 3; Amend. Pet. 10)   This is Gavin's entire claim.

1.   This claim is due to be dismissed because Gavin has failed to meet his burden of full factual pleading required by Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure.  He has not stated how trial counsel failed to investigate the State's case or how counsel failed to adequately challenge the State's case.[2]  He has completely failed to identify by name or field of expertise any expert that trial counsel should have obtained, has failed to explain why an expert was necessary, has failed to proffer what that expert's testimony would have been, and has failed

---

[2] Due to the severe insufficiency of Gavin's Rule 32 petition, the examples used by the State to exemplify the deficiencies in Gavin's pleading are not all inclusive.

to state how trial counsel's failure to employ an
expert creates a reasonable probability that the
outcome of the trial would have been different. Woods
v. State, CR-02-1959, 2004 WL 1909291, at *16 (Ala.
Crim. App. Aug. 27, 2004)("[Appellant] fail[ed] to
identify any expert by name, or field [of] expertise,
or state in his amended petition what beneficial
testimony such experts might have rendered. ... The
Allegations ... fail to comply with the specificity and
full factual disclosure requirements of Rule 32.6(b).
..."); Duncan v. State, CR-03-1634, 2005 WL 628215, at
*13-14 (Ala. Crim. App. Mar. 18, 2005)(same).  As such,
this allegation is clearly insufficiently pleaded and
is due to be dismissed under Rules 32.6(b) and 32.7(d)
of the Alabama Rules of Criminal Procedure.

    2.   In the alternative, this claim is denied.

    **C.   Gavin's claim that his counsel was ineffective
for failing to investigate physical evidence
is due to be summarily dismissed.**

In paragraph eleven (11) of his petition, page ten
(10) of his amended petition, Gavin claims:

> Trial counsel failed to adequately investigate the
> physical evidence until seven months after the
> incident.  By that time, key pieces of exculpatory
> evidence were no longer available for inspection.

> Trial counsel made no attempt to have the van that contained exculpatory evidence examined by an expert.

(Pet. 3-4, Amend. Pet. 10)   This is Gavin's entire claim.

1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he fully disclose the factual basis of his claim. Ala. R. Crim. P. 32.3; 32.6(b).  For instance, Gavin has not stated how trial counsel failed to investigate the physical evidence or what trial counsel would have uncovered had he investigated the physical evidence differently. See Thomas v. State, 766 So. 2d 860, 892 (Ala. Crim. App. 1998)(citing Nelson v. State, 989 F.2d 847, 850 (5th Cir. 1993)("Claims of failure to investigate must show with specificity what information would have been obtained with investigation, and whether, assuming the evidence is admissible, its admission would have produced a different result."); Woods v. State, CR-02-1959, 2004 WL 1909291, at *16 (Ala. Crim. App. Aug. 27, 2004)(same).  Additionally, Gavin claims that trial counsel failed to uncover exculpatory evidence;

however, he has neglected to identify any exculpatory evidence or to state how such evidence was exculpatory. Furthermore, he has not alleged any facts that could establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. As such, Gavin has completely failed to meet his burden of full factual pleading; thus, this claim is due to be summarily dismissed under Rules 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure.

 2. In the alternative, this claim is denied.

 **D.** **Gavin's claim that his counsel was ineffective for failing to investigate a key witness is due to be summarily dismissed.**

In paragraph twelve (12) of his Rule 32 petition, page ten (10) of his amended petition, Gavin claims that "[t]rial counsel failed to adequately investigate the background, criminal history, and other impeachment evidence of the [S]tate's key witness, DeWayne Meeks." (Pet. 4, Amend. Pet. 10)   This is the entirety of Gavin's allegation.

 1. This claim is due to be summarily dismissed because Gavin has failed to meet the pleading and specificity requirements of Rules 32.3 and 32.6(b) of

the Alabama Rules of Criminal Procedure.  Gavin has not

specified what an adequate investigation by counsel

would have uncovered or how such information would have

altered the outcome of the trial. See Thomas, 766 So.

2d at 892; Woods, 2004 WL 1909291, at *16.  This

conclusory allegation completely fails to meet the

specificity requirements of Rule 32.6(b) of the Alabama

Rules of Criminal Procedure and is due to be summarily

dismissed. See Ala. R. Crim. P. 32.6(b); 32.7(d).

    2.   In the alternative, this claim is denied.

**E.   Gavin's claim that his counsel was ineffective for failing to investigate the police is due to be summarily dismissed.**

In paragraph thirteen (13) of his Rule 32

petition, page ten (10) of his amended petition, Gavin

claims that "[t]rial counsel failed to conduct an

adequate investigation of impeachment evidence of

members of the Fort Payne Police Department." (Pet. 4;

Amend. Pet. 10)  This is the entirety of Gavin's claim.

    1.   This claim is due to be summarily dismissed

because Gavin has utterly failed to meet the pleading

and specificity requirements of Rules 32.3 and 32.6(b)

of the Alabama Rules of Criminal Procedure.  He has not

identified which officers trial counsel should have investigated or what impeachment evidence could have been uncovered. See Thomas, 766 So. 2d at 892; Woods, 2004 WL 1909291, at *16.   Furthermore, he has completely failed to allege any facts that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.   Because this claim fails to meet the specificity requirement of Rule 32.6(b), it is due to be summarily dismissed. See Ala. R. Crim. P. 32.6(b); 32.7(d).

> 2.   In the alternative, this claim is denied.

> **F.   Gavin's claim that his counsel was ineffective for failing to investigate "Official Statement of Facts" is due to be summarily dismissed.**

In paragraph fourteen (14) of his Rule 32 petition, page eleven (11) of his amended petition, Gavin claims that his trial counsel was ineffective for failing to investigate and challenge the State's use of the "Official Statement of Facts" regarding his prior Illinois murder conviction.

> 1.   This claim is due to be summarily dismissed because Gavin has failed to meet the pleading and specificity requirements of Rules 32.3 and 32.6(b) of

the Alabama Rules of Criminal Procedure.  Although

Gavin claims that trial counsel failed to investigate

the facts contained in the "Official Statement of

Facts," he has not alleged any facts that would have

been uncovered through further investigation, or how

that information could have been used to undermine the

"Official Statement of the Facts."  He has not alleged

any facts that would establish that the "Official

Statement of Facts" was hearsay or that its admission

violated his Sixth Amendment Rights.  Furthermore, he

has not alleged any facts that would establish

prejudice under Strickland. See Bracknell, 883 So. 2d

at 727-28.   As such, Gavin has failed to meet his

burden of full factual pleading, and this claim is due

to be summarily dismissed.  Ala. R. Crim. P. 32.6(b);

32.7(d).

    2.   To the extent that Gavin alleges that his

trial counsel was ineffective for failing to move to

suppress the "Official Statement of Facts" as hearsay

and a violation of his right to confrontation, this

claim is due to be summarily dismissed because he has

failed to state a claim and because no material issue

of fact or law exists that would entitle him to relief.
See Ala. R. Crim. P. 32.7(d).  The underlying
substantive issue with which Gavin has attempted to
support his ineffective assistance of counsel claim was
reviewed on direct appeal for plain error and decided
adversely to Gavin. Gavin v. State, 891 So. 2d 907,
952-957 (Ala. Crim. App. 2003).   (pages 70-84 of original text)

In Williams v. State, 783 So. 2d 108, 133 (Ala.
Crim. App. 2000), the Alabama Court of Criminal Appeals
held:

> A finding of no manifest injustice under the
> 'plain error' standard on a direct appeal serves
> to establish a finding of no prejudice under the
> test for ineffective assistance of counsel
> provided in Strickland v. Washington, 466 U.S.
> 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

See also Hunt v. State, CR-02-0813, 2005 WL 2046326,
at *5-6 (Ala. Crim. App. Aug. 26, 2005)(holding that a
finding of no plain error forecloses a claim of
prejudice under Strickland v. Washington, 466 U.S. 668
(1984)); Woods v. State, CR-02-1959, 2004 WL 1909291,
at *13-14 (Ala. Crim. App. Aug. 27, 2004)(same); Boyd
v. State, CR-02-0037, 2003 WL 22220330, at *8-9 (Ala.
Crim. App. Sept. 26, 2003)(same).  Because Gavin raised
the underlying substantive issue on direct appeal, he

"cannot relitigate the issue under the guise of
ineffective assistance of counsel in a postconviction
proceeding." Id.  Based on the law in Alabama, this
allegation fails to state a claim or to raise a
material issue of fact or law that would entitle Gavin
to relief under <u>Strickland</u>.  Ala. R. Crim. P. 32.7(d).
Therefore, it is due to be summarily dismissed.

    3.   In the alternative, this claim is denied.

**G.   Gavin's claim that his counsel was ineffective
for failing to move for change of venue is due
to be summarily dismissed.**

In paragraph fifteen (15) of his Rule 32 petition,
pages eleven (11) and twelve (12) of his amended
petition, Gavin claims:

> Trial counsel was ineffective in failing to move
> for a change of venue despite extensive
> prejudicial publicity surrounding the case.  At a
> pre-trial conference, counsel notified the court
> that based on extensive prejudicial publicity, he
> saw the need to submit a motion for a change of
> venue.  No such motion was ever made.  The jury
> pool in Cherokee County was saturated with
> potential jurors who had read, heard, and
> discussed the facts surrounding Mr. Gavin's case.

(Pet. 4-5, Amend. Pet. 11-12)(citations omitted)  This
constitutes Gavin's entire claim.

    1.   This claim is due to be summarily dismissed
because Gavin has failed to meet his burden of pleading

with specificity as required by Rules 32.3 and 32.6(b)
of the Alabama Rules of Criminal Procedure.  This
clearly deficient allegation fails to state any facts
that would support a motion for a change of venue.  For
instance, Gavin has not pleaded the contents of any
media coverage, nor has he specified the identity of
any juror who served on his jury that entertained an
opinion regarding his guilt that could not be set
aside. See Duncan v. State, CR-03-1634, 2005 WL 628215,
at *15-16 (Ala. Crim. App. Mar. 18, 2005)("Duncan has
failed to include any facts in his petition to show
that his trial counsel could have presented evidence
sufficient to warrant a change of venue. Rather, he has
simply made bare allegations that there was prejudicial
publicity and that this publicity biased the jurors,
such that he could not receive a fair trial.") See
Henderson v. State, 612 So. 2d 1256, 1258 (Ala. Crim.
App. 1992)(holding that "[a] bare allegation is not
sufficient to prove that the defendant was actually
prejudiced or that the community was so saturated with
prejudicial publicity as to render the trial setting
inherently suspect").  As such, Gavin has failed to

meet his burden of full factual pleading, and this claim is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.    This claim is due to be summarily dismissed because Gavin has failed to state a claim upon which relief may be granted and because no material issue of fact of law exists that would entitle him to relief. Ala. R. Crim. P. 32.7(d).  On direct appeal, the Alabama Court of Criminal Appeals reviewed this issue for plain error and found "no error, plain or otherwise. ..." Gavin v. State, 891 So. 2d 907, 938-40 (Ala. Crim. App. 2003).

In Williams v. State, 783 So. 2d 108, 133 (Ala. Crim. App. 2000), the Alabama Court of Criminal Appeals held:

> A finding of no manifest injustice under the 'plain error' standard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

See also Hunt, 2005 WL 2046326,  at *5-6 (holding that a finding of no plain error forecloses a claim of prejudice under Strickland v. Washington, 466 U.S. 668 (1984)); Woods, 2004 WL 1909291, at *13-14 (same);

Boyd, 2003 WL 22220330, at *8-9 (same).  Because Gavin raised the underlying substantive issue on direct appeal, he "cannot relitigate the issue under the guise of ineffective assistance of counsel in a postconviction proceeding."  Id.  Based on the law in Alabama, this allegation fails to state a claim or to raise a material issue of fact or law.  Ala. R. Crim. P. 32.7(d).  Therefore, it is due to be summarily dismissed.

     3.   In the alternative, this claim is denied.

**H.    Gavin's claim that his counsel was ineffective for failing to conduct adequate voir dire is due to be summarily dismissed.**

In paragraph sixteen (16) of his petition, page twelve (12) of his amended petition, Gavin claims that "[t]rial counsel was ineffective in its failure to conduct an adequate voir dire, thereby depriving Mr. Gavin of a fair and impartial jury."  This is the entirety of Gavin's claim.

     1.   This claim is due to be summarily dismissed because Gavin has failed to meet the pleading and specificity requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure.  In his

conclusory allegation, Gavin has not stated what

counsel should have done differently or what additional

questions counsel should have asked. See Duncan, 2005

WL 628215, at *19-21.  Furthermore, he has made no

attempt to allege any facts that would establish

prejudice under Strickland. See Bracknell, 883 So. 2d

at 727-28.  As such, Gavin has failed to meet his

burden of full factual pleading, and this claim is due

to be summarily dismissed. See Ala. R. Crim. P.

32.6(b); 32.7(d).

    2.   In the alternative, this claim is denied.

**I.  Gavin's claim that his counsel was ineffective for failing to life qualify the jury is due to be summarily dismissed.**

In paragraph seventeen (17) of his Rule 32

petition, page twelve (12) of his amended petition,

Gavin alleges that:

> Trial counsel was ineffective in failing to submit a motion to prohibit the seating of jurors that were not life-qualified.  Although Mr. Gavin was entitled to a jury that did not consist of members who were biased in favor of the death penalty, trial counsel failed to file and obtain a decision that comports with this requirement.  As a result of counsel's ineffectiveness, several members of the venire who were not life-qualified were seated on the jury that convicted Mr. Gavin.

(Pet. 5; Amend. Pet. 12)(citations omitted)   This is
Gavin's entire claim.

1.   This claim is due to be summarily dismissed
because Gavin has failed to meet the pleading and
specificity requirements of Rules 32.3 and 32.6(b) of
the Alabama Rules of Criminal Procedure.  In this bare-
bones allegation, Gavin has not stated how trial
counsel should have life-qualified the jury or
identified a single member of the jury who was biased
in favor of death.  Furthermore, he has neglected to
allege any facts that, if proven, would establish
prejudice under Strickland. See Bracknell, 883 So. 2d
at 727-28.  As such, Gavin has utterly failed to meet
his burden of full factual pleading, and this claim is
due to be summarily dismissed. Ala. R. Crim. P.
32.6(b); 32.7(d).

2.   In the alternative, this claim is denied.

**J.   Gavin's claim that his counsel was ineffective
for failing to voir dire the venire regarding
race is due to be summarily dismissed.**

In paragraph eighteen (18) of his Rule 32
petition, page twelve (12) of his amended petition,
Gavin alleges that:

> Trial counsel was ineffective in failing to
> conduct adequate voir dire with respect to race.
> The population of Cherokee County is 93% white.
> This capital murder case involved a black
> defendant accused of killing a white man.   Counsel
> posed one superficial question to the entire
> venire regarding racial prejudice and failed to
> request individual voir dire in order to examine
> this matter with care.

(Pet. 5; Amend. Pet. 12)(citations omitted)   This is

Gavin's entire claim.

1.   This claim is due to be summarily dismissed

because Gavin has failed to meet the pleading and

specificity requirements of Rules 32.3 and 32.6(b) of

the Alabama Rules of Criminal Procedure.   This claim is

nothing more than a bare allegation that trial counsel

was ineffective without any factual support whatsoever.

Gavin has not alleged how trial counsel should have

questioned the venire, what addition questions should

have been asked, or any facts that show that he would

have been entitled to individual voir dire. See

Duncan, 2005 WL 628215, at *19-21.   Additionally, he

has not identified a single racist juror who decided

his case, or alleged any facts that would establish

prejudice under Strickland. See Bracknell, 883 So. 2d

at 727-28.   As such, he has utterly failed to meet his

burden of full factual pleading, and this claim is due

to be summarily dismissed. Ala. R. Crim. P. 32.6(b);

32.7(d).

2.    In the alternative, this claim is denied.

**Gavin's claim that his counsel was ineffective for failing to introduce complete juror questionnaires is due to be summarily dismissed.**

In paragraph nineteen (19) of his Rule 32

petition, page twelve (12) of his amended petition,

Gavin claims that:

> Trial counsel was ineffective in its failure to
> introduce completed juror questionnaires into the
> record.  In order to aid counsel with jury
> selection, venire members filled out a lengthy
> questionnaire.  Trial counsel did not introduce
> the completed juror questionnaires into the trial
> record, and therefore deprived Mr. Gavin of his
> right to review jury selection for violations of
> his constitutional rights.

