FILED
2020 Aug-21 PM 12:55
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

KEITH EDMUND GAVIN,    )
           )
    Petitioner,    )
           )
v.           )   Case No.  4:16-cv-00273-KOB
           )
JEFFERSON S. DUNN,    )
Commissioner of the Alabama    )
Department of Corrections,    )
           )
    Respondent.    )

# VOLUME 40

# State Court – Collateral Appeal Transcript

LUTHER STRANGE
ALABAMA ATTORNEY GENERAL

AND

BETH JACKSON HUGHES
ALABAMA ASSISTANT ATTORNEY GENERAL

ADDRESS OF COUNSEL:

Office of the Alabama Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL  36130
(334) 242-7392

1

VOL. 22 of 22

**COURT OF CRIMINAL APPEALS NO.** _____ CR-10-1313

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

**CIRCUIT COURT OF** _____CHEROKEE_____ **COUNTY, ALABAMA**

**CIRCUIT COURT NO** CC-98-61.60 & CC-98-62.60

**CIRCUIT JUDGE** David A. Rains

Type of Conviction/ Order Appealed From: _____ Rule 32 _____

Sentence Imposed: _____

Defendant Indigent: ☑ YES ☐ NO

## KEITH EDMUND GAVIN

**NAME OF APPELLANT**

Stephen C. Jackson          205-254-1037
(Appellant's Attorney)                    (Telephone No.)
1901 Sixth Avenue North, Suite 2400
(Address)

Birmingham    Alabama    35203
(City)              (State)            (Zip Code)

**v.**

## STATE OF ALABAMA

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df

_____

(For Court of Criminal Appeals Use Only)

```
 1          line of defense or called Keith Gavin to the
 2          stand because he knew something, then the
 3          State has every right to know that and to
 4          present it as evidence.  Again, this is a
 5          Rule 32 petition.  He is a petitioner.  He
 6          is suing the State in a quasi civil matter
 7          and privileges for the most part go out the
 8          window, especially when you're claiming that
 9          you're actually innocent and that you can
10          prove it.
11                  MS. WALKER:  Your Honor, I don't
12          mean to cut off defense counsel, but I think
13          he has made a lot of misstatements there.
14          We are not presenting an actual innocence
15          defense.  Mr. Webb did not present an
16          opinion that Mr. Gavin is actually innocent,
17          and some of these interview notes I'm sure
18          the State would like to see, but they can go
19          out and interview these people themselves.
20          All of these statements are going to be
21          hearsay.  The only relevance they have is if
22          they have formed the basis for part of Mr.
23          Webb's opinions as expressed in his report
24          and as expressed in his testimony, and the
25          only ones that are relevant to that are the
```

1           ones that I've identified.

2                    THE COURT:  All right, I want you

3           to produce the following:  The statements of

4           Ronald Baker, Tony Burch, Jim Duarte, Kim

5           Duarte, Keith Gavin.  Tell me again who

6           Charles Richard Henry is.

7                    MS. WALKER:  He was one of the

8           gentlemen who was at the intersection at the

9           time of the incident.

10                   THE COURT:  Produce his statement.

11          Larry Twilley and Vickie Twilley.

12                   MR. MAZE:  I believe counsel had

13          said earlier that Sharon Meeks was --

14          because she was one of the persons in

15          Chattanooga who would have seen Mr. Meeks

16          when he came back.

17                   THE COURT:  You're right, Sharon

18          Meeks.  Who are Charles Carter and Crystal

19          Carter?

20                   MS. WALKER:  They are relatives of

21          Dwayne Meeks.

22                   THE COURT:  And Lavaughn Carter,

23          another relative?

24                   MS. WALKER:  That's correct.

25                   THE COURT:  And Keith Clark is who?

1                    MS. WALKER:  He's a brother-in-law

2          of Keith Gavin.  I believe he's Geanetta's

3          husband.

4                    MR. MAZE:  Your Honor, I think the

5          only other one that we might have a question

6          about is Roger Wells.

7                    THE COURT:  Yeah, now, Roger Wells

8          is deceased, if that's the Roger Wells that

9          used to be the police officer.