(Pet. 5; Amend. Pet. 12)  This is Gavin's entire claim.

1.    This claim is due to be summarily dismissed

because Gavin has failed to meet the pleading and

specificity requirements of Rules 32.3 and 32.6(b) of

the Alabama Rules of Criminal Procedure.  This claim

consists of nothing more than a bare allegation that

failure to introduce the juror questionnaires was an

error.  Gavin has not pleaded what information is

22

contained in the juror questionnaires, how that information would have aided judicial review of jury selection, or what constitutional violation is proved by potential jurors' answers to the questionnaires. Furthermore, he has not attempted to plead any facts that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. As such, he has completely failed to meet his burden of full factual pleading, and this claim is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

    2.    In the alternative, this claim is denied.

    **L.**    **Gavin's claim that his counsel was ineffective for failing to challenge the method of selecting the grand jury foreman, racial composition of the grand jury, racial composition of the jury venire, and racial composition of the petit jury is due to be summarily dismissed.**

In paragraph twenty (20) of his Rule 32 petition, page thirteen (13) of his amended petition, Gavin claims that "[t]rial counsel was ineffective in its failure to challenge the method of selecting the grand jury foreperson and the racial composition of Mr. Gavin's grand jury, jury venire and petite jury." (Pet. 6; Amend. Pet. 13) This is Gavin's entire claim.

1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity as required by Rule 32.6(b) of the Alabama Rules of Criminal Procedure.  This bare allegation fails to allege a single fact that would establish racial improprieties regarding Gavin's juries.  Moreover, Gavin has completely failed to allege any facts that would establish prejudice under Strickland.  See Bracknell, 883 So. 2d at 727-28.  As such, Gavin has not met his burden of full factual pleading, and this claim is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.   To the extent that Gavin alleges that his trial counsel was ineffective for failing to challenge the racial composition of his grand jury, jury venire, and petite juror, this claim is due to be dismissed for failure to state a claim or raise a material issue of fact or law that would entitle him to relief. Ala. R. Crim. App. 32.7(d).  The Alabama Court of Criminal Appeals reviewed these issues for plain error and found none to exist. Gavin v. State, 891 So. 2d 907, 944-49 (Ala. Crim. App. 2003).  *Original text @ p 48-58*

In <u>Williams v. State</u>, 783 So. 2d 108, 133 (Ala.

Crim. App. 2000), the Alabama Court of Criminal Appeals

held:

> A finding of no manifest injustice under the
> 'plain error' standard on a direct appeal serves
> to establish a finding of no prejudice under the
> test for ineffective assistance of counsel
> provided in <u>Strickland v. Washington</u>, 466 U.S.
> 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

See also <u>Hunt</u>, 2005 WL 2046326, at *5-6 (holding that

a finding of no plain error forecloses a claim of

prejudice under <u>Strickland v. Washington</u>, 466 U.S. 668

(1984)); <u>Woods</u>, 2004 WL 1909291, at *13-14 (same);

<u>Boyd</u>, 2003 WL 22220330, at *8-9 (same). Because Gavin

raised these underlying substantive issues on direct

appeal, he "cannot relitigate the issue[s] under the

guise of ineffective assistance of counsel in a

postconviction proceeding." Id. Based on the law in

Alabama, this allegation fails to state a claim or to

raise a material issue of fact or law. Ala. R. Crim.

P. 32.7(d). Therefore, it is due to be summarily

dismissed.

    3.    In the alternative, this claim is denied.

**M.   Gavin's claim that his counsel was ineffective for failing to adequately move to suppress identification evidence is due to be summarily dismissed.**

In paragraph twenty-one (21) of his Rule 32 petition, page thirteen (13) of his amended petition, Gavin claims that counsel was ineffective for failing to adequately move to suppress the identification made by Danny Smith because the procedure was overly suggestive.

1.   This claim is due to be summarily dismissed because Gavin has failed to state a claim or to raise a material issue of fact or law that would entitle him to relief. Ala. R. Crim. P. 32.7(d). On direct appeal, the Alabama Court of Criminal Appeals reviewed the underlying substantive claim and found that "the one-man showup was not unnecessarily or impermissibly suggestive." Gavin v. State, 891 So. 2d 907, 961 (Ala. Crim. App. 2003). Gavin, without alleging any new evidence to suggest that the showup was unduly suggestive, seeks to establish that fact under the guise of ineffective assistance of counsel. However, because the Court of Criminal Appeals has determined that Smith's identification was not unduly suggestive

*what page*

26

and was properly admitted and because Gavin has not
presented any new facts that would undermine that
determination, he cannot establish ineffective
assistance of counsel, and this claim is due to be
summarily dismissed. See Williams, 783 So. 2d at 133;
Hunt, 2005 WL 2046326, at *5-6; Woods, 2004 WL
1909291, at *13-14; Boyd, 2003 WL 22220330, at *8-9.

    2.    This claim is due to be summarily dismissed
because Gavin has not satisfied his burden of pleading
with specificity as required by Rules 32.3 and 32.6(b)
of the Alabama Rules of Criminal Procedure.  In his
petition, Gavin has failed to allege what evidence
trial counsel did not present in its motion to suppress
Smith's identification testimony.  He has not alleged
any facts that would establish that he would have been
entitled to an evidentiary hearing, or how requesting
an evidentiary hearing would have resulted in a
different outcome.  Finally, Gavin has completely
neglected to plead any facts that would establish
prejudice under Strickland. See Bracknell, 883 So. 2d
at 727-28.  As such, this claim lacks the full factual

pleading required under Alabama law and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

   3.   In the alternative, this claim is denied.

## N. Gavin's claim that his counsel was ineffective for failing to move to suppress his statement is due to be dismissed.

In paragraph twenty-two (22) of his Rule 32 petition, page thirteen (13) of his amended petition, Gavin claims that "[t]rial counsel was ineffective in failing to move to suppress a statement allegedly made by Mr. Gavin that was obtained in violation of his constitutional rights." (Pet. 6; Amend. Pet. 13) This is Gavin's entire claim.

   1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity as required by Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure.  Gavin has not identified which statement counsel failed to move to suppress; thus, leaving the state and this Court unable to determine whether he is referring to the statement that he made in Deputy Kenneth Ware's presence, the statement he made to Barbara Genovese, or any other statement. (R. 762-63; 992)  Furthermore, he

has not alleged the contents of the statement, how the statement was harmful to his case, or any facts that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.  Finally, Gavin has made absolutely no attempt to allege any facts or legal principles that support his contention that the unidentified statement was unconstitutional and could have been suppressed. See Brown v. State, 903 So. 2d 159, 165 (Ala. Crim. App. 2004)(holding that a bare allegation that counsel was ineffective for failing to move to suppress evidence was insufficiently pleaded). As such, Gavin has completely failed to meet his burden of full factual pleading, and this claim is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

    2.    In the alternative, this claim is denied.

**O.    Gavin's claim that his counsel was ineffective for failing to suppress physical evidence is due to be summarily dismissed.**

In paragraph twenty-three (23) of his petition, page thirteen (13) of his amended petition, Gavin claims that "[t]rial counsel was ineffective in failing to move to suppress physical evidence that was obtained in violation of Mr. Gavin's constitutional rights."

(Pet. 6; Amend. Pet. 13)   Again, this is Gavin's entire
claim.

1.   This claim is due to be summarily dismissed
because Gavin has failed to meet his burden of pleading
with specificity as required by Rule 32.6(b) of the
Alabama Rules of Criminal Procedure.   The most glaring
deficiency in this claim is the fact that Gavin has not
alleged any facts. See Brown v. State, 903 So. 2d 159,
165 (Ala. Crim. App. 2004)(holding that a bare
allegation that counsel was ineffective for failing to
move to suppress evidence was insufficiently pleaded).
He has completely failed to identify any physical
evidence that counsel should have had suppressed or to
allege any facts that would establish that such
evidence could have been suppressed.   Additionally, he
has made absolutely no attempt to plead any facts that
would establish prejudice under Strickland. See
Bracknell, 883 So. 2d at 727-28.   As such, this claim
lacks the full factual pleading required under Alabama
law and is due to be summarily dismissed. Ala. R. Crim.
P. 32.6(b); 32.7(d).

2.   In the alternative, this claim is denied.

**P.   Gavin's claim that his counsel was ineffective for failing to challenge the State's investigation of the case and presentation of the evidence is due to be summarily dismissed.**

In paragraph twenty-four (24) of his Rule 32

petition, pages thirteen (13) and fourteen (14) of his

amended petition, Gavin claims that:

> Trial counsel was ineffective in its failure to challenge the State's investigation of the case and presentation of the evidence.   There were a few key pieces of evidence in the State's case. Each of these key pieces of evidence was flimsy and could have been substantially undermined through cross-examination.   Defense counsel failed to conduct rigorous or coherent cross-examination.

(Pet. 7; Amend. Pet. 13-14)   This is Gavin's entire

claim.

1.   This claim is due to be summarily dismissed

because Gavin has failed to meet his burden of pleading

with specificity as required by Rule 32.6(b) of the

Alabama Rules of Criminal Procedure.   Gavin has not

stated how trial counsel's challenges to the State's

investigation of the case and presentation of the

evidence were deficient.   He has failed to allege how

trial counsel should have cross-examined witnesses

differently, i.e. what additional questions should have

been asked and what information would have been

elicited through further cross-examination. <u>Duncan</u>,

2005 WL 628215, at *25; <u>Boyd</u>, 746 So. 2d at 384-88.  He

has not identified what key pieces of evidence should

have been attacked, nor has he specified how that

evidence could have been attacked.  Finally, Gavin has

utterly failed to plead any facts that would establish

prejudice under <u>Strickland</u>. <u>See</u> <u>Bracknell</u>, 883 So. 2d

at 727-28.  As such, this claim lacks the full factual

pleading required under Alabama law and is due to be

summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

     2.   In the alternative, this claim is denied.

**Q.   Gavin's claim that his counsel was ineffective
for failing to impeach DeWayne Meeks is due to
be summarily dismissed.**

In paragraph twenty-five (25) of his Rule 32

petition, page fourteen (14) of his amended petition,

Gavin claims that:

> The State's central witness was Mr. Gavin's
> cousin, DeWayne Meeks.  Trial Counsel had an
> arsenal of information that should have been used
> to impeach Mr. Meeks's credibility.  Nevertheless,
> counsel failed to conduct a rigorous or impeaching
> cross-examination.  Since the crux of the defense
> case was that Mr. Meeks was the actual murderer,
> counsel's failure in this regard severely
> prejudiced Mr. Gavin's defense.

(Pet. 7; Amend. Pet. 14)  This is Gavin's entire claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity. Ala. R. Crim. P. 32.3; 32.6(b). Gavin's pleading deficiency is best exemplified by the fact that he has not identified or described any evidence that could have been used to impeach Meeks, how trial counsel could have impeached Meeks, or how the failure to impeach Meeks's testimony prejudiced him under Strickland. See Boyd, 746 So. 2d at 384-88; Bracknell, 883 So. 2d at 727-28. Because this claim lacks the full factual pleading required under Alabama law, it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.    In the alternative, this claim is denied.

**R.   Gavin's claim that his counsel was ineffective for failing to adequately cross-examine Meeks regarding the pistol is due to be summarily dismissed.**

In paragraph twenty-six (26) of his Rule 32 petition, page fourteen (14) of his amended petition, Gavin claims that "[t]rial counsel was ineffective in failing to adequately cross-examine DeWayne Meeks about the lack of opportunity Mr. Gavin would have had to steal Meeks' state-issued gun from Meeks' home, which

was a critical component of the State's case." (Pet. 7;
Amend. Pet. 14)   This is Gavin's entire allegation.

1.   This claim is due to be summarily dismissed
because Gavin has failed to meet his burden of pleading
with specificity as required by Alabama Law. Ala. R.
Crim. P. 32.3; 32.6(b).  Gavin's failure to plead with
requisite specificity is best illustrated by his
failure to plead a single fact that would establish
that he did not have an opportunity to steal Meeks's
pistol.  He has utterly failed to explain how trial
counsel should have cross-examined Meeks regarding the
pistol or how failure to conduct such cross-examination
prejudiced him under Strickland. See Duncan, 2005 WL
628215, at *25; Boyd, 746 so. 2d at 384-88; Bracknell,
883 So. 2d at 727-28.  Because this claim is woefully
deficient of any facts that would establish that Gavin
is entitled to relief, it is due to be dismissed for
failure to comply with Rules 32.3 and 32.6(b) of the
Alabama Rules of Criminal Procedure.

2.   In the alternative, this claim is denied.

**S.   Gavin's claim that his counsel was ineffective
for failing to question investigating police
officers is due to be summarily dismissed.**

In paragraph twenty-seven (27) of his Rule 32

petition, page fourteen (14) of his amended petition,

Gavin claims that:

> Trial counsel was ineffective in its failure to
> question the investigating police officers about
> the details of the search they conducted in the
> wooded area where Mr. Gavin was arrested.
> Multiple police officers searched this area for
> evidence.  Nevertheless, the gun did not appear
> until seven days after Mr. Gavin was arrested.
> Trial counsel should have exposed the fact that
> the investigating officers would have found the
> gun much sooner if it had, in fact, been there at
> the time of Mr. Gavin's arrest.

(Pet. 7; Amend. Pet. 14)  This is Gavin's entire claim.

1.   This claim is due to be summarily dismissed

because Gavin has failed to meet the specificity

requirement of Rule 32.6(b) of the Alabama Rules of

Criminal Procedure.  Gavin's failure to plead with the

requisite specificity is exemplified by the fact that

he has not named any member of the police force that

trial counsel inadequately cross-examined. See Woods,

2004 WL 1909291, at *16.  Furthermore, he has not

stated how trial counsel should have cross-examined the

unnamed police officers differently, i.e. what

additional questions should have been asked and what information would have been elicited. Duncan, 2005 WL 628215, at *13-14; Boyd, 746 So. 2d at 384-88. Finally, Gavin has not pleaded a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. As such, this claim fails to meet the specificity and full factual disclosure requirement of Rule 32.6(b) of the Alabama Rules of Criminal Procedure and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

    2.   In the alternative, this claim is denied.

**T.   Gavin's claim that his counsel was ineffective for failing to adequately cross-examine Barbara Genovese is due to be summarily dismissed.**

In paragraph twenty-eight (28) of his Rule 32 petition, pages fourteen (14) and fifteen (15) of his amended petition, Gavin claims that:

> Trial counsel was ineffective in failing to adequately cross-examine Barbara Genovese. Ms. Genovese testified that she heard Mr. Gavin make a comment implying that he, and not DeWayne Meeks, was the murderer. At the time that Mr. Genovese gave this testimony, Mr. Gavin had a lawsuit against her. Trial counsel failed to use the existence of the lawsuit to expose Ms. Genovese's bias against Mr. Gavin.

(Pet. 7-8; Amend. Pet. 14-15)  This is Gavin's entire claim.

1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.3; 32.6(b).   For instance, although Gavin mentions that he had a pending lawsuit against Ms. Genovese, he fails to allege any facts regarding that lawsuit, i.e. when it was filed, what type of action was filed, or whether the lawsuit named Genovese personally or in her official capacity. Duncan v. State, CR-03-1634, 2005 WL 628215, at *13-14 (Ala. Crim. App. Mar. 18, 2005); Boyd v. State, 746 so. 2d 364, 384-88 (Ala. Crim. App. 1999).   Furthermore, Gavin has neglected to plead any facts that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.  As such, this claim lacks the specificity required by Rule 32.6(b) and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.   In the alternative, this claim is denied.

**U.   Gavin's claim that his counsel was ineffective
     for failing to adequately cross-examine Larry
     Twilley and Danny Smith is due to be summarily
     dismissed.**

In paragraph twenty-nine (29) of his Rule 32
petition, page fifteen (15) of his amended petition,
Gavin claims that his trial counsel was ineffective in
failing to adequately cross-examine Larry Twilley and
Danny Smith, two identification witnesses, regarding
their opportunity to look at Gavin and their inability
to recognize African-Americans.