10                    MS. WALKER:  I would agree to

11          produce Roger Wells.

12                    THE COURT:  Pardon?

13                    MS. WALKER:  I'll agree to produce

14          the notes of the interview of Roger Wells.

15                    MR. MAZE:  If the rest are

16          relatives -- if counsel says the rest of

17          them are mitigation based and they're just

18          relatives, then we wouldn't ask for those.

19                    MS. WALKER:  I'll agree that they

20          are relatives.  Mr. Meeks' relatives, such

21          as Charles Carter and Crystal Carter and

22          Lavaughn Carter I can't say were interviewed

23          for mitigation purposes.

24                    MR. MAZE:  If they were interviewed

25          for guilt phase purposes, then we would

1              request those.

2                        THE COURT:   The only ones I'm going

3              to require to be produced are the ones I've

4              said, Ronald Baker, Tony Burch, Jim Duarte,

5              Kim Duarte, Keith Gavin, Charles Richard

6              Henry, Sharon Meeks, Larry Phillip Twilley,

7              Vickie Twilley, Roger Wells.

8                        MR. MAZE:   Yes, sir.

9                        MS. WALKER:   Thank you, Your Honor.

10                       THE COURT:   Thank you.   Now, when

11             can you get that done?

12                       MS. WALKER:   Today is Tuesday,

13             we'll start, we'll produce what we have by

14             the end of the week, and if there are

15             additional ones that we need to get from Mr.

16             Webb, it might spill over to next week, but

17             we'll produce them on a rolling basis before

18             the end of the next week.   And, Your Honor,

19             am I correct in understanding that we're

20             just to produce them to the State, Your

21             Honor does not want copies?

22                       THE COURT:   I don't want them.   If

23             the State wants to do anything with them,

24             they can file whatever they need to file.

25                       MR. MAZE:   Yes, sir.

1           THE COURT: Anything else we need
2       to do?
3           MR. MARSHALL: I don't believe so,
4       Your Honor.
5           MR. MAZE: The only thing from the
6       State is we again renew our objections to
7       the affidavits that we mentioned at the
8       beginning of the hearing and kind of
9       piggybacking off of counsel's statement of
10      about two minutes ago, they are hearsay and
11      shouldn't come in, so if they're hearsay one
12      way, then it should work both ways.
13          THE COURT: I'll take that under
14      consideration. Thank you. Anything else?
15          MR. MARSHALL: Not at this time,
16      Your Honor, no.
17          THE COURT: Thank you. Now, ones
18      you have gotten the Haney deposition, I
19      assume that you want to file something.
20          MR. MARSHALL: Well, I think it
21      probably behooves all of us to try to
22      summarize what we think the evidence has
23      shown and its legal implications. I do.
24      And then we'd be happy to argue it or to
25      brief it or if the Court prefers, both. I

1          know it's a lot of work, but there is a lot
2          of materials.
3                    THE COURT:  Well, I'm not going to
4          ask you to come back and orally argue it.  I
5          think if once you have gotten the Haney
6          deposition, I think I'm going to give you
7          one more opportunity to present -- you can
8          submit the Haney deposition and any argument
9          that you want, written argument that you
10         want to make, about where you think this
11         case is and how it ought to be disposed of.
12                   MR. MARSHALL:  Sure.  Right.
13                   THE COURT:  Call that whatever you
14         want to call it and then let the State
15         respond to it.  But the Haney deposition
16         will come to me from the defendant.
17                   MR. MARSHALL:  Yes, Your Honor, it
18         will.
19                   THE COURT:  Okay.  But you will
20         give it to me in its entirety, don't just
21         give me a page here and a page there and a
22         page somewhere else.
23                   MR. MARSHALL:  Well, I suspect if
24         we're going to write a brief, obviously, we
25         will talk about selected portions within the

1             brief, but obviously we'll produce the

2             entire transcript.

3                     THE COURT:  Exactly.  Fine.

4                     MR. MARSHALL:  Which I think has

5             been the practice in this case so far.  I

6             think all of the transcripts have been fully

7             provided to the Court.