1.   This claim is due to be summarily dismissed
because Gavin has failed to meet his burden of pleading
with specificity, which requires that he disclose the
full factual basis of his claim. Ala. R. Crim. P. 32.3;
32.6(b). Gavin's insufficiency is best illustrated by
his failure to allege any facts surrounding Twilley's
and Smith's identifications. See Duncan, 2005 WL
628215, at *13-14; Boyd, 746 So. 2d at 384-88.
Furthermore, he has not provided any facts that support
his contention that Caucasians cannot identify African-
Americans or distinguish one African-American from
another. Finally, Gavin has not offered a single fact
that would establish prejudice under Strickland. See

Bracknell, 883 So. 2d at 727-28. As such, this claim lacks the specificity and full factual pleading required by Rule 32.6(b) and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

    2.   In the alternative, this claim is denied.

**V.  Gavin's claim that his counsel was ineffective for failing to formulate a coherent theory of defense is due to be summarily dismissed.**

In paragraph thirty (30) of his petition, page fifteen (15) of his amended petition, Gavin claims that:

> Trial counsel was ineffective in failing to formulate a coherent theory of defense. Counsel suggested to the jury that someone else, possibly DeWayne Meeks, could have killed Mr. Clayton. Mr. Meeks was the only other person who could possibly have killed Mr. Clayton. Counsel's defense strategy could not make sense in the absence of rigorous, accusatory, impeaching cross-examination of Mr. Meeks. Counsel failed to conduct such rigorous cross-examination.

(Pet. 8; Amend. Pet. 15) This is Gavin's entire claim.

    1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.3; 32.6(b). First, Gavin has not offered any facts that would support his claim that trial counsel's theory was

incoherent. Second, although Gavin alleges that his

trial counsel failed to present a coherent theory of

defense, he has not offered any theory of defense that

trial counsel should have offered. Duncan, 2005 WL

628215, at *13-14 (affirming the circuit court's

summary dismissal of Duncan's claim when he "allege[d]

that trial counsel failed to 'set forth a viable theory

of defense that would have allowed the jury to acquit

[him] of capital murder [but] fail[ed], however, to

suggest[ ] what 'viable' theory trial counsel should

have presented. ...")   Third, Gavin has not offered any

additional questions that trial counsel should have

asked Meeks that would have made trial counsel's theory

coherent.   Finally, Gavin has not offered a single fact

that would establish prejudice under Strickland. See

Bracknell, 883 So. 2d at 727-28.   As such, this claim

lacks the specificity required by Rule 32.6(b) and is

due to be summarily dismissed. Ala. R. Crim. P.

32.6(b); 32.7(d).

    2.   In the alternative, this claim is denied.

*[handwritten margin note]: Need t look o the Dunca case Closer*

**W.   Gavin's claim that his counsel was ineffective for failing to adequately object to prosecutorial misconduct is due to be summarily dismissed.**

In paragraph thirty-one (31) of his petition, page sixteen (16) of his amended petition, Gavin claims that "trial counsel was ineffective in failing to adequately object to several incidences of prosecutorial misconduct. Failure to object to these statements exposed the jury to outside sources and denied Mr. Gavin's right to a fair jury determination." (Pet. 9; Amend. Pet. 16)  This is Gavin's entire claim.

1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.3; 32.6(b).  Although Gavin alleges that trial counsel failed to adequately object to several incidences of prosecutorial misconduct, he utterly fails to state what those incidences were or when they occurred.  Nor has he alleged a single fact that would establish prejudice under Strickland. See Duncan, 2005 WL 628215, at *26-27; Bracknell, 883 So. 2d at 727-28.  As such, this claim lacks the specificity required by Rules 32.3

and 32.6(b) and is due to be summarily dismissed. Ala.
R. Crim. P. 32.6(b); 32.7(d).

2.   In the alternative, this claim is denied.

**X.   Gavin's claim that his counsel was ineffective
for failing to object to comments regarding
his failure to testify is due to be summarily
dismissed.**

In paragraph thirty-two (32) of his petition, page
sixteen (16) of his amended petition, Gavin claims that
"[d]amningly, counsel failed to object to several
improper comments made by the prosecutor concerning Mr.
Gavin's failure to testify. Considering the fact that
counsel's defense strategy was incoherent in the
absence of his testimony, this failure to object was
particularly devastating to Mr. Gavin's defense." (Pet.
9; Amend. Pet. 16)   This constitutes the entirety of
Gavin's claim.

1.   This claim is due to be summarily dismissed
because Gavin has failed to meet his burden of pleading
with specificity, which requires that he disclose the
full factual basis of his claim. Ala. R. Crim. P.
32.6(b).   Gavin has not quoted or explained what
comments the State made regarding his failure to
testify.   He has not offered any facts that would

support his allegation that the State commented on his failure to testify.  Finally, he has not pleaded any facts that would establish prejudice under <u>Strickland</u>. See <u>Bracknell</u>, 883 So. 2d at 727-28.  As such, this claim lacks the specificity required by Rules 32.3 and 32.6(b) and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.   This claim is due to be summarily dismissed because Gavin has failed to state a claim or to raise a material issue of fact or law that entitles him to relief. Ala. R. Crim. P. 32.7(d).  On direct appeal, the Alabama Court of Criminal Appeals reviewed this claim for plain error and decided it adversely to Gavin.  <u>Gavin v. State</u>, 891 So. 2d 907, 979-85 (Ala. Crim. App. 2003).

In <u>Williams v. State</u>, 783 So. 2d 108, 133 (Ala. Crim. App. 2000), the Alabama Court of Criminal Appeals held:

> A finding of no manifest injustice under the 'plain error' standard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

See also Hunt, 2005 WL 2046326, at *5-6 (holding that a finding of no plain error forecloses a claim of prejudice under Strickland v. Washington, 466 U.S. 668 (1984)); Woods, 2004 WL 1909291, at *13-14; Boyd, 2003 WL 22220330, at *8-9. Because Gavin raised the underlying substantive issue on direct appeal, he "cannot relitigate the issue under the guise of ineffective assistance of counsel in a postconviction proceeding." Id. Based on the law in Alabama, this allegation fails to state a claim or to raise a material issue of fact or law that would entitle Gavin to relief under Strickland. Ala. R. Crim. P. 32.7(d). Therefore, it is due to be summarily dismissed.

3.    In the alternative, this claim is denied.

## Y.    **Gavin's claim that his counsel was ineffective for failing to object to inflammatory statements is due to be summarily dismissed.**

In paragraph thirty-three (33) of his petition, page sixteen (16) of his amended petition, Gavin claims that "trial counsel failed to adequately object to inflammatory statements made by the State during opening and closing statements. Further exacerbating the failure to object, defense counsel failed to

present an adequate opening or closing statement."
(Pet. 9; Amend. Pet. 16)  This is Gavin's entire claim.

    1.   This claim is due to be summarily dismissed
because Gavin has failed to meet his burden of pleading
with specificity, which requires that he disclose the
full factual basis of his claim. Ala. R. Crim. P. 32.3;
32.6(b). Gavin has not identified what comments he
believes were improper. He has not offered any facts
that indicate that trial counsel failed to present an
adequate opening or closing statement. Nor has he
stated what trial counsel should have said during
opening and closing arguments. Finally, he has not
offered a single fact that would establish prejudice
under Strickland. See Bracknell, 883 So. 2d at 727-28.
As such, this claim lacks the specificity required by
Rule 32.6(b) and is due to be summarily dismissed. Ala.
R. Crim. P. 32.6(b); 32.7(d).

    2.   In the alternative, this claim is denied.

**Z.   Gavin's claim that his counsel was ineffective for failing to challenge jury instructions is due to be summarily dismissed.**

In paragraph thirty-four (34) of his petition,

page sixteen (16) of his amended petition, Gavin claims

that:

> Trial counsel was ineffective in its failure to
> challenge the jury instructions.  Counsel did not
> request that the jury be instructed on any lesser
> included offenses.  The defense strategy set forth
> at trial certainly could have been consistent with
> a finding of felony murder. (sic) If the jury
> believed that Mr. Meeks committed the murder, but
> that Mr. Gavin was present and some how involved
> with the alleged underlying robbery, they may have
> returned a verdict of felony murder.

(Pet. 9; Amend. Pet. 16)  This is Gavin's entire claim.

1. This claim is due to be summarily dismissed

because Gavin has failed to meet his burden of pleading

with specificity, which requires that he disclose the

full factual basis of his claim. Ala. R. Crim. P.

32.6(b).  He has not pleaded any facts that would

establish that he was entitled to jury instructions

regarding lesser included offenses.  Nor has he pleaded

any facts that would establish prejudice under

Strickland. See Bracknell, 883 So. 2d at 727-28.  As

such, this claim lacks the specificity required by

Rules 32.3 and 32.6(b) and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2. This claim is due to be summarily dismissed because Gavin has failed to state a claim or to raise a material issue of fact or law that entitles him to relief. Ala. R. Crim. P. 32.7(d). On direct appeal, the Alabama Court of Criminal Appeals reviewed the underlying issue for plain error and decided it adversely to Gavin. Gavin, 891 So. 2d at 977-979.

In Williams v. State, 783 So. 2d 108, 133 (Ala. Crim. App. 2000), the Alabama Court of Criminal Appeals held:

> A finding of no manifest injustice under the 'plain error' standard on a direct appeal serves to establish a finding of no prejudice under the test for ineffective assistance of counsel provided in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

See also Hunt, 2005 WL 2046326, at *5-6 (holding that a finding of no plain error forecloses a claim of prejudice under Strickland v. Washington, 466 U.S. 668 (1984)); Woods, 2004 WL 1909291, at *13-14 (same); Boyd, 2003 WL 22220330, at *8-9 (same). Because Gavin raised the underlying substantive issue on direct appeal, he "cannot relitigate the issue under the guise

of ineffective assistance of counsel in a

postconviction proceeding." Id.  Based on the law in

Alabama, this allegation fails to state a claim or to

raise a material issue of fact or law that would

entitle Gavin to relief under Strickland; therefore, it

is due to be summarily dismissed. Ala. R. Crim. P.

32.7(d).

    3.   In the alternative, this claim is denied.

## AA.  Gavin's claim that counsel was ineffective during the penalty phase is due to be summarily dismissed.

In paragraph thirty-five (35) of his petition,

pages sixteen (16) and seventeen (17) of his amended

petition, Gavin claims that:

> Counsel was ineffective during the penalty phase
> of the trial.  It is constitutionally required
> that the trial court and jury consider 'as a
> mitigating factor, any aspect of a defendant's
> character or record and any of the circumstances
> of the offense that the defendant proffers as a
> basis for a sentence less that death.' Lockett v.
> Ohio, 438 U.S. 586, 604 (1978).  This includes any
> evidence about the defendant's history and life
> that may be considered by the jury or judge as a
> mitigating factor. Woodson v. North Carolina, 428
> U.S. 280 (1976).  Thus, Mr. Gavin was entitled to
> have all aspects of his background, family life,
> medical history, school records, and any other
> life experience that may be considered mitigating
> evidence presented to the jury and judge at the
> penalty phase of his capital trial.  Trial counsel
> failed to meet this requirement.

(Pet. 9-10; Amend. Pet. 16-17)  This is Gavin's entire claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).  In fact, he has utterly failed to plead any facts whatsoever that support his contentions in this claim.  He has not alleged how trial counsel was deficient or what other actions trial counsel should have taken.  Gavin has not specified what aspects of his background, family life, medical history, school records or other life experiences trial counsel should have presented.  Furthermore, he has not offered a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. Because this claim lacks the specificity and full factual pleading required by Rules 32.3 and 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.    In the alternative, this claim is denied.

**BB.  Gavin's claim that his counsel was ineffective for failing to investigate mitigating evidence from relatives and others is due to be summarily dismissed.**

In paragraph thirty-six (36) of his petition, page seventeen (17) of his amended petition, Gavin claims that "counsel was ineffective in its failure to adequately investigate mitigation evidence from Mr. Gavin's relatives and other witnesses." (Pet. 10; Amend. Pet. 17)   This sentence constitutes Gavin's entire claim.

1. This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).  The deficiency in this claim is best evidenced by the fact that Gavin has not identified or explained what mitigating circumstances counsel failed to investigate.  Furthermore, he has not named or identified any relative or other witness who would have testified, nor has he proffered what that testimony would have been. See Coral v. State, 900 So. 2d 1274, 1279-82 (Ala. Crim. App. 2004)(upholding the circuit court's summary dismissal of petitioner's claim that

"[t]rial counsel failed to adequately talk to family members about mitigation evidence and failed to adequately prepare them to testify" for lack of specificity...). Finally, he has not offered a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. Because this claim lacks the specificity and full factual pleading required by Rules 32.3 and 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2. In the alternative, this claim is denied.

**CC. Gavin's claim that his counsel was ineffective for failing to procure necessary records documenting mitigating circumstances is due to be summarily dismissed.**

In paragraph thirty-seven (37) of his petition, page seventeen (17) of his amended petition, Gavin claims that "Counsel failed to procure necessary records documenting the mitigation circumstances in Mr. Gavin's life, including school records, health records, employment records, correctional records, and religious records of Mr. Gavin, his parents, and his siblings." (Pet. 9-10; Amend. Pet. 16-17) This is Gavin's entire claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).    First, Gavin has not specifically identified what records counsel should have procured; instead, he merely states that trial counsel was ineffective for failing to procure records of a general description. Second, he has not alleged what information is contained in these unspecified records or how that information would have aided in his defense.    Finally, he has not offered a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.    Because this claim lacks the specificity and full factual pleading required by Rule 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.    In the alternative, this claim is denied.

## DD.    Gavin's claim that counsel's investigation was inadequate is due to be summarily dismissed.

In paragraph thirty-eight (38), thirty-nine (39), and forty (40) of his Rule 32 petition, page seventeen (17) of his amended petition, Gavin claims that:

> If counsel had conducted an adequate investigation
> of Mr. Gavin's background, counsel would have
> unearthed a wealth of mitigating evidence that
> would have convinced the jury to return a verdict
> of life.  Instead, counsel failed to present a
> single piece of evidence regarding mitigating
> circumstances in Mr. Gavin's background.  Counsel
> called Mr. Gavin's mother as a witness at the
> penalty phase, but failed to ask her a single
> question about the mitigating circumstance in Mr.
> Gavin's background.

(Pet. 10; Amend. Pet. 17)(emphasis added)  These three

conclusory statements constitute the entirety of

Gavin's claim.

1. This claim is due to be summarily dismissed

because Gavin has failed to meet his burden of pleading

with specificity, which requires that he disclose the

full factual basis of his claim. Ala. R. Crim. P.

32.6(b).  Gavin has completely failed to plead what

mitigating circumstances trial counsel failed to

investigate.  He has not pleaded how such unspecified

mitigating circumstances would have altered the balance

between mitigating and aggravating circumstances.

Furthermore, he has not pleaded any facts that would

establish prejudice under Strickland. See Bracknell,

883 So. 2d at 727-28.  Because this claim lacks the

specificity required by Rules 32.3 and 32.6(b), it is

due to be summarily dismissed. Ala. R. Crim. P.
32.6(b); 32.7(d).

2.    This claim is due to be summarily dismissed
because Gavin has failed to state a claim or to raise a
material issue of fact or law that entitles him to
relief. Ala. R. Crim. P. 32.7(d).   Contrary to Gavin's
allegation, trial counsel did elicit mitigating
evidence regarding his background from his mother.   In
fact, she testified that he is religious, cares for
others, and loves justice. (R. 58-59)  Gavin's claim
that trial counsel failed to elicit any mitigating
information whatsoever regarding his background is
clearly refuted by the record. See Gibby v. State, 753
So. 2d 1206, 1207-08 (Ala. Crim. App. 1999)(holding
that claims that are directly refuted by the record are
without merit.); Taylor v. State, CR-02-0706, 2004 WL
1909278, at *15 (Ala. Crim. App. Aug. 27, 2004)(same);
Fortner v. State, 825 So. 2d 876, 878 ("the record
refutes [Fortner's] claims 1 and 2."); Davis v. State,
720 So. 2d 1006, 1015 (Ala. Crim. App. 1998)("The trial
record refutes this claim[;] [t]herefore, this claim is
not factually supported. ...").   Because the record

clearly refutes this claim, it is without merit and due

to be summarily dismissed. Ala. R. Crim. P. 32.7(d).

>    3.    In the alternative, this claim is denied.

## EE.  Gavin's claim that his counsel was ineffective for failing to prepare Annette Gavin to testify is due to be summarily dismissed.

In paragraph forty-one (41) of his Rule 32

petition, page seventeen (17) of his amended petition,

Gavin claims that:

> Counsel was ineffective in failing to adequately
> speak with Mr. Gavin's mother [Annette Gavin] and
> prepare her to testify about mitigating evidence.
> During Mr. Gavin's mother's testimony, trial
> counsel admitted, "I know that when you and I
> spoke yesterday, I didn't really have an
> opportunity to prep you for your testimony today.
> ..." (R. 1258)

(Pet. 10; Amend. Pet. 17)   This is Gavin's entire

claim.