8                     MS. CASEY:  The State provided

9             them.

10                    MR. MARSHALL:  Pardon me?

11                    THE COURT:  No, they haven't been.

12                    MS. CASEY:  We provided them

13            already.  You provided exerts to your brief.

14                    MR. MARSHALL:  Okay, but the Court

15            has access to them now.  The Court has

16            received --

17                    THE COURT:  Well, let's use an

18            example.

19                    MR. MARSHALL:  Arambasich, you have

20            the complete transcript of Tom Arambasich.

21            It may be that the State provided it.

22                    THE COURT:  Tell me where that is.

23                    MR. MARSHALL:  I believe it's in

24            the materials the State provided in

25            conjunction with its opposition to the most

1          recent brief.

2                    MS. CASEY:  Exhibit 4, the State

3          provided it.  We provided all the

4          depositions, deposition of Deputy Thomas

5          Arambasich.

6                    THE COURT:  Okay, it's in that.

7                    MR. MAZE:  4, 5, 6 and 7.

8                    MS. CASEY:  We provided full

9          depositions.

10                    THE COURT:  You're right.  You're

11          right.

12                    MR. MARSHALL:  So I apologize if it

13          was the State that provided it and not us,

14          but my understanding is, just so we're all

15          on the same page, there were four witnesses

16          who were deposed in connection with the Rule

17          32, and the complete transcript of those

18          deponents have been provided to the Court.

19                    THE COURT:  That is correct.  I'm

20          sorry, I'm just not focused right now.

21          You're right, they are in this multi volume

22          set of exhibits that I've got over here

23          behind the desk.

24                    MR. MAZE:  If I may suggest how the

25          State generally handles Rule 32's after the

1          **hearing is over as far as a scheduling**
2          **matter, this may make it a lot easier for**
3          **the Court.  What we would typically do in a**
4          **situation like this is once the Haney**
5          **deposition is transcribed and submitted by**
6          **the defense, once that has happened and once**
7          **a transcript of this week's hearing is**
8          **transcribed and provided to both parties,**
9          **once both of those is in, typically the**
10         **Court would issue an Order that says within**
11         **30 days the petitioner can file any brief,**
12         **any post-hearing brief, and proposed Order**
13         **that he wishes, and then within 30 days of**
14         **that the State can do the same and then if**
15         **within --**
16                  **THE COURT:  Well, I would like to**
17         **go ahead and establish that date.  We know**
18         **that the deposition is going to be taken**
19         **March the 31st, and, you know, it may take a**
20         **couple of weeks to get the transcript and**
21         **then, you know, I don't care how much time**
22         **you take to get it done.  I want it to be a**
23         **reasonable amount of time for you.**
24                  **MR. MARSHALL:  I think we'll have**
25         **the transcript of Dr. Haney by the middle of**

1              April, right?
2                      MS. WALKER:  Right, if not sooner.
3                      MR. MARSHALL:  And if we could have
4          45 days to file our brief.
5                      THE COURT:  All right, middle of
6          April and then that puts you to the middle
7          of May, first of June.
8                      MR. MARSHALL:  That's fine with us.
9                      THE COURT:  So if you file the
10         defendant's post-hearing brief by June 1,
11         then the State wants how much time?
12                     MR. MAZE:  If they have 45, we'll
13         take 45.  Well, Ms. Casey has trials, so I
14         want to let her speak for herself.
15                     MS. CASEY:  I have two murder
16         trials this summer that are scheduled to go,
17         in addition to a leave of absence that I
18         will be taking.  And I'm going to work on
19         this regardless, but, I mean, it's going to
20         be -- I may have to ask for an extension.  I
21         just want to put the Court on notice now
22         that I do have a Capital Murder trial and a
23         murder trial this summer.  I intend to
24         return back to work the first of July and I
25         have two trials back to back.

```
 1                      THE COURT:  Well, let's figure out
 2            what the 45 days would be first of all.  If
 3            you had -- if they filed a June 1 brief and
 4            you had 45 days, that puts you over to mid-
 5            July.
 6                      MR. MAZE:  We could do 60 and 60,
 7            put theirs at mid-June and then that would
 8            make ours mid-August.
 9                      THE COURT:  I don't know if they
10            care.  Do you want that extra time?
11                      MR. MARSHALL:  You know, if we get
12            it we'd just -- you know, everybody writes
13            their brief in the last two days.
14                      THE COURT:  Yeah, I know.
15                      MR. MARSHALL:  I think we'll be
16            fine with 45 days, especially because I know
17            who will be writing the brief.
18                      THE COURT:  I don't mind giving the
19            State 60 days.  If they only get 45 days,
20            that doesn't mean you're married to 45 days.
21                      MR. MAZE:  That's fine with us,
22            too.  I just want to make sure Ms. Casey has
23            time to do it because she does have the
24            trial.
25                      THE COURT:  Is August 1st going to
```