>    1.    This claim is due to be summarily dismissed

because Gavin has failed to meet his burden of pleading

with specificity, which requires that he disclose the

full factual basis of his claim. Ala. R. Crim. P.

32.6(b).  He has not alleged what trial counsel should

have done differently or how further preparation would

have been beneficial to his defense.  He has not stated

what additional evidence could have been elicited with

further preparation or how Ms. Gavin's testimony would
have been altered. See Woods, 2004 WL 1909291, at *17
(holding Woods's claim insufficiently pleaded under
Rule 32.6(b) of the Alabama Rules of Criminal Procedure
where he "fail[ed] to state ⋯ how trial counsel's
witness preparation was deficient or indicate what
questions they could have asked any particular
mitigation witness that would have produced beneficial
information."). Furthermore, he has not offered a
single fact that would establish prejudice under
Strickland. See Bracknell, 883 So. 2d at 727-28.
Because this claim lacks the specificity and full
factual pleading required by Rules 32.3 and 32.6(b), it
is due to be summarily dismissed. Ala. R. Crim. P.
32.6(b); 32.7(d).

2.      In the alternative, this claim is denied.

FF.     **Gavin's claim that his counsel was ineffective
        for failing to ask a minister questions
        regarding Gavin's background is due to be
        summarily dismissed.**

        In paragraph forty-two (42) of his Rule 32
petition, page seventeen (17) of his amended petition,
Gavin claims that "[c]ounsel called a Jehovah's Witness
minister who first met Mr. Gavin after his arrest.

Counsel failed to ask the minister any questions about the mitigating circumstances in Mr. Gavin's background." (Pet. 11; Amend. Pet. 17) This is Gavin's entire claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b). First, he has not named this minister and has not pleaded what the minister's testimony would have been had he been asked about Gavin's past. Furthermore, he has not explained how this minister knew of any mitigating evidence from his background since the minister first met Gavin after his arrest. Finally, he has not offered a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. Because this claim lacks the specificity and full factual pleading required by Rule 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.    In the alternative, this claim is denied.

**GG. Gavin's claim that his counsel was ineffective for failing to present evidence of Gavin's good behavior is due to be summarily dismissed.**

In paragraph forty-three (43) of his petition, page seventeen (17) of his amended petition, Gavin claims that "[c]ounsel failed to present any evidence regarding Mr. Gavin's good behavior while he was incarcerated in Illinois." (Pet. 11; Amend. Pet. 16-17) This is Gavin's entire claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).  First, he has not alleged any facts that would indicate that he behaved actually while he was in the Illinois prison.  In fact, from reading the petition, it is impossible for the Court to determine whether Gavin was a model prisoner or the prison guards' worst nightmare.  Additionally, he has failed to plead who would testify regarding his behavior in Illinois or to identify and explain what other evidence would support his contention.  Finally, Gavin has not offered any facts that would establish prejudice under

Strickland. See Bracknell, 883 So. 2d at 727-28.

Because this claim lacks the specificity and full factual pleading required by Rules 32.3 and 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

    2.  In the alternative, this claim is denied.

**HH.  Gavin's claim that his counsel was ineffective for failing to present expert testimony is due to be summarily dismissed.**

In paragraph forty-four (44) of his petition, page eighteen (18) of his amended petition, Gavin claims that "[c]ounsel failed to present any expert testimony relating to mitigating circumstances." (Pet. 11; Amend. Pet. 18)  This bare allegation constitutes Gavin's entire claim.

    1.  This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).  Gavin has not identified by name or field of expertise any expert that trial counsel should have called to testify, nor has he specified what the unidentified expert's testimony would have been. Woods,

2004 WL 1909291, at *16 ("[Appellant] fail[ed] to identify any expert by name, or field [of] expertise, or state in his amended petition what beneficial testimony such experts might have rendered. ... The allegations ... fail to comply with the specificity and full factual disclosure requirements of Rule 32.6(b). ..."); Duncan, 2005 WL 628215, at *13-14 (same). Furthermore, he has not pleaded any facts that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. Because this claim lacks the specificity and full factual pleading required by Rules 32.3 and 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

   2.   In the alternative, this claim is denied.

**II. Gavin's claim that his counsel was ineffective for failing to challenge the State's aggravating circumstances is due to be summarily dismissed.**

In paragraph forty-five (45) of his Rule 32 petition, page eighteen (18) of his amended petition, Gavin claims that "[c]ounsel failed to adequately challenge the State's aggravated circumstances and the evidence admitted in support of it. Had counsel adequately argued these claims, the jury likely would

have given Mr. Gavin a lesser sentence." (Pet. 11; Amend. Pet. 18)   These two conclusory statements constitute Gavin's entire claim.

1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).   First, Gavin has failed to plead how trial counsel should have challenged the State's aggravating circumstances.   Second, he has not alleged the existence of any evidence that could have been used to challenge the State's aggravating circumstances or identified any witnesses that counsel should have called to rebut the State's aggravating circumstances. Finally, Gavin has not offered a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.   Because this claim lacks the specificity and full factual pleading required by Rules 32.3 and 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.   In the alternative, this claim is denied.

*See 6 XIII (illegible) Court of Appeal to Court of decision*

**JJ.   Gavin's claim that his counsel was ineffective for failing to raise a <u>Ring v. Arizona</u> claim at trial is due to be summarily dismissed.**

In paragraphs forty-six (46) and forty-seven (47), of his Rule 32 petition, page eighteen (18) of his amended petition, Gavin claims that "[c]ounsel failed to adequately invoke Mr. Gavin's rights guaranteed under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article I section 11 of the Alabama Constitution that Mr. Gavin could only be sentenced to death upon a binding, as opposed to merely advisory, jury verdict of his peers."[3] (Pet. 11; Amend. Pet. 17)(emphasis added) This single conclusory statement constitutes the entirety of Gavin's claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to state a claim or to raise a material issue of fact or law that entitles him to relief. Ala. R. Crim. P. 32.7(d).   The underlying substantive issue supporting Gavin's ineffective assistance of counsel claim is based on the holding of

---

[3] Paragraphs forty-six (46) and forty-seven (47) are virtually identical except that the word guaranteed is omitted from paragraph 47. (Pet. 11; Amend. Pet. 18)

the Supreme Court of the United States in Ring v.

Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556

(2002). In Ex parte Waldrop, the Alabama Supreme Court

held that:

> Ring and Apprendi do not require that the jury
> make every factual determination; instead, those
> cases require the jury to find beyond a reasonable
> doubt only those facts that result in "an increase
> in a defendant's authorized punishment …" or
> "'expose[] [a defendant] to a greater punishment
> …'" Ring at ___ U.S. at ___, 122 S. Ct. at 2439,
> 2440 (quoting Apprendi, 530 U.S. at 494). Alabama
> law requires the existence of only one aggravating
> circumstance in order for a defendant to be
> sentenced to death. Ala. Code 1975, § 13A-5-
> 45(f). The jury in this case found the existence
> of that one aggravating circumstance: that the
> murders were committed while Waldrop was engaged
> in the commission of a robbery. At that point,
> Waldrop became "exposed" to, or eligible for, the
> death penalty.

Ex parte Waldrop, 859 So. 2d 1181, 1190 (Ala. 2002)

(Emphasis in original) The Waldrop court went on to

hold that:

> The determination whether the aggravating
> circumstances outweigh the mitigating
> circumstances is not a finding of fact or an
> element of the offense. Consequently, Ring and
> Apprendi do not require that a jury weigh the
> aggravating circumstances and the mitigating
> circumstances.

Id., at *1190.

On direct appeal, Gavin raised this issue to the Alabama Court of Criminal Appeals and it, applying Waldrop and its prodigy, held that:

> "Gavin['s] arguments regarding the impact of Ring [have] all ... been addressed and decided adversely to him either by this Court or by the Alabama Supreme Court. See Ex parte Smith, [Ms. 1010267, March 14, 2003] --- So. 2d ---- (Ala. 2003); Ex parte Hodges, 856 So. 2d 936 (Ala. 2003); Ex parte Waldrop, 859 So. 2d 1181 (Ala. 2002); Clark v. State, [Ms. CR-99-1062, June 27, 2003] --- So. 2d ----, ---- (Ala. Crim. App. 2000)(opinion on return to remand and on application for rehearing); Ziegler v. State, 886 So. 2d 127, 150 (Ala. Crim. App. 2003)(opinion on return to remand); Lee v. State, [Ms. CR-00-0084, June 27, 2003] --- So. 2d ----, ---- (Ala. Crim. App. 2001)(opinion on return to remand); Lewis v. State, 889 So. 2d 623 (Ala. Crim. App. 2003); Peraita v. State, [Ms. CR-01-0289, May 30, 2003] --- So. 2d ---- (Ala. Crim. App. 2003); Martin v. State, [Ms. CR-99-2249, May 30, 2003] --- So. 2d ---- (Ala. Crim. App. 2003); McNabb v. State, 887 So. 2d 929, 989 (Ala. Crim. App. 2001)(opinion on application for rehearing); Moody v. State, 888 So. 2d 532 (Ala. Crim. App. 2003); Duke v. State, 889 So. 2d 1, 40 (Ala. Crim. App. 2002)(opinion on return to remand); Stallworth v. State, 868 So. 2d 1128, 1177 (Ala. Crim. App. 2001)(opinion on return to second remand); Harrison v. State, 869 So. 2d 509, 526 (Ala. Crim. App. 2002)(opinion on application for rehearing); Turner v. State, [Ms. CR-99-1568, November 22, 2002] --- So.2d ---- (Ala. Crim. App. 2002); and Tomlin v. State, [Ms. CR-98-2126, November 22, 2002] --- So.2d ----, ---- (Ala. Crim. App. 2002)(opinion on application for rehearing). Gavin's death sentence is not invalid under Ring.

Gavin v. State, 891 So. 2d 907, 987-88 (Ala. Crim. App. 2003).

Because the holding of the Alabama Supreme Court in Ex parte Waldrop, 859 So. 2d 1181 (Ala. 2002), and its prodigy have foreclosed relief on the underlying substantive issue, Gavin cannot show that his trial counsel was constitutionally ineffective for failing to raise that issue at trial.  Thus this claim is due to be dismissed for failure to state a claim or to raise a material issue of fact or law that would entitle Gavin to relief. Ala. R. Crim. P. 32.7(d).

2. This claim is due to be summarily dismissed because Gavin has failed to state a claim or to raise a material issue of fact or law that entitles him to relief. Ala. R. Crim. P. 32.7(d).  As stated above, the underlying substantive issue supporting Gavin's ineffective assistance of counsel claim is based on the Supreme Court of the United States's holding in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).  However, at the time of Gavin's trial, Walton v. Arizona, 497 U.S. 639 (1990), was controlling law, and it held that the Constitution does not require that

a jury impose the sentence of death or make the findings of fact necessary to impose such a sentence. Id. at 647-48.  Because Walton was controlling law at the time of Gavin's trial, trial counsel could not have been ineffective for failing argue that "Gavin could only be sentenced to death upon a binding, as opposed to merely advisory, jury verdict of his peers." See Tarver v. State, 629 So. 2d 14, 18-19 (Ala. Crim. App. 1993)(holding that "Counsel's performance cannot be deemed ineffective for failing to forecast changes in the law").  Because counsel cannot be deemed ineffective for failing to forecast the holding of the Supreme Court of the United States in Ring, this claim is without merit and due to be summarily dismissed.

3.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).  Gavin has not pleaded how trial or appellate counsel inadequately raised this issue, nor has he pleaded what trial and appellate counsel should have done differently.  Furthermore, he has not pleaded any

facts that would establish deficient performance or prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. Because this claim lacks the specificity and full factual disclosure required by Rules 32.3 and 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

    4.   In the alternative, this claim is denied.

**KK.  Gavin's claim that his counsel was ineffective at the new trial stage and on appeal is due to be summarily dismissed.**

In paragraph forty-eight (48) of his Rule 32 petition, page eighteen (18) of his amended petition, Gavin claims that "[c]ounsel was also ineffective at the new trial stage and on appeal for failing to adequately litigate claims and for failing to raise claims that would have required courts to grant Mr. Gavin a new trial." (Pet. 11; Amend. Pet. 18)  This single conclusory statement constitutes Gavin's entire claim.

    1.   This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P.



32.6(b). The most glaring deficiency in this claim is the fact that Gavin has utterly failed to identify a single issue that counsel failed to raise or inadequately raised. Since Gavin has not identified any issues counsel failed to raise, naturally, he has also failed to offer any facts that would indicate that he would have been successful on those claims had he raised them. Furthermore, he has not offered a single fact that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28. Because this claim lacks the specificity and full factual pleading required by Rule 32.6(b), it is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2. In the alternative, this claim is denied.

## LL. Gavin's claim that his trial and appellate counsels' performance denied him effective assistance of counsel is due to be summarily dismissed.

In paragraph forty-nine (49) of his Rule 32 petition, page 18 of his amended petition, Gavin claims that "Mr. Gavin's trial and appellate counsel's ineffectiveness violated his rights to counsel, to due process, and a fair trial under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States

Constitution, the Alabama Constitution, and Alabama law." (Pet. 11; Amend. Pet. 18)  This single conclusory statement constitutes Gavin's entire claim.

1.    This claim is due to be summarily dismissed because Gavin has failed to meet his burden of pleading with specificity, which requires that he disclose the full factual basis of his claim. Ala. R. Crim. P. 32.6(b).  In this claim, Gavin has failed to allege any facts that would establish deficient performance or prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.  In fact, this claim constitutes nothing more than a statement of Gavin's belief that trial and appellate counsel were ineffective with absolutely no factual support whatsoever.  As such, this claim lacks the specificity and full factual pleading required by Rules 32.3 and 32.6(b) and is due to be summarily dismissed. Ala. R. Crim. P. 32.6(b); 32.7(d).

2.    In the alternative, this claim is denied.

## II.    Gavin's Claim That The State Violated Brady v. Maryland Is Due To Be Summarily Dismissed.

In claim II of his amended Rule 32 petition, Gavin alleges that the State violated its discovery obligations under Brady v. Maryland, 373 U.S. 83

(1963).  He alleges that the State suppressed information indicating Mr. Pustilnik, the State medical examiner, was under investigation at the time of his trial and that the State withheld favorable information regarding the its investigation of and relationship with DeWayne Meeks. (Amend. Pet. at 19)

A.   This claim could have been, but was not, raised at trial; therefore, it is procedurally barred under Rule 32.2(a)(3) of the Alabama Rules of Criminal Procedural and is due to be summarily dismissed. See Gavin v. State, 891 So. 2d 907, 985 (Ala. Crim. App. 2003)("Gavin makes two arguments regarding the suppression of evidence, neither of which were raised in the trial court.").

In Woods v. State, the Court of Criminal Appeals held that a "Brady claim raised in a Rule 32 petition is procedurally barred under Rule 32.2(a)(3) and (a)(5) where the petitioner fails to assert that the claim was based on newly discovered evidence." 2004 WL 1909291, at *9 (Ala. Crim. App. Aug 27, 2004); See also Williams v. State, 782 So. 2d 811, 818 (Ala. Crim. App. 2000)(Same).  Nowhere in his petition has Gavin

alleged, or even implied, that his Brady claim is based on newly discovered evidence; therefore, this claim is procedurally barred under Rule 32.2(a)(3) and due to be dismissed.

B.    This claim was raised and addressed on direct appeal; therefore, it is procedurally barred under 32.2(a)(4) of the Alabama Rules of Criminal Procedure and is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(4), 32.7(d); See Gavin v. State, 891 So. 2d 907, 985-87 (Ala. Crim. App. 2003)("Gavin contends that the State withheld impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). ... First, Gavin contends that the State withheld evidence of a deal it had made with Dewayne Meeks in exchange for his testimony; specifically, that the State dismissed the capital-murder charge against Meeks in exchange for his testimony against Gavin. ... Second, Gavin contends that the State withheld evidence that, at the time of his trial, the medical examiner, Dr. Pustilnik, was under investigation by the Department of Forensic Sciences for "substandard work" in an unrelated case. ... [W]e find no plain error as to this claim.")