1           work for you?

2                     MS. CASEY:  I'll make it work.

3                     THE COURT:  That will be all of

4           June and all of July.

5                     MS. CASEY:  I'll make it work.  I

6           start a trial July the 26th, a murder trial,

7           and then I turn around and start a Capital

8           Murder trial August the 16th that we know

9           for sure will be --

10                    THE COURT:  Here's what I want to

11          do.  I want to leave it set for August the

12          1st.  If there is a hardship that you have,

13          I'll be open to considering an extension of

14          that if we need to.

15                    MS. CASEY:  Okay.  I'll do my best

16          to make the deadline.

17                    THE COURT:  You just need to ask me

18          for the extension and maybe talk to them

19          about it before you call me.  But don't wait

20          until the last minute to ask for an

21          extension, if you see there is going to be a

22          need for an extension.

23                    MS. CASEY:  I should know by June

24          2nd if I'll need the extension.

25                    MR. MARSHALL:  Just one last thing,

```
 1              too, Judge, and we'll probably put this as
 2              the first footnote in our brief, but I would
 3              like to say for the record is that our
 4              understanding is that this brief should in
 5              essence summarize what we understand to be
 6              the facts and the law that entitle Mr. Gavin
 7              relief on his ineffective assistance of
 8              counsel claim.  There are numerous claims
 9              that we have raised that the Court has
10              already ruled on.
11                   THE COURT:  That's correct.
12                   MR. MARSHALL:  And for purposes of
13              appeal, we do not intend to waive any of
14              those claims so that our briefing will be
15              limited to the ineffective assistance of
16              counsel.
17                   THE COURT:  I understand that and
18              you've actually raised a point that I wanted
19              to discuss on the record.  There was one
20              document that I was not able to put my hands
21              on.  Never mind.  I do have it.  So I've got
22              it.  I think I maybe over-organized this
23              file.
24                   MR. MAZE:  Just to put the Court
25              and the defense or petitioner on notice, the
```

```
 1                State's general practice is in lieu of a
 2           brief, what we submit is a proposed Order
 3           that addresses all issues in the petition
 4           with law and the facts, and we submit it on
 5           a disc for the Court, you know, if you want
 6           to use any part of it, et cetera, and we
 7           would supply the same to the petitioner and
 8           we don't have any objection to him creating
 9           a proposed Order in the same way and giving
10           it to the Court.  We found that works easier
11           for the Court.
12                THE COURT:  Well, that's fine.  And
13           I will appreciate receiving a proposed
14           Order.  I will tell you that I often ask for
15           lawyers to prepare proposed Orders in cases.
16                MR. MAZE:  Yes, sir.
17                THE COURT:  And I've been doing
18           this for almost 30 years and in 30 years I
19           have probably only signed maybe a half a
20           dozen.
21                MR. MAZE:  Understood.
22                THE COURT:  So you will spend a lot
23           of time on a proposed Order that I probably
24           will not sign.
25                MR. MAZE:  We like that because it
```