C.  Gavin's Brady claim is due to be summarily dismissed because he has "fail[ed] to state a claim [and] no material issue of fact or law exists which would entitle [him] to relief. ..." Ala. R. Crim. P. 32.7(d).  As stated above, the Court of Criminal Appeals has already addressed this issue and decided it adversely to Gavin.  See Gavin v. State, 891 So. 2d 907, 985-87 (Ala. Crim. App. 2003).  Gavin appears to seek to re-litigate the exact same issue addressed on direct appeal and to have this Court overrule the Court of Criminal Appeals.  The State is unaware of any authority granting the circuit courts of Alabama the power to overrule Alabama's appellate courts.

Because Gavin's Brady claim seeks a remedy that is unavailable to him - reversal of Gavin v. State, 891 So. 2d 907, 985-87 (Ala. Crim. App. 2003) - he has failed to state a claim or to raise a material issue of fact or law entitling him to relief.  Therefore, this claim is due to be summarily dismissed.

III.  **Gavin's Claim That The Trial Court's Refusal To Allow Him To Proceed Pro Se Violated His Rights Under The Sixth And Fourteenth Amendments Is Due To Be Summarily Dismissed.**

*[handwritten marginalia: The Court of appeals found that the Defendant did not ask to proceed pro se. See opinion at p. 940-43]*

In claim III of his amended Rule 32 petition, Gavin alleges that the trial court erred by refusing to dismiss his appointed counsel and allow him to proceed pro se. (Amend. Pet. at 19-20)  This claim is due to be summarily dismissed.

A.  This claim was raised and addressed at trial; therefore, it is procedurally barred under Rule 32.2(a)(2) of the Alabama Rules of Criminal Procedure and is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(2); 32.7(d); See (C. 69)(motion to renew motion to dismiss counsel);(C. 70);(C. 71)("The Defendant's MOTION TO DISMISS his appointed counsel was heard in open Court on August 10, 1999. In consideration thereof, said Motion is hereby DENIED."); (C. 209)(motion for a new trial)

B.  This claim was raised and addressed on appeal; therefore, it is procedurally barred under Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure and is due to be summarily dismissed. Ala. R. Crim. P.

32.2(a)(4); 32.7(d); <u>Gavin v. State</u>, 891 So. 2d 907,
940-43 (Ala. Crim. App. 2003).

    C.    This claim is due to be summarily dismissed
under Rule 32.7(d) because he has failed to state a
claim or to raise a material issue of fact or law that
would entitled him to relief.  As stated above, the
Court of Criminal Appeals has reviewed this issue and
decided it adversely to Gavin. <u>Gavin v. State</u>, 891 So.
2d 907, 940-43 (Ala. Crim. App. 2003).  Apparently,
Gavin is seeking, through Alabama's post-conviction
process, to have this Court overrule the Alabama Court
of Criminal Appeals.  However, nothing in Rule 32
authorizes such action.

    Because Gavin's claim seeks a remedy that is
unavailable to him - reversal of <u>Gavin v. State</u>, 891
So. 2d 907, 40-43 (Ala. Crim. App. 2003) - he has
failed to state a claim or to raise a material issue of
fact or law entitling him to relief.  Therefore, this
claim is due to be summarily dismissed.

    D.    This claim is due to be summarily dismissed
because Gavin has failed to plead with the specificity

required by Rule 32.6(b) of the Alabama Rules of
Criminal Procedure.

Gavin's claim states, in its entirety:

> Early in the pre-trial proceedings in this
> matter, Mr. Gavin recognized that appointed
> counsel was unwilling to zealously represent him.
> Mr. Gavin expressed to the Court dissatisfaction
> with his appointed counsel, based on counsel's
> failing to adequately represent him.  Before trial
> commenced, Mr. Gavin asked the trial [court] to
> dismiss his counsel and permit Mr. Gavin to
> proceed pro se.  That request was refused.

> A defendant in a criminal Case has a right,
> grounded in the Sixth and Fourteenth Amendments,
> to proceed pro se. Faretta v. California, 422 U.S.
> 806 (1975).

(Amend. Pet. at 19-20)  The most glaring deficiency in
Gavin's pleading is the fact that he has utterly failed
to allege any error at all, much less an error
entitling him to relief.  Furthermore, he has not
pleaded any facts that would establish that he would
have been entitled to the dismissal of his counsel.
Thus, this claim is insufficiently pleaded and is due
to be summarily dismissed. Ala. R. Crim. P. 32.6(b);
32.7(d).

    E.   In the alternative, this claim is denied.

IV.   **Gavin's Claim That The State Used Its Preemptory Challenges In A Racially Discriminatory Manner Is Due To Be Summarily Dismissed.**

In claim IV of his amended Rule 32 petition, Gavin alleges that the State used its peremptory challenges in a racially discriminatory manner in violation of Batson v. Kentucky, 476 U.S. 79 (1986).

A.   Gavin's Batson claim was raised at trial; therefore, it is procedurally barred under Rule 32.2(a)(2) and is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(2); 32.7(d); See (C. 214);(R. 481); Gavin v. State, 891 So. 2d 907, (47-50) _947- 50_ (Ala. Crim. App. 2003)("Gavin contends that the trial court erred in denying his motion made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986), because, he says, the State improperly struck jurors on the basis of their race.").

B.   Gavin's Batson claim was raised and addressed on appeal; therefore, it is procedurally barred under Rule 32.2(a)(4) and is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(4); 32.7(d); See Gavin v. State, 891 So. 2d 907, 947-50 (Ala. Crim. App. 2003)("Based on our review of the record, the trial court did not err in denying Gavin's Batson motion.");

See also <u>Boyd v. State</u>, 746 So. 2d 364, 382 (Ala. Crim. App. 1999)(holding a petitioner's substantive <u>Batson</u> claim was procedurally barred).

C.   Gavin's <u>Batson</u> claim fails to state a claim or to raise a material issue of fact or law; therefore, it is due to be summarily dismissed. <u>See</u> Ala. R. Crim. P. 32.7(d).   As stated above, the Court of Criminal Appeals has reviewed this issue and decided it adversely to Gavin. <u>Gavin v. State</u>, 891 So. 2d 907, 947-50 (Ala. Crim. App. 2003).   Apparently, Gavin is seeking, through Alabama's post-conviction process, to have this Court overrule the Alabama Court of Criminal Appeals.   However, nothing in Rule 32 of the Alabama Rules of Criminal Procedural authorizes such action.

Because Gavin's claim seeks a remedy that is unavailable to him – reversal of <u>Gavin v. State</u>, 891 So. 2d 907, 947-50 (Ala. Crim. App. 2003) – he has failed to state a claim or to raise a material issue of fact or law entitling him to relief.   Therefore, this claim is due to be summarily dismissed.

D.   Gavin's <u>Batson</u> claim fails to meet the specificity requirement of 32.6(b); therefore, it is

due to be summarily dismissed.  This six sentence claim
constitutes nothing more than a bare allegation that
Gavin's constitutional rights were violated. See
(Amend. Pet. 20)  He has not alleged any facts that
would establish that the State violated Batson; thus,
he has not fulfilled his obligation of pleading with
specificity as required by Rule 32.6(b) of the Alabama
Rules of Criminal Procedure, and this claim is due to
be summarily dismissed. Ala. R. Crim. P. 32.3; 32.6(b);
32.7(d).

E.   In the alternative, this claim is denied.

**V.    Gavin's Claim That His Fifth, Sixth, Eighth, and
Fourteenth Amendment Rights Were Violated By
Jurors' Failure To Truthfully Disclose
Information On Voir Dire And By The Jurors'
Consideration Of Extraneous Evidence During
Deliberations Is Due To Be Summarily Dismissed.**

In claim V of his amended Rule 32 petition, Gavin
alleges three grounds for relief.  First, he claims
that jurors failed to respond truthfully during voir
dire. (Amend. Pet. 20)  Second, he claims that
extraneous information in the form of religion
permeated the jury's deliberation. (Amend. Pet. 21)
Third, he alleges that his trial counsel was
ineffective for failing to object to the prosecutor's

Biblical references during closing argument. (Amend. Pet. 21)

### A. Gavin's claim that juror's failed to respond truthfully during voir dire is due to be summarily dismissed.

1. Gavin's claim that jurors failed to respond truthfully during voir dire is procedurally barred because it could have been, but was not, raised at trial; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(3); Ex parte Pierce, 851 So. 2d 606, at 616 (Ala. 2000); Ex parte Dobyne, 805 So. 2d 763, 767-768 (Ala. 2001); Woods v. State, CR-02-1959, 2004 WL 1909291, at *7-8 (Ala. Crim. App. 2004)(holding that to overcome Rule 32.2(a)'s procedural bars, a petitioner must state in his petition "when the instances of alleged juror misconduct were actually discovered, and, most importantly, proffer any facts that, if true, would establish that these claims could not have reasonably been discovered at trial or in time to raise the issue in a motion for new trial or on direct appeal").

2. Gavin's claim that jurors failed to respond truthfully during voir dire is procedurally barred

because it could have been, but was not, raised on appeal; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(5); Ex parte Pierce, 851 So. 2d at 616; Ex parte Dobyne, 805 So. 2d at 767-768; Woods, 2004 WL 1909291, at *7-8 (holding that to overcome Rule 32.2(a)'s procedural bars, a petitioner must state in his petition "when the instances of alleged juror misconduct were actually discovered, and, most importantly, proffer any facts that, if true, would establish that these claims could not have reasonably been discovered at trial or in time to raise the issue in a motion for new trial or on direct appeal").

3.   Gavin's claim that juror's failed to respond truthfully during voir dire fails to satisfy the specificity requirements of Rule 32.6(b) of the Alabama Rules of Criminal Procedure; therefore, it is due to be summarily dismissed.  Gavin has not disclosed the identity of any juror who failed to truthfully answer questions during voir dire. He has failed to state what the questions were to which the jurors allegedly gave untruthful answers. And, he has utterly failed to

plead what inaccurate or untruthful information was given or what truthful answers should have disclosed. Because Gavin has clearly failed to meet his burden of pleading under Rules 32.3 and 32.6(b), this claim is due to be dismissed.

4.   In the alternative, this claim is denied.

**B.   Gavin's claim that the jurors considered extraneous information is due to be summarily dismissed.**

1.   Gavin's claim that jurors considered extraneous information is procedurally barred because it could have been, but was not, raised at trial; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(3); Ex parte Pierce, 851 So. 2d 606 at 616; Ex parte Dobyne, 805 So. 2d at 767-768; Woods, 2004 WL 1909291, at *7-8 (holding that to overcome Rule 32.2(a)'s procedural bars, a petitioner must state in his petition "when the instances of alleged juror misconduct were actually discovered, and, most importantly, proffer any facts that, if true, would establish that these claims could not have reasonably been discovered at trial or in time to raise the issue in a motion for new trial or on direct appeal").

2.   Gavin's claim that jurors considered extraneous information is procedurally barred because it could have been, but was not, raised on appeal; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(5); Ex parte Pierce, 851 So. 2d at 616; Ex parte Dobyne, 805 So. 2d at 767-768; Woods, 2004 WL 1909291, at *7-8 (holding that to overcome Rule 32.2(a)'s procedural bars, a petitioner must state in his petition "when the instances of alleged juror misconduct were actually discovered, and, most importantly, proffer any facts that, if true, would establish that these claims could not have reasonably been discovered at trial or in time to raise the issue in a motion for new trial or on direct appeal").

3.   Gavin's claim that jurors considered extraneous information fails to satisfy the specificity requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure; therefore, it is due to be summarily dismissed.  Other than a vague statement that "juror's reliance on religion during deliberations was fundamentally unfair, ..." Gavin has utterly failed to specify what extraneous or extra-judicial information

the jurors considered. (Amend. Pet. 20-21)  He has not disclosed the identity of any juror who considered information apart from the evidence presented at trial, nor has he specified what that information consisted of, other than his obscure reference to "religion." (Amend. Pet. 20-21)  This allegation consists of nothing more than a bare and conclusory allegation that unspecified jurors violated Gavin's constitutional rights.  As such, Gavin has clearly failed to meet his burden of pleading under Rules 32.3 and 32.6(b), and this claim should be dismissed.

    4.   In the alternative, this claim is denied.

**C.   Gavin's claim that his trial attorneys were ineffective for failing to object to the prosecutor's Biblical references is due to be summarily dismissed.**

    1.   Gavin's claim that his trial attorneys were constitutionally ineffective for failing to object to the prosecutor's Biblical references fails to meet the specificity requirements of Rule 32.6(b) of the Alabama Rules of Criminal Procedure and is due to be summarily dismissed.  Gavin's effective assistance of counsel claim in its entirety is as follows:

> The prosecutor made numerous improper arguments during his closing arguments during the sentencing phase comparing and contrasting Mr. Gavin to Biblical figures.  Mr. Gavin's trial counsel was ineffective in failing to object to these references and was ineffective in his preparation of a mitigation witness who made numerous references to the Bible.

(Amend. Pet. 21)

This claim consists of nothing more than a bare allegation that counsel was ineffective.  Gavin has failed to state what Biblical references the prosecutor made, and he has not identified any Biblical figures to which he was compared.  He has also failed to disclose the name of any mitigation witness that trial counsel failed to prepare or to explain what trial counsel should have done differently to prepare the witness. Furthermore, Gavin has not alleged any facts that would establish prejudice under Strickland. See Bracknell, 883 So. 2d at 727-28.

Because Gavin has clearly failed to meet his burden of pleading under Rules 32.3 and 32.6(b), this claim should be summarily dismissed.

2.    In the alternative, this claim is denied.

**VI.    Gavin's Claim That His Conviction Of Capital Murder Based On His Prior Illinois Conviction Violates His Constitutional Rights To Equal Protection, Due Process, And To Be Free From Cruel And Unusual Punishment, And Double Jeopardy Is Due To Be Summarily Dismissed.**

In claim VI of his amended Rule 32 petition, Gavin alleges two grounds for relief.  First, he alleges that his conviction of capital murder based on his prior Illinois conviction violates his constitutional rights to equal protection, due process, cruel and unusual punishment, and double jeopardy. (Amend. Pet. 22) Second, he alleges that trial counsel was ineffective for failing to object to the prosecutor's statements regarding Gavin's prior Illinois conviction. (Amend. Pet. 22)  As demonstrated below, these claims are due to be summarily dismissed.

**A.    Gavin's claim that the use of his prior murder conviction to elevate this crime to capital murder violated his Constitutional rights is due to be summarily dismissed.**

Gavin's claim that his conviction of capital murder based on his prior Illinois conviction violates his constitutional is due to be summarily dismissed for the following reasons.

1.    Gavin's claim that the use of his prior conviction to elevate the current murder to capital murder is unconstitutional is procedurally barred because it could have been, but was not, raised at trial; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(3).

2.    To the extent Gavin claims that the use of his prior conviction to elevate the current murder to capital murder violates his constitutional rights to equal protection of the law, to due process, and to protection from cruel and unusual punishment, this claim is procedurally barred because it was raised and addressed on appeal; thus it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(4); 32.7(d); See Gavin v. State, 891 So. 2d 907, 934-38 (Ala. Crim. App. 2003)("Gavin contends that § 13A-5-40(a)(13), Ala. Code 1975, is unconstitutional.").

3.    To the extent Gavin claims that the use of his prior conviction to elevate the current murder to capital murder violates his constitutional protection against double jeopardy, this claim is procedurally barred because it could have been, but was not, raised

on direct appeal; thus, it is due to be summarily
dismissed. Ala. R. Crim. P. 32.2(a)(5).

    4.   In the alternative, this claim is denied.

**B.   Gavin's claim that trial counsel was
ineffective for failing to object to the
Prosecutor's statements regarding his prior
murder conviction is due to be summarily
dismissed.**

For the reasons stated below, Gavin's claim that
trial counsel was ineffective for failing to object to
the prosecutor's statements regarding his prior murder
conviction is due to be summarily dismissed.

    1.   This claim is due to be dismissed because
Gavin has completely failed to satisfy his burden of
full factual pleading. Ala. R. Crim. P. 32.3; 32.6(b).
The entirety of Gavin's ineffective assistance of
counsel claim is as follows:

> During the guilt/innocence phase of Mr. Gavin's
> trial, the prosecution referred to Mr. Gavin as
> 'the convicted murder [sic] from Chicago' numerous
> times.  Mr. Gavin's trial counsel was ineffective
> in failing to move in limine prior to trial to
> preclude the prosecution from making such highly
> prejudicial statements and for failing to object
> to such statements at trial.