1           shows that you have, I mean, a lot of times
2           we get --
3                    THE COURT:  Well, I'm sure I'll
4           benefit from it, but I just don't want you
5           to assume that even if I ruled with you on
6           this that I would sign the Order that you
7           submit.
8                    MR. MAZE:  No, sir, there is no
9           assumption at all, it's just done for the
10          benefit of the Court, it's just what we
11          would propose, it's not anything that we ask
12          the Court to sign wholesale, in fact, we
13          don't.  I mean, we ask the Court to review
14          it and come to the Court's own conclusions.
15                   THE COURT:  And how ever you decide
16          you want to do it, if you want to submit a
17          proposed Order, that will be helpful, also.
18          How ever you decide you want to do it is
19          fine.  Your input in whatever form you
20          choose will be helpful.  Anything else?
21                   MR. MARSHALL:  No, Your Honor.
22                   THE COURT:  Anything else?
23                   MR. MAZE:  No, sir.
24                   THE COURT:  We stand adjourned.
25          Thank you.

1                    (The proceedings were concluded at

2           this time)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| State of Alabama<br>Unified Judicial System<br>SAMPLE<br>Form ARAP 13     Rev. 6/98 | **CERTIFICATE OF COMPLETION**<br>**REPORTER'S TRANSCRIPT** | Page Number<br><br>671 |
|---|---|---|

**TO:** **The Clerk of the Court of Criminal Appeals**     **Fax: (334) 242-4689**
       **P. O. Box 301555**
       **Montgomery, Alabama 36130-1555**

**Criminal Appeals Case Number**     **CR** 10 - 1313

KEITH EDMUND GAVIN        **v.** STATE OF ALABAMA
**Appellant's Name**                            **Appellee**

On appeal from the: [X] Circuit Court of
                   [ ] District Court of    Cherokee     County
                   [ ] Juvenile Court of

**Trial Court Case Number** CC-98-61.60 and CC-98-62.60

**Notice of Appeal Date** May 24, 2011

I, Trina S. Tallent _____, certify that I have this date completed and filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceedings in the above referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order. The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and the testimony of the witnesses. The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice. The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

Done this the 19th day of July, 2011 _____, _____.

_signature_
Court Reporter

**FILING AND SERVICE OF THIS FORM:** Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy of this certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on counsel for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and the district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served on the municipal prosecutor rather than the attorney general and district attorney.

| State of Alabama<br>Unified Judicial System<br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>CR-10-1313 |
| --- | --- | --- |

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: | May 25, 2011 |
| --- | --- | --- |

**APPELLANT**

Keith Edmund Gavin

v. STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of _____ pages) ( __17__ volumes of 200 pages each and one volume of __149__ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___31st___ day of ___August___, __2011__ .