(Amend. Pet. 22)

Clearly, this claim does not satisfy Rule
32.6(b)'s requirement that claims be pleaded with

specificity and full factual disclosure.  Gavin has not
pleaded any facts that would establish that a motion in
limine or objection to the prosecutor's statements
would have resulted in a favorable ruling.  Instead, he
presents this Court with nothing more that a bare-bone,
conclusory allegation that his attorneys were
ineffective.  Furthermore, he has not alleged a single
fact that would establish prejudice under Strickland.
See Bracknell, 883 So. 2d at 727-28.  As such, this
claim fails to satisfy Rules 32.3 and 32.6(b) of the
Alabama Rules of Criminal Procedure and is due to be
dismissed.

     2.   This claim is due to be dismissed because
Gavin has failed to state a claim or to raise a
material issue of fact or law that would entitle him to
relief. Ala. R. Crim. P. 32.7(d).  Contrary to Gavin's
assertion, Section 13A-5-40(a)(13) of the Alabama Code
is constitutional, and when charged in the indictment,
the State has the burden to prove the prior murder
conviction. Hubbard v. State, 500 So. 2d 1204, 1214-16
(Ala. Crim. App. 1986).  Because Gavin was properly
charged under Section 13A-5-40(a)(13) based on his

prior Illinois murder conviction, the State had a right and an obligation to present evidence of that Illinois conviction and argument regarding that Illinois conviction; thus, the prosecutor's statements about the Illinois conviction constituted legitimate argument based on evidence presented at trial and were not objectionable. See Broadnax v. State, 825 So. 2d 134, 208 (Ala. Crim. App. 2000). As such, trial counsel could not have made a legitimate objection to the State's comments. Thus, this claim is without merit and is due to be summarily dismissed.

3.    In the alternative, this claim is denied.

**VII.  Gavin's Claim That His Fifth, Sixth, Eight, And Fourteenth Amendment Rights Were Violated When He Was Sentenced To Death Pursuant To An Unconstitutional Statutory Scheme Is Due To Be Summarily Dismissed.**

In claim VII of his amended Rule 32 petition, Gavin claims that Alabama's use of the advisory jury system, which does not require an unanimous recommendation of death, violated his constitutional rights.

A.    This claim is procedurally barred because it could have been, but was not, raised at trial;

therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(3); 32.7(d).

B.    This claim is procedurally barred because it was raised and addressed on direct appeal; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(4); 32.7(d); See Gavin v. State, 891 So. 2d 907, 987-88 (Ala. Crim. App. 2003)("Gavin also contends that the United States Supreme Court's decision in Ring v. Arizona, 536 U.S. 584 (2002), requires that his sentence of death be vacated.").

C.    This claim is due to be summarily dismissed pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure because Gavin has failed to state a claim or to raise a material issue of law or fact entitling him to relief.[4]   The Court of Criminal Appeals correctly stated in its opinion on direct appeal:

> Gavin also contends that the United States Supreme Court's decision in Ring v. Arizona, 536 U.S. 584, (2002), requires that his sentence of death be vacated. (Issue I in Gavin's supplemental brief.)

---

[4] Gavin appears to be requesting that this Court overrule the opinion of the Court of Criminal Appeal in Gavin v. State, 891 So. 2d 907, 987-88 (Ala. Crim. App. 2003), and the opinion of the Alabama Supreme Court in Ex parte Waldrop, 859 So. 2d 1181 (Ala. 2002). The State is unaware of any statute granting Alabama Circuit Courts the authority to overrule Alabama Appellate Courts in Rule 32 proceedings.

Gavin makes several arguments regarding the impact of Ring, all of which have been addressed and decided adversely to him either by this Court or by the Alabama Supreme Court. See ... Ex parte Hodges, 856 So. 2d 936 (Ala. 2003); Ex parte Waldrop, 859 So. 2d 1181 (Ala. 2002); ... Ziegler v. State, 886 So.2d 127, 150 (Ala. Crim. App. 2003)(opinion on return to remand); ... Lewis v. State, 889 So. 2d 623 (Ala. Crim. App. 2003);... McNabb v. State, 887 So. 2d 929, 989 (Ala. Crim. App. 2001)(opinion on application for rehearing); Moody v. State, 888 So. 2d 532 (Ala. Crim. App. 2003); Duke v. State, 889 So. 2d 1, 40 (Ala. Crim. App. 2002)(opinion on return to remand); Stallworth v. State, 868 So. 2d 1128, 1177 (Ala. Crim. App. 2001)(opinion on return to second remand); Harrison v. State, 869 So. 2d 509, 526 (Ala. Crim. App. 2002)(opinion on application for rehearing). ... Gavin's death sentence is not invalid under Ring.

Gavin v. State, 891 So. 2d 907, 987-88 (Ala. Crim. App. 2003). As the Court of Criminal Appeals succinctly put it, "Gavin's death sentence is not invalid under Ring." Id. In light of the overwhelming case law and the opinion of Court of Criminal Appeals, it is clear that Gavin's claim is without merit and is due to be dismissed. See Ala. R. Crim. P. 32.7(d).

D. This claim is due to be summarily dismissed because it fails to satisfy the specificity requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. Gavin's four-sentence allegation constitutes nothing more than a bare

allegation that his constitutional rights were violated. Thus, he has not fulfilled his obligation of pleading with specificity required by Rule 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure, and this claim is due to be summarily dismissed. Ala. R. Crim. P. 32.3; 32.6(b); 32.7(d).

    E. In the alternative, this claim is denied.

## VIII.  Gavin's Claim That His Confrontation Clause Rights Under The Sixth And Fourteenth Amendments Were Violated Is Due To Be Summarily Dismissed.

    In claim VIII of his amended Rule 32 petition, Gavin alleges that he is entitled to relief because the State offered an "Official Statement of Facts" that described the facts surrounding a prior murder conviction in the State of Illinois n violation of his right to confront witnesses against him.

    A.   Gavin's Confrontation Clause claim is procedurally barred because it could have been, but was not, raised at trial; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(3); 32.7(d). See Daniels v. State, 650 So. 2d 544, 551 (Ala. Crim. App. 1994)(Claims precluded under Rules 32.2(a)(2) and (a)(5) include the alleged confrontation

clause violation); <u>Brownlee v. State</u>, 666 So. 2d 91, 97 (Ala. Crim. App. 1995)(alleged confrontation clause violation precluded under Rules 32.2(a)(3) and (a)(5)).

B.    Gavin's Confrontation Clause claim is procedurally barred because it was raised and addressed on direct appeal; therefore, it is due to be summarily dismissed. Ala. R. Crim. P. 32.2(a)(4); 32.7(d); <u>Gavin v. State</u>, 891 So. 2d 907, 952-57 (Ala. Crim. App. 2003)("Gavin contends that the trial court erred in admitting into evidence at the sentencing phase of his trial a document entitled "Official Statement of Facts," which sets forth the facts surrounding his prior murder conviction. He argues that the document ... violated his right to confrontation.").

C.    Gavin's Confrontation Clause claim is due to be summarily dismissed because it fails to satisfy the specificity requirements of Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure.  This seven sentence allegation constitutes nothing more than a bare allegation that his constitutional rights were violated.  Thus, he has not fulfilled his obligation to plead with specificity as required by Rule 32.6(b) of

the Alabama Rules of Criminal Procedure, and this claim
is due to be summarily dismissed. Ala. R. Crim. P.
32.3; 32.6(b); 32.7(d).

  D. In the alternative, this claim is denied.

**IX. XI. Gavin's Claim That His Conviction And Sentence
Were In Violation Of His Rights Under The United
States Constitution And The Alabama Constitution
For All The Reason's Stated At Trial And On
Appeal Is Due To Be Summarily Dismissed.**

  In claim IX of his amended Rule 32 petition, Gavin
claims that he is entitled to relief because "his
conviction or sentence were obtained in violation of
his rights under the Constitutions of the United States
or the State of Alabama insofar as those claims were
previously raised in earlier proceedings [i.e. at trial
and on direct appeal]." (Pet. at 23-24)   This claim is
due to be summarily dismissed.

  A. This claim is due to be summarily dismissed
because Gavin has utterly failed to meet his burden of
full factual pleading required by Rules 32.3 and
32.6(b) of the Alabama Rules of Criminal Procedure.
Instead of pleading a specific ground for relief and
the factual basis of that ground, Gavin simply states
that he is reasserting all claims raised in prior

proceedings. (Pet. at 23-24)  Because Gavin has
completely failed to identify any specific ground for
relief, much less allege the factual basis of that
ground, this claim is due to be summarily dismissed for
lack of specificity. See Ala. R. Crim. P. 32.3,
32.6(b), 32.7(d).

B.   In the alternative, this claim is denied.

## CONCLUSION

For the foregoing reasons, the State respectfully
requests that the Court dismiss Gavin's Rule 32
Petition.

FILED

SEP      2005

Carolyn
CIRCUIT CLERK, CHEROKEE COUNTY, AL

Respectfully submitted,

Troy King
ATTORNEY GENERAL

Jasper B. Roberts, Jr.
ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of September 2005, I did serve a copy of the foregoing Notice upon counsel for the petitioner as follows:

Stephen C. Jackson
C. Andrew Kitchen
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

Prentice H. Marshall, Jr.
Melanie Walker
10 South Dearborn Street
Chicago, IL 60603

Jasper B. Roberts, Jr.
ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 353-4014, *353-4848



FILED

SEP · · ·

CIRCUIT CLERK, CHEROKEE COUNTY AL

# IN THE NINTH JUDICIAL CIRCUIT COURT OF ALABAMA
## CHEROKEE COUNTY CIRCUIT COURT

KEITH GAVIN,                              *
                                         *
    Petitioner,                       *
                                         *
v.                                       *      CC-98-61.60
                                         *      CC-98-62.60
STATE OF ALABAMA,                        *
                                         *
    Respondent.                       *

## PETITIONER'S RESPONSE TO THE STATE'S MOTIONS TO DISMISS

Petitioner Keith Gavin is currently before this Court challenging his capital conviction

and death sentence.  Mr. Gavin submits this pleading in response to the Answer by the State of

Alabama ("State") to Mr. Gavin's Petition and Amended Petition and the State's Motion to

Dismiss.  In his petition and amended petition, Mr. Gavin raises nine claims supporting his

position that the Constitution of the United States of America or of the State of Alabama requires

a new trial, a new sentence proceeding, or other relief.  The State asserts that Mr. Gavin's Rule

32 petition should be dismissed pursuant to Rule 32.7(d) because the claims are not sufficiently

specific, the claims are precluded, the claims are not ones for which relief can be granted, or the

claims do not raise a material issue of fact or law.

In response, Mr. Gavin submits the following arguments with respect to the nine claims

in his petition:  (1) *Ex parte* Land and Alabama law demonstrate that Mr. Gavin's petition is

sufficiently specific; (2) Alabama law mandates that Mr. Gavin is only required to plead, not

prove, his claims in his Rule 32 petition; (3) state and federal law establish different standards

between "plain error" and Strickland prejudice and, thus, there is a material issue of fact here

**FILED**

**OCT 26 2005**

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

the underlying claims were raised on direct appeal; (4) state law establishes that Mr. Gavin's claim pursuant to Brady v. Maryland is cognizable; and (5) *Ex parte* Dobyne and recent Alabama cases show that Mr. Gavin's juror misconduct claims are cognizable. For the reasons set forth below, the State's motion should be denied.

## I. MR. GAVIN'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS COGNIZABLE

In arguing that Mr. Gavin's ineffective assistance of counsel claim should be dismissed, the State improperly examined random sentences of the allegation on their own, rather than taking the claim as a whole and assessing its cumulative nature. The State's approach to Mr. Gavin's ineffectiveness claim is flawed for several reasons.

First, Alabama law does not permit the State to alter a petitioner's claim by breaking one claim (in this case, the claim that the constitutional right to effective assistance of counsel was violated) into many separate claims. While it may have something to say about various sentences and paragraphs in Mr. Gavin's ineffectiveness claim, the State has not actually answered the claim as Mr. Gavin plead it in his Rule 32 petition. It is thus difficult for Mr. Gavin to respond to the State's motion to dismiss, not only because he is dealing with the *State's* distortion of *his* claim, but also because the State does not explain the method by which it determined which parts of his claim constitute separate claims.

Second, dividing up Mr. Gavin's ineffectiveness claim contravenes United States Supreme Court and Eleventh Circuit precedent, which requires courts to consider counsel's performance cumulatively. See Williams v. Taylor, 529 U.S. 362, 399 (2000) (holding state court correct in concluding that "the entire postconviction record, *viewed as a whole and cumulative of* mitigation evidence presented originally," raised reasonable probability that result of sentencing proceeding would have been different) (emphasis added); see also Dobbs v. Zant, 506 U.S. 357, 359 n.* (1993) (holding that "an inadequate or harmful closing argument, when

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

*combined... with* a failure to present mitigating evidence, may be highly relevant to the ineffective-assistance determination under Eleventh Circuit law").[1]

Finally, Rule 32.7 does not contemplate the piecemeal dismemberment of individual factual allegations in a petition. Indeed, dismissal is appropriate only where a petitioner alleges no facts that would support a claim for relief. Here, Mr. Gavin alleged clearly and specifically the grounds on which he is entitled to relief. These claims must be considered in the entirety of Mr. Gavin's Rule 32 petition. Accordingly, piecemeal dismissal of some of the allegations is inappropriate.

## A.     *Ex Parte* Land and Specificity

The State asserts that some of Mr. Gavin's factual allegations in support of his ineffective assistance of counsel claim should be dismissed because they do not meet the requirements of Rule 32.6(b). The State's assertions are wrong, as Mr. Gavin has alleged facts, which if taken as true, would entitle him to relief. See *Ex parte* Boatwright, 471 So. 2d 1257, 1258 (Ala. 1985) (holding that an evidentiary hearing must be held on a petition which is meritorious on its face). This Court must provide Mr. Gavin with an opportunity to prove his claims.

---

[1] See also Sorrar v. Dretke, 368 F.3d 441 (5th Cir. 2004) (in a capital case, finding that counsel's multiple errors, including failing to interview the only surviving eyewitness and failing to retain a ballistics expert constituted ineffective assistance of counsel); House v. Balkcom, 725 F.2d 608, 609 (11th Cir. 1984) (finding counsel deficient for failing to interview any witnesses, investigate, seek documents from state, call witnesses, be present throughout entire proceedings and for giving prejudicial closing arguments; reversed for ineffective assistance of counsel "[b]ased upon the totality of the circumstances"); Daniel v. Thigpen, 742 F. Supp. 1535 (M.D. Ala. 1990) (cumulative effect of trial counsel's errors resulted in deprivation of defendant's right to effective assistance of counsel); Brown v. State, 807 So. 2d 1, 13 (Ala. Crim. App. 1999) ("[W]e must evaluate all the circumstances surrounding the case at the time of counsel's actions before determining whether counsel rendered ineffective assistance.") (citations omitted); State v. Terry, 601 So. 2d 161, 164 (Ala. Crim. App. 1992) (finding ineffective assistance of counsel for "the following reasons: failing to strike or remove for cause a juror and failing to know the proper procedure for striking jurors for cause; failing to contact or communicate sufficiently with his client; and failing to investigate witnesses").

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

180

The Alabama Supreme Court has recognized that an ineffectiveness claim pled with far less specificity than Mr. Gavin's was sufficient in the case of *Ex parte* Land, 775 So. 2d 847, 855 (Ala. 2000).  In Land, the petitioner merely pled that trial counsel had not "obtained complete and accurate information relevant to [his] medical history, educational history, employment and training history, family and social history, correction history," nor contacted employers, teachers, or close family members, and presented such information to the sentencers.  The petition in Land only generally alleged that these documents and individuals contained "information about his tragic childhood and emotional difficulties," that would have established a history of "mental, emotional, and substance abuse problems," "numerous mitigating circumstances" and led to "a sentence of life without possibility of parole."  See Land Petition.  The ineffectiveness claim in Mr. Land's Rule 32 petition was the subject of a writ of mandamus ordering the trial court to grant discovery so that Mr. Land could substantiate his claims.