/s/   Dwayne Amos
_____
Circuit Clerk

| | |
|---|---|
| Appeal Cover | 1 |
| Case Action Summary CC-98-61.60 | 2 – 10 |
| Case Action Summary CC-98-62.60 | 11 – 20 |
| Petition for Relief from Judgment Pursuant to Rule 32 (filed 5-26-05) | 21 – 36 |
| Motion to Proceed in Forma Pauperis | 37 – 42 |
| Order Granting Motion to Proceed in Forma Pauperis | 43 |
| State's Motion for More Definite Statement | 44 |
| Order | 45 |
| Petition for Relief from Judgment Pursuant to Rule 32 (filed 7-19-05) | 46 – 70 |
| Notice of Appearance by Jasper Roberts | 72 – 72 |
| State's Motion for Enlargement of Time | 73 – 75 |
| State's Motion for Additional Time | 76 – 79 |
| Order of 8-30-05 | 80 |
| State's Answer and Motion to Dismiss Gavin's Rule 32 Petition | 81 - 176 |
| Petitioner's Response to State's Motion to Dismiss | 177 – 190 |
| Motion for Discovery of Institutional Files, Prosecution Files, etc. | 191 – 209 |
| Order Setting Hearing 12-20-05 | 210 |
| Order to Transport | 211 – 212 |
| Order Setting Hearing on Motions | 213 |
| State's Response | 214 – 220 |
| Order to Transport | 221 – 222 |
| State's Addition to It's Response to Gavin's Motion for Discovery | 223 – 238 |
| Letter to Judge | 239 |
| Pro Hac Vice Application for Melanie Walker | 240 - 244 |
| Motion to Admit Melanie Walker Pro Hac Vice | 245 - 256 |
| Order of 12-16-05 Vacating Order to Transport | 257 - 258 |
| Verified Application for Admission to Practice for Leigh Fraiser | 259 –268 |
| Motion to Admit Leigh Fraiser Pro Hac Vice | 269 – 270 |
| Order Granting Pro Hac Vice Admission of Melanie Walker | 271 |
| Order dated 6-19-06 | 272 – 294 |
| Letter to Judge | 295 – 296 |
| Amended Petition for Relief from Judgment Pursuant to Rule 32 | 297 – 500 |
| State's Answer and Motion to Partially Dismiss Rule 32 Petition | 501 – 547 |
| Petitioner's Opposition to State's Motion to Partially Dismiss Rule 32 | 548 –572 |
| Order of 1-4-07 | 573 – 588 |
| Petitioner's Motion for Clarification of the Court's Order of 1-4-07 | 589 – 591 |
| Order of 2-5-07 | 592 |
| State's Response to the Court's Order of 1-4-07 | 593 – 609 |
| Petitioner's Motion for Discovery | 610 – 618 |
| State's Response to Petitioner's Motion for Discovery | 619 – 632 |
| Petitioner's Unopposed Motion to Extend Time | 633 – 636 |
| Reply in Support of Petitioner's Motion for Discovery | 637 – 643 |
| Order of 6-15-07 | 644 |
| Order of 7-10-07 | 645 |
| Unopposed Motion to Admit Matthew Lyon Pro Hac Vice/Application | 646 – 652 |
| Order Granting Application for Pro Hac Vice on Matthew Lyon | 653 |
| Motion for Commission to Authorize Subpoena for Deposition Of Out of State Witness | 654 – 659 |

| | |
|---|---:|
| Petitioner's Unopposed Motion to Extend Time | 660 – 661 |
| State's Motion/Opposing Counsel to Begin Serving State with Filings | 662 – 670 |
| Petitioner's Response to State's Objection for Out of State Subpoena | 671 – 681 |
| Order Extending Time to File Written Submission | 682 |
| Commission to Authorize Subpoena for Deposition | 683 |
| Order of 9-21-07 | 684 – 687 |
| Brief and Written Evidentiary Submissions/Support of Amended Rule 32 | 688 – 1161 |
| Appendix "A" to Exhibit II | 1162 – 1185 |
| State's Motion for Additional Time to Respond | 1186 – 1190 |
| State's Motion for Access to Gavin | 1191 – 1193 |
| Order of 12-6-07 | 1194 |
| Petitioner's Opposition to State's Motion for Access to Gavin | 1195 – 1198 |
| State's Motion to Set Date for Evidentiary Hearing | 1199 – 1207 |
| Notice of Appearance by Pamela Casey | 1208 – 1209 |
| State's Brief | 1210 - 1350 |
| State's Objection /Motion to Strike Gavin's Un-notarized Statement | 1351 – 1356 |
| State's Objection/Motion to Strike Petitioner's Exhibit "O" | 1357 - 1361 |
| State's Objection/Motion to Strike Petitioner's Exhibit "P" | 1362 – 1366 |
| State's Objection/Motion to Strike Petitioner's Exhibit "Q" | 1367 – 1371 |
| State's Objection/Motion to Strike Petitioner's Exhibit "R" | 1372 – 1377 |
| State's Objection/Motion to Strike Petitioner's Exhibit "S" | 1378 – 1382 |
| State's Objection/Motion to Strike Petitioner's Exhibit "T" | 1381 – 1388 |
| State's Objection/Motion to Strike Petitioner's Exhibit "I.I." | 1389 – 1395 |
| State's Objection/Motion to Strike Petitioner's Exhibit "J.J." | 1396 - 1401 |
| Exhibit's to State's Evidentiary Submissions Volume 1 through 5 | 1402 - 2495 |
| Petitioner's Motion for Order Scheduling Petitioner's Response and Granting Leave to File a Reply | 2496 - 2500 |
| Petitioner's  Response to State's Objections and Motions to Strike Exhibit's  T, I.I. and J.J. to Petitioner's Brief/Evidentiary Submission | 2501 – 2516 |
| Petitioner's  Response to State's Objections and Motions to Strike Exhibit's  O, P, Q, R and S to Petitioner's Brief/Evidentiary Submission | 2517 – 2546 |
| Petitioner's Reply to the State's Brief of 6-9-09 | 2547 – 2562 |
| Notice – Withdrawal of Jasper Roberts/Appearance of Clayton Crenshaw | 2563 – 2564 |
| Order of 3-24-09 | 2565 – 2570 |
| Order of 8-5-09 | 2571 – 2576 |
| Order of 9-29-09 Setting Hearing | 2577 |
| Petitioner's Motion to Admit Testimony / Dr. Craig Haney by Deposition | 2578 – 2582 |
| Petitioner's Motion in Limine to Preclude Testimony by Dr. Glen King | 2583 – 2588 |
| State's Objection to Motion to Admit Testimony of Dr. Craig Haney | 2589 – 2593 |
| Petitioner's Reply in Support of Motion to Admit Testimony of Dr. Craig Haney | 2594 – 2598 |
| Order of 1-12-10 | 2599 - 2600 |
| Letter of 1-11-10 | 2601 - 2602 |
| Letter of 1-25-10 | 2603 |