*Unlike Land this case does not allege that the record in question would prove anything* [handwritten marginal note]

The Alabama Supreme Court held that discovery should be compelled and noted that Mr. Land's petition did state a claim—ineffective assistance of counsel at the penalty phase—for which relief could be granted:

> Thus, Land presented the trial court with claims of ineffective assistance of counsel that are facially meritorious.  In fact, these claims suggest several potential serious deficiencies in the performance of his trial counsel that, if proved, may entitle him to relief.  Furthermore, we agree with Land that it would be practically impossible for him to show that he suffered prejudice from the deficient performance of his counsel unless he could show the trial court that mitigating evidence (which he has a reasonable basis to believe in fact exists) existed at the time of his trial and then argue, on the basis of that evidence, that a "reasonable probability" exists that a jury hearing the evidence would have recommended life imprisonment without parole. Cf. Jackson v. Herring, supra, 42 F.3d [1350], 1364, 1369 [11th Cir. 1995] (federal habeas evidentiary hearing "unearthed a great wealth of [mitigating evidence]" from which the defendant was able to show "that a reasonable probability exists that a jury hearing this evidence would have recommended life").  Therefore, we conclude that Land demonstrated to the trial court that he was entitled to the requested discovery (listed above), which is relevant to his claim that his trial counsel was ineffective at the penalty phase of his trial.

**FILED**

OCT 26 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

Land, 775 So. 2d at 855.

Land is instructive because Mr. Gavin's petition alleges with far more specificity the facts in support of his claims than the petition in Land. The State contends that Mr. Gavin should be prevented from presenting certain evidence, such as the trial lawyers' failure to move to inspect the physical evidence until seven months after the incident, by which time key pieces of exculpatory evidence were no longer available for inspection. Mr. Gavin has alleged numerous other facts with specificity, including the fact that trial counsel failed to investigate the background of DeWayne Meeks, an identification witness and possibly implicated in the homicide; failed to conduct an investigation of members of the Fort Payne Police Department, including one member who was an alleged victims of the crime as well as an investigator of that crime; and failed to object to specified pieces of damaging evidence. *Amended Petition*, at 8-11. Like Land, however, the factual allegations in Mr. Gavin's petition are "facially meritorious," and "suggest several potential serious deficiencies in the performance of his trial counsel that, if proved, may entitle him to relief." Land, 775 So. 2d at 855.

This Court should reject the State's arguments and permit **Mr. Gavin** to proceed on his facially meritorious claims. See Johnson v. State, 835 So. 2d 1077, 1081 (Ala. Crim. App. 2001) (reversing and remanding for evidentiary hearing where Rule 32 court summarily dismissed petitioner's claims of ineffective assistance of counsel; claim was facially meritorious, *i.e.*, contained matters which, if proven true, entitled petitioner to relief); Garrett v. State, 644 So. 2d 977, 981-82 (Ala. Crim. App. 1994) (same); Long v. State, 647 So. 2d 96, 98 (Ala. Crim. App. 1994) (same).

Finally, although Mr. Gavin asserts that he has clearly met his burden of pleading pursuant to Rule 32.6(b). To the extent that this Court believes that Mr. Gavin must provide additional factual support for his claim, these facts can be provided once Mr. Gavin's discovery requests have been granted and the information obtained.

01248857.1

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

**B.**     **At this Stage, Mr. Gavin Is Required Only to Plead, Not Prove, His Claims**

In arguing that Mr. Gavin's allegations should be dismissed, the State consistently

confuses what a petitioner must plead in order to survive a motion to dismiss with what he must

ultimately establish to win on the merits.  With regard to many of his claims, the State has argued

that the claims should be dismissed for "failure to plead a claim for which a material issue of fact

or law exists."  *State's Motion to Dismiss Gavin's Rule 32 Petition*, at 14-69.  Alabama courts,

however, have recognized the difference between a petitioner's burden to properly plead a

claim—so as to afford the respondent an opportunity to properly respond—and a petitioner's

burden to prove a claim—so as to prevail on the merits.  As the Court of Criminal Appeals has

stated

> At the pleading stage of Rule 32 proceedings, a Rule 32 petitioner does not have
> the burden of proving his claims by a preponderance of the evidence.  Rather, at
> the pleading stage, a petitioner must only provide 'a clear and specific statement
> of the grounds upon which relief is sought.'  Rule 32.6(b), Ala. R. Crim. P.  Once
> a petitioner has met his burden of pleading so as to avoid summary disposition
> pursuant to Rule 32.7(d), Ala. R. Crim. P., he is then entitled to an opportunity to
> present evidence in order to satisfy his burden of proof.

Johnson v. State, 835 So. 2d 1077, 1079-80 (Ala. Crim. App. 2001) (citation omitted).  Thus, the

Court recognized that "[a] claim may not be summarily dismissed because the petitioner failed to

meet his burden of proof at the initial pleading stage, a stage at which the petitioner has only a

burden to *plead*." Id.

For example, as part of Mr. Gavin's ineffectiveness claim, Mr. Gavin has alleged that his

trial counsel failed to move for a change of venue despite extensive prejudicial pretrial publicity

surrounding the case and has alleged with specificity that trial counsel affirmatively stated that

he believed such a motion was necessary. *Amended Petition*, at 11-12.  In response, the State

argues that Mr. Gavin can never establish that his trial counsel was ineffective for this and other

failings because Mr. Gavin has not pleaded the contents of any media coverage. *State's Answer*,

at 23.  However, the inquiry at this stage is not whether Mr. Gavin wins on the merits of this

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

claims, but rather whether he has alleged facts, that if true, entitle him to relief. Had trial counsel successfully moved for change of venue due to prejudicial pretrial publicity, there is a reasonable probability that the outcome of the trial would have been different. Mr. Gavin has thus met this pleading requirement. The fact that the State believes he may not ultimately succeed on the merits of his claims is irrelevant at this stage. Mr. Gavin has alleged facts that if proved would entitled him to relief. The State's motion on this basis should be denied.

### C.   Pursuant To The Alabama Supreme Court's Recent Decision In *Ex Parte Taylor*, This Court May Not Dismiss Ineffectiveness Allegations under the Theory That the Underlying Issue Was Raised on Direct Appeal

The State also argues that Mr. Gavin is attempting to "relitigate" a substantive issue raised on direct appeal "under the guise of ineffective assistance of counsel." *State's Motion to Dismiss Gavin's Rule 32 Petition*, at 31. The State thus seeks to have Mr. Gavin's ineffectiveness claim dismissed under the theory that, if the underlying substantive claim was raised and rejected on direct appeal, defense counsel's failure to argue or object to the contested issues cannot be deemed prejudicial pursuant to <u>Strickland</u>.

The State's position is flatly inconsistent with the Alabama Supreme Court's recent decision in *Ex parte* <u>Taylor</u>, -- So.2d --, No. 1040186, 2005 WL 2403729 (Ala. Sept. 30, 2005).[2] In Taylor, the Supreme Court held that "a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under Strickland to sustain a claim of ineffective assistance of counsel," and reversed the judgment of the Court of Criminal Appeals. 2005 WL 2403729, at *3 (emphasis added). The Alabama Supreme Court's decision in <u>Taylor</u> is binding on this Court.

---

[2] The decision in <u>Taylor</u> was issued the day after the State filed its motion to dismi

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01248857.1

As the Supreme Court observed in <u>Taylor</u>, Alabama courts have defined "plain error" as error that has or probably has affected the substantial rights of the appellant, Ala. R. App. P. 45A, or an error "so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings." <u>Ex parte</u> <u>Womack</u>, 435 So. 2d 766, 769 (Ala. 1983) (citation omitted); <u>see also</u> <u>Hyde v. State</u>, 778 So. 2d 199, 209 (Ala. Crim. App. 1998) ("To rise to the level of plain error, the claimed error must not only seriously affect a defendant's 'substantial rights,' but it must also have an unfair prejudicial impact on the jury's deliberations.").

In contrast, the prejudice prong of <u>Strickland</u> only requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. This "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." <u>Id.</u> The Court in <u>Strickland</u> expressly rejected an "outcome-determinative" standard (*i.e.,* a standard which requires the petitioner to show that counsel's conduct altered the outcome in the case) in the context of ineffective assistance of counsel claims as "not quite appropriate." Rather, the "appropriate standard of prejudice should be somewhat lower," because the "result of the proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." <u>Id.</u>; <u>see also</u> <u>Taylor</u>, 2005 WL 2403729, at *3 ("a determination on direct appeal that there has been no plain error does not automatically foreclose a determination of the existence of the prejudice required under <u>Strickland</u> to sustain a claim of ineffective assistance of counsel. In determining whether to grant a Rule 32 petitioner relief on an ineffective-assistance claim, a court must examine both the plain-error and prejudice standards of review").

The decisions of other jurisdictions are in accord. The Missouri Supreme Court rejected precisely the same argument the State articulates here, noting that "<u>Strickland</u> clearly a

8

FILED

OCT 2 6 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

explicitly holds that an outcome-determinative test cannot be applied in a postconviction setting," and "therefore the two tests are not equivalents." Deck v. State, 68 S.W.3d 418, 427 (Mo. 2002);[3] see also Schnelle v. State, 103 S.W.3d 165 (Mo. Ct. App., Jan. 31, 2003); State v. Ruby, 778 N.E.2d 101, 111 (Ohio App. 2 Dist. 2002) (recognizing that the Strickland Court "expressly rejected the standard employed by the plain error rule when determining whether the accused was sufficiently prejudiced by counsel's deficient performance that reversal is required."). As these cases reveal, the standard for establishing prejudice under plain error is much higher than the standard for establishing prejudice under Strickland, and for this reason, the State's arguments should be rejected.

Moreover, and in any event, the State's piecemeal approach to Mr. Gavin's claim is inappropriate and in direct conflict with both federal and state court precedent which mandates that this Court evaluate counsel's performance as a whole and make a determination as to cumulative prejudice. See Williams v. Taylor, 529 U.S. 362, 399 (2000) (holding state court correct in concluding that "the entire postconviction record, viewed as a whole and cumulative of mitigation evidence presented originally," raised reasonable probability that result of sentencing proceeding would have been different); United States v. Cronic, 466 U.S. 648, 657 n.20 (1984) (acknowledging that the Court of Appeals appropriately "focused on counsel's overall representation of respondent, as opposed to any specific error or omission counsel may have made"). For all of these reasons, this Court should reject the State's motions to dismiss portions of his ineffectiveness claim, and instead afford Mr. Gavin the opportunity to prove his claim.

---

[3] In its opinion, the Missouri Supreme Court explicitly overruled State v. Clark, 913 S.W.2d 399 (Mo. Ct. App. 1996), a case relied upon by the Alabama Court of Criminal Appeals in Dobyne v. State, 805 So. 2d 733 (Ala. Crim. App. 2000).

FILED

OCT 26 2005

Carolyn M. Smith

CIRCUIT CLERK, CHEROKEE COUNTY, AL

II.     **MR. GAVIN'S CLAIM THAT THE STATE UNCONSTITUTIONALLY SUPPRESSED EXCULPATORY AND IMPEACHMENT EVIDENCE IS COGNIZABLE.**

The State argues that Mr. Gavin's claim that the State suppressed exculpatory and impeachment evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), should be dismissed.

The State's arguments that Mr. Gavin should have raised these claims at trial have been consistently rejected by Alabama courts, which have recognized that Brady claims are cognizable in postconviction proceedings.  Martin v. State, 839 So. 2d 665 (Ala. Crim. App. 2001) (Rule 32 claim regarding failure of prosecutor in death penalty case to disclose exculpatory evidence required new trial); Hamilton v. State, 677 So. 2d 1254 (Ala. Crim. App. 1995) (in Rule 32 proceeding, court orders new trial based on Brady violation); Jefferson v. State, 645 So. 2d 313 (Ala. Crim. App. 1994) (same).

Mr. Gavin has asserted that the State has failed to disclose a number of exculpatory items, including information regarding deals made with a key identification witness and the investigation of the medical examiner for substandard work.  Because the State concealed this evidence, trial counsel simply could not have raised this claim at trial.  See Banks v. Dretke, 124 S. Ct. 1256, 1273 (2004) (where State asserted on eve of trial that it would disclose all Brady material, "Banks cannot be faulted for relying on that representation," in failing to develop Brady claim).  The very nature of the claim—the State's failure to turn it over—implicitly precludes such a finding.

III.    **MR. GAVIN'S JUROR MISCONDUCT CLAIMS ARE COGNIZABLE.**

The Alabama Supreme Court has held that juror misconduct claims, such as Claim V in Mr. Gavin's petition, are cognizable in state postconviction proceedings. In Ex parte Dobyne, 805 So. 2d 763 (Ala. 2001), the petitioner presented evidence at his Rule 32 hearing that one of

**FILED**

OCT 2 6 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

the jurors did not answer truthfully to a *voir dire* question, implicating the petitioner's constitutional right to a fair and impartial jury. The claim was not raised at trial or on direct appeal and the circuit court found it to be cognizable in Rule 32 proceedings. On appeal, the Alabama Supreme Court stated that the "trial court and the Court of Criminal Appeals directly addressed Dobyne's juror- misconduct claim" and explicitly held that the claim "was correctly addressed." Dobyne, 805 So. 2d at 770.

In addition to Dobyne, many other Alabama appellate decisions have addressed the merits of juror misconduct claims in Rule 32 cases. For example, in McGahee v. State, No. CR-00-2017, 2003 WL 21246493 (Ala. Crim. App. May 30, 2003), the Alabama Court of Criminal Appeals recently reaffirmed the cognoscibility of Juror misconduct claims in Rule 32 proceedings when it addressed the merits of a death row prisoner's claim that a juror failed to disclose, in response to a question about prior victimization during *voir dire*, that he had previously been the victim of a robbery at a service station. Id. at *7-9; see also DeBruce v. State, CR-99-1619, 2003 WL 22846752, *2-5 (Ala. Crim. App. Dec. 2, 2003) (addressing merits of death row prisoner's claim in Rule 32 proceedings that juror failed to disclose, in response to questioning on voir dire, that her father was in law enforcement); McNair v. State, 706 So. 2d 828, 835-38 (Ala. Crim. App. 1997) (addressing merits of death row prisoner's claim in Rule 32 proceedings that juror read Bible and prayed during jury deliberations); State v. Freeman, 605 So. 2d 1258, 1260 (Ala. Crim. App. 1992) (granting relief on death row prisoner's Rule 32 claim that juror foreman failed to reveal, in response to questioning during voir dire, that he was a former police officer).

Despite this clear precedent from the Alabama Supreme Court and the Alabama Court of Criminal Appeals, the State has argued that Mr. Gavin's juror misconduct claims should be procedurally barred pursuant to Rules 32.2(a)(3) and (5) because the allegations could have been, but were not, raised at trial and on direct appeal. However, like the petitioners in Dobyne,

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

McGahee, DeBruce, and other cases, the claims of juror misconduct which Mr. Gavin now asserts rendered his trial unconstitutional could not have been raised at trial—and thus necessarily could not have been raised on direct appeal—because trial counsel could not have had any information about this misconduct. In Mr. Gavin's case, trial counsel could not have had any information that jurors had failed to disclose information during *voir dire* or that the jurors had improperly considered extraneous evidence, including religious and Biblical references, in their deliberations. The transcript in this case was not completed until well after a motion for new trial could have been filed. As such, trial counsel could not have raised these claims at trial or on appeal. Under Dobyne and other cases discussed above, dismissal of Mr. Gavin's juror misconduct claims is clearly unwarranted and inappropriate, and this Court must reject the State's motion to dismiss.

## IV.     THE REMAINING CLAIMS IN MR. GAVIN'S PETITION.

The State has urged this Court to dismiss the following claims pursuant to Rule 32.2(a)(2), (3), or (4) because some of them were raised at trial, and all of them were raised on direct appeal: III, IV, VI, VII, VIII, and IX. While Mr. Gavin concedes that these claims were all raised on direct appeal, he urges this Court to consider all of these claims in totality in making a determination about whether Mr. Gavin's conviction and sentence of death accorded with the requirements of the Constitution. See Strickland v. Washington, 466 U.S. 668 (1984).

\*        \*        \*

For all of these reasons, Mr. Gavin respectfully requests that this Court deny the State's motion to dismiss and permit him to present evidence on his facially meritorious claims.