| | |
|---|---:|
| Letter of 1-28-10 | 2604 |
| Letter and Proposed Order | 2605 – 2608 |
| Petitioner's Notice of Supplemental Authority in Support of Petition | 2609 – 2621 |
| Verified Application for Admission to Practice for Caroline Schiff | 2622 – 2627 |
| Petitioner's Motion to Reconsider Production of Kenneth Webb's Notes/Tapes from Interview of Gavin | 2628 – 2632 |
| Petitioner's Motion for Leave to Amend His First Amended Rule 32 and To File a Second Amended Petition | 2633 – 2637 |
| Second Amended Petition for Relief from Judgment Pursuant to Rule 32 | 2638 – 2700 |
| State's Objection to Gavin's Motion for Leave to Amend | 2701 – 2704 |
| Petitioner's Reply to State's Objection for Leave to Amend | 2705 – 2709 |
| Letter of 4-21-10 | 2710 |
| Petitioner's Post Hearing Brief in Support of Second Amended Petition | 2711 – 2952 |
| Petitioner's Motion for Leave to File Affidavit of S. J. Johnson | 2953 – 2958 |
| Motion for Enlargement of Time | 2959 – 2961 |
| Order Granting Enlargement of Time | 2962 – 2965 |
| Letter of 8-13-10 | 2966 |
| Order of 8-17-10 | 2967 – 2975 |
| Petitioner's Motion to Consider Supplemental Authority | 2976 – 2986 |
| Petitioner's Motion for Clarification | 2987 – 3483 |
| Order of 4-18-11 | 3484 – 3526 |
| Notice of Appeal | 3527 - 3529 |
| Docketing Statement | 3530 – 3531 |
| Docketing Statement – Attachment | 3532 – 3535 |
| Court Reporter's Transcript Order | 3536 |
| Notice to Court of Criminal Appeals by Trial Court Clerk | 3537 |
| Notice of 6-3-11 from Court of Criminal Appeals | 3538 |
| Notice of 6-3-11 from Court of Criminal Appeals | 3539 |
| Letter of 6-3-11 from Court Reporter Lisa D. Hall | 3540 |
| Motion for Extension of Time to Trial Judge and Order Granting | 3541 |
| Order of 7-26-11 from Court of Criminal Appeals | 3542 |
| Request to Court of Criminal Appeals for Extension of Time | 3543 |
| Order of 8-5-11 from Court of Criminal Appeals | 3544 |
| Order of 8-5-11 from Court of Criminal Appeals Granting Extension | 3545 |