Respectfully Submitted,

FILED

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01248857.1

12

Prentice H. Marshall
SIDLEY AUSTIN BROWN & WOOD LLP
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000 (telephone)
(312) 853-7036 (facsimile)

C. Andrew Kitchen
One of the attorneys for Petitioner Keith Gavin

Stephen C. Jackson
C. Andrew Kitchen
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000 (telephone)
(205) 254-1999 (facsimile)

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

13

01248857.1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on counsel of record in the above styled cause by mailing a copy of same to them at their business address, this the _25_ day of October, 2005:

> Jasper B. Roberts, Jr.
> Assistant Attorney General
> Office of the Attorney General
> Capital Litigation Division
> Alabama State House
> 11 South Union Street
> Montgomery, AL  36130
>
> Robert F. Johnson, Jr.
> Assistant District Attorney
> Ninth Judicial Circuit
> 300 Grand Avenue South
> Suite 505
> Ft. Payne, AL 35967

_____
OF COUNSEL

**FILED**

OCT 2 6 2005

Carolyn M. Smith
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01248857.1

14

191

ORIGINAL

# IN THE CIRCUIT COURT OF CHEROKEE COUNTY, ALABAMA

KEITH GAVIN,        *
                     *

    Petitioner,    *
                     *

    v.        *  CC-98-61.60
                     *  CC-98-62.60

STATE OF ALABAMA,    *
                     *

    Respondent.    *

## MOTION FOR DISCOVERY OF INSTITUTIONAL FILES, PROSECUTION FILES, RECORDS, AND INFORMATION NECESSARY TO A FAIR RULE 32 EVIDENTIARY HEARING

Keith Gavin respectfully moves this Court to order that he is entitled to discovery of institutional files, prosecution files, records, and information necessary to a fair Rule 32 evidentiary hearing:

1.    This is a death penalty case.  On November 6, 1999, Mr. Gavin was found guilty of capital murder and on January 5, 2000, he was sentenced to death in the Cherokee County Circuit Court.  Mr. Gavin is now before this Court seeking relief from his unconstitutionally obtained capital conviction and death sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

2.    Alabama courts have recognized that "[t]he hovering death penalty is the special circumstance justifying broader discovery in capital cases." Ex parte Monk, 557 So. 2d 832, 836-37 (Ala. 1989); see also Johnson v. Mississippi, 486 U.S. 578, 584 (1988) ("The fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special 'need for reliability in the determination that death is the appropriate punishment.'") (quoting Gardner v. Florida, 430 U.S. 349, 363-364 (1977) (quoting Woodson v. North Carolina, 428 U.S. 280, 305 (1976))).

# FILED

OCT 26 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

1

3.      Both the United States Supreme Court and the Alabama Supreme Court have repeatedly recognized that the prosecutor has a duty to disclose relevant evidence to the defendant. The prosecution's failure to do so "casts the prosecutor in the role of an architect of a proceeding that does not comport with standards of justice..." Brady v. Maryland, 373 U.S. 83, 88 (1963); see also Kyles v. Whitley, 514 U.S. 419 (1995) (prosecution must disclose favorable information to defense); Giles v. Maryland, 386 U.S. 66 (1967) (remand necessary where prosecution violated due process by suppressing favorable evidence and knowingly using perjured testimony); Davis v. Alaska, 415 U.S. 308 (1974) (defendant must be afforded opportunity to impeach credibility of prosecution witness through cross-examination); Giglio v. United States, 405 U.S. 150 (1972) (prosecution must disclose to defense impeachment information, including agreements with state witnesses); United States v. Bagley, 473 U.S. 667 (1985) (prosecution must disclose impeachment evidence); Napue v. Illinois, 360 U.S. 264 (1959) (prosecution may not allow false evidence to be presented to jury); United States v. Pitt, 717 F.2d 1334 (11th Cir. 1983) (due process mandates disclosure of favorable evidence); Ex parte Womack, 541 So. 2d 47 (Ala. 1988) (prosecution must reveal evidence tending to exculpate accused or impeach veracity of state's witnesses); Ala. R. Crim. P. 16 (prosecution must disclose exculpatory information).

4.      Mr. Gavin has alleged in his Rule 32 petition that, among other things, his trial lawyers were ineffective for failing to investigate and present evidence at both the guilt and penalty phases of his trial, and that the State failed to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963).

5.      In order to succeed on his ineffective assistance of counsel claims, Mr. Gavin is required to prove that the performance of his lawyers was deficient and that the deficient

**FILED**

OCT 26 2005

*Carolyn M. Smith*

CIRCUIT CLERK, CHEROKEE COUNTY, AL

performance prejudiced him.  See Strickland v. Washington, 466 U.S. 668 (1984).  As the

Alabama Supreme Court recognized in Ex parte Land, 775 So. 2d 847, 852 (Ala. 2000):

> [It will be] practically impossible for [the petitioner] to show that he suffered
> prejudice from the deficient performance of his counsel unless he could show the
> trial court that mitigating evidence (which he has a reasonable basis to believe in
> fact exists) existed at the time of this trial and then argue, on the basis of that
> evidence, that a "reasonable probability" exists that a jury hearing the evidence
> would have recommended life imprisonment without parole.

Given the stakes of this capital case, Mr. Gavin has a right to the production of the materials

specified below.  See Kyles v. Whitley, 514 U.S. 419 (1995); Davis v. Alaska, 415 U.S. 308

(1974); Giles v. Maryland, 368 U.S. 66 (1967); Brady v. Maryland, 373 U.S. 83 (1963); Napue

v. Illinois, 360 U.S. 264 (1959); United States v. Pitt, 717 F.2d 1334 (11th Cir. 1983); Ex Parte

Monk, 557 So.2d 832 (Ala. 1989) (capital cases are sufficiently different to justify broadened

discovery).

6.      As Alabama courts also have recognized, Brady claims are properly brought in

Rule 32 post-conviction proceedings.  See, e.g., Martin v. State, 839 So. 2d 665 (Ala. Crim. App.

2001) (failure of a prosecutor to disclose exculpatory evidence required new trial); Jefferson v.

State, 645 So. 2d 313 (Ala. Crim. App. 1994) (granting new trial in Rule 32 proceedings where

state failed to turn over police reports containing witness statements identifying another person

fleeing the scene of the crime); McMillian v.State, 616 So. 2d 933 (Ala. Crim. App. 1993)

(reversing conviction and sentence in Rule 32 proceedings where prosecution failed to disclose

material evidence).  Discovery requests of prosecution files are thus routinely granted in death

penalty Rule 32 cases throughout the state.

7.      Discovery of the records sought herein is particularly appropriate in this case,

because the prosecution's key witness, Dewayne Meeks, originally was charged with murder

along with Mr. Gavin in connection with the death of William Clayton. Mr. Gavin alleges in his

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

petition, among other things, that the crux of the defense case was that Mr. Meeks was the actual murderer, but that his defense counsel was ineffective in failing to investigate and present evidence regarding Mr. Meeks' culpability, and was ineffective in cross-examining him at trial. Mr. Gavin also alleges in his petition that the State withheld information regarding Mr. Meeks in violation of <u>Brady</u>.   Without the discovery of the prosecutor's files and police investigative reports, however, Mr. Gavin will be unable to prove the allegations stated in his petition.

8.      For these reasons, Petitioner requests that this Court order the individuals named below, including (a) all present and former agents, officers, investigators, consultants, employees, and staff of these organizations; (b) any other person or entity acting on behalf of any of these organizations or on whose behalf such person or entity has acted; (c) any other person or entity otherwise subject to the control of any of these organizations, to produce for inspection and copying the documents specified herein, wherever such documents may be located, with such production to be arranged with undersigned counsel within thirty days of the day the discovery order is obtained.   Petitioner makes this motion pursuant to Rules 16 and 32 of the Alabama Rules of Criminal Procedure, the Sixth, Eighth and Fourteenth Amendments to the United States Constitution, the corresponding portions of the Alabama Constitution and state and federal law.

9.      Pursuant to Rule 16.3 of the Alabama Rules of Criminal Procedure, Petitioner moves this Court to order that each request is continuing in nature and additional responsive documents that are obtained or discovered prior to the evidentiary hearing should be produced as soon as they are obtained or discovered.

10.      Petitioner further moves that if any document responsive to a request was, but no longer is, in the State's possession, custody or control that this Court order the State to declare

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01247888.1                                    4

whether such document (a) is missing or lost, (b) has been destroyed, (c) has been transferred to others or (d) has otherwise been disposed of.  For each instance regarding a disposition of a document, Petitioner requests that the State be required to identify each person who authorized such disposition, indicate the dates of such authorization and disposition, and identify the document and each person or entity that may have had custody of or control over such document or any copy thereof.  If information responsive to a request appears on one or more pages of a multi-page document, Petitioner requests that the entire document be produced. Petitioner further requests that individual responses of more than one page should be stapled or otherwise separately bound, and each page numbered consecutively.

11.     Petitioner requests that if any document or portion of any document covered by these requests is withheld from production, that this Court order the State to furnish a list identifying each such document or portion, providing the following information with respect to each:  (a) the reason(s) for withholding; (b) the date of the document; (c) identification by name, job, title, and the last known business and home addresses of each person who wrote, drafted, assisted, participated, or otherwise aided in the production of the document; (d) identification by name, job title, and the last known business and home addresses of each person who received or has had custody of the document or copies thereof; (e) a brief description of the nature and subject matter of the document; (f) the length of the document; (g) a statement of the facts that constitute the basis for any claim of privilege, work product or other grounds of nondisclosure; and (h) the paragraph(s) of these requests to which the withheld document(s) is responsive.

12.     This motion consists of two sections: the first section contains definitions of the terms used in this motion, and the second section identifies the records, files and information to be produced.

# FILED

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01247888.1

5

## I.   DEFINITIONS

Unless the context clearly indicates otherwise, the terms listed below are defined and used herein as follows:

13.   The "State" means any and all of the following organizations:  the Cherokee County District Attorney's Office, the Fort Payne Police Department, the Cherokee County Sheriff's Department, the Cherokee County Coroner, the Centre Police Department, the DeKalb County District Attorney's Office, the DeKalb County Sheriff's Department, the Alabama Bureau of Investigation, the Alabama Department of Forensic Sciences, the Alabama Department of Mental Health and Mental Retardation, and the Cherokee County District and Circuit Courts.   This includes (a) all present and former agents, officers, investigators, consultants, employees, and staff of these organizations; (b) any other person or entity acting on behalf of any of these organizations or on whose behalf such person or entity has acted; (c) any other person or entity otherwise subject to the control of any of these organizations.

14.   "Document" or "documents" means any writing, record or data in any form or medium, whether or not privileged, that is in the State's actual or constructive possession, custody, or control.  As used herein, a document is deemed to be in the State's control if the State has a right to obtain a copy of it.  "Document" also includes the original of any document in whatever form or medium it may exist, and all copies of each such document bearing, on any sheet or side thereof, any marks (including, by way of non-limiting example, initials, stamped indicia, or any comment or notation of any character) not a part of the original test or any reproduction thereof.  Examples of documents that must be produced include, but are not limited to, working papers, preliminary, intermediate, or final drafts, correspondence, transcripts, analysis, studies, reports, surveys, memoranda, charts, notes, records (of any sort) of meetings, diaries, telegrams, telexes, fax transmissions, electronic transmissions, reports of tel..... o

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL.

oral conversations, desk calendars, appointment books, audio or video tape recordings, photographs, films, microfilm, microfiche, computer tapes, disks, or printouts, press releases, newspapers, magazines and all other writings or recordings of any kind.

15.     "Relating to" means discussing, describing, referring to, reflecting on, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, relevant to, bearing on, or pertaining to, in whole or in part.

16.     "All" means "any and all."

17.     "Any" means "any and all."

18.     "Each" means "any and all."

19.     "And" means "and/or."

20.     "Or" means "and/or."

21.     References to the singular shall be construed to include the plural, and references to the plural shall be construed to include the singular.

22.     All verbs shall be construed to include all tenses.

**II.     DOCUMENTS TO BE PRODUCED**

**A.     MATERIALS IN THE DISTRICT ATTORNEY'S POSSESSION**

23.     Petitioner moves that this Court order the Cherokee County, Alabama District Attorney to disclose to undersigned counsel, and permit him to inspect, copy, and photograph the following items:

24.     Each document relating to any communications or statements (whether written or oral), memoranda, summaries or recordings of such communications or statements, as well as grand jury testimony, made to or by any and all of the following:  Keith Gavin, Danny Smith, Elizabeth Clayton, Dennis Scott, Larry Twilley, Ronald Baker, Richard Henry, Dewayne Meeks,

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY AL

Sharon Meeks, Marty Tooter, Tom Arambisisch, Tony Burch, Larry Wilson, Tony Holladay, Kevin Ware, Tonya Adrian, Bobby Don Rogers, Sandy Gornoti, Jimmy Deberry, Stepehn Pustilnik, Andrew Bryant Dooley, Mark Hopwood, David Higgins, Angelo Della Manna, Christopher Luckie, Rich Rector, Curtis Massey, Chris Graham, Barbara Genovese, Severia Morris, Ted Klimasewski, Mark Edward Meade, Patrick Earl Coffey, Paul Winston Dale, S.J. Johnson, Annette Gavin, Tom Burch, and any other person who made any such communication or statement.

25.     The names and addresses of all person who have given written, recorded, or oral statements or communications of the type referred to in paragraph 22 above.

26.     All names and addresses of any person with knowledge of any fact or circumstance surrounding the death of William Clayton.

27.     All documents to, from, and between law enforcement officers regarding the death of William Clayton.

28.     All documents to, from, and between the State's investigative staff, excluding those portions, if any, that contain the opinions, theories, or conclusions of the prosecuting attorneys or members of their staff.

29.     Any documents in the State's possession or available to the State that are exculpatory or favorable to Keith Gavin on the issue of guilt or penalty regarding any element of the offense of capital murder related to the death of William Clayton, but not limited to,

    (a)     all evidence provided by or relating to any of the following prosecution witnesses: Danny Smith, Larry Twilley, Ronald Baker, Richard Henry, Dewayne Meeks, Marty Tooter, Tom Arambisisch, Tony Burch, Larry Wilson, Tony Holladay, Kevin Ware, Tonya Adrian, Bobby Don Rogers, Sandy Gornoti, Jimmy Deberry,

01247888.1

**FILED**

OCT 26 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

Stepehn Pustilnik, Andrew Bryant Dooley, Mark Hopwood, David Higgins, Angelo Della Manna, Christopher Luckie, Rich Rector, Curtis Massey, Chris Graham, Barbara Genovese, Severia Morris, and any other witnesses that the prosecution called during the course of Mr. Gavin's trial;

(b)     any and all information including letters, records of telephone calls, memoranda, and any other records or documents disclosing bias or prejudice or pre-judgment by the citizens of Cherokee County, Alabama, against Keith Gavin, and the identity of persons making statements expressing such views;

(c)     any and all other information respecting any state witness that is favorable to Keith Gavin on the issue of guilt or penalty regarding any element of the offense of capital murder in the death of William Clayton;

(d)     any and all information in any form whatsoever, that derives from any person that is exculpatory with respect to Keith Gavin having committed the murder of William Clayton, including but not limited to statements made by any prosecution witness who testified at Mr. Gavin's trial and any information obtained from any of the following people:  Danny Smith, Elizabeth Clayton, Dennis Scott, Larry Twilley, Ronald Baker, Richard Henry, Dewayne Meeks, Sharon Meeks, Marty Tooter, Tom Arambisisch, Tony Burch, Larry Wilson, Tony Holladay, Kevin Ware, Tonya Adrian, Bobby Don Rogers, Sandy Gornoti, Jimmy Deberry, Stepehn Pustilnik, Andrew Bryant Dooley, Mark Hopwood, David Higgins, Angelo Della Manna, Christopher Luckie, Rich Rector, Curtis Massey, Chris Graham, Barbara Genovese, Severia Morris, and any other individual that may

**FILED**

OCT 2 6 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01247888.1

have information relating to William Clayton's death and Mr. Gavin's prosecution for her death;

(e) any and all information that would support a showing that this offense was committed while Keith Gavin was under the influence of extreme mental or emotional disturbance;

(f) any and all information relevant to the capacity of Keith Gavin to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law, especially any such information that would support a finding that Mr. Gavin's capacity was substantially impaired;

(g) all information that supports the existence of statutory mitigating circumstances;

(h) all information that supports the existence of nonstatutory mitigating circumstances;

(i) any evidence offered by the State at Mr. Gavin's trial in support of any alleged aggravation circumstance.

30.    All physical or documentary evidence, including diagrams, sketches, books, papers, documents, photographs, illustrations, or tangible objects in the possession of the prosecution, law enforcement personnel, any other state agency, or prosecution witness that relate to this case or Keith Gavin in any fashion.

31.    All physical or documentary evidence, including diagrams, sketches, books, papers, documents, photographs, illustrations, or tangible objects in the possession of the prosecution, law enforcement personnel, any other state agency, or prosecution witness that may have impeached or otherwise contradicted, disproved, questioned, conflicted with, or challenged

*Regarding Chicago Case*

**FILED**

OCT 26 2005

*Carolyn M. Smith*
CIRCUIT CLERK, CHEROKEE COUNTY, AL

01247888.